Shannon Carter #70773
P.O. Box 650
Indian Springs N.V. 89070
Pro-se

FILED ___  ENTERED ___  RECEIVED ___  SERVED ON ___
COUNSEL/PARTIES OF RECORD
OCT - 3 2018
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Shannon Carter,
    Plaintiff

Case No. 2:17-CV-01628-RFB-GWF

BRIEF IN SUPPORT OF PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

Vs.

S. Bean et al...,
    Defendant

### STATEMENT OF THE CASE.

This is a 1983 action filed by a prisoner at High Desert state Prison seeking damages, a declaratory Judgment, and Injunctive relief based on Deliberate and Indifferent to Plaintiffs Serious medical need in Violation of the 8th amendment, Retaliation 1st amendment, 14th Due Process and 14th Equal Protection. In this motion the Plaintiff seeks Summary Judgment on his claims arising from interferring with perscribed treatment Delaying and failing, denining medical treatment Resulting in unecessary wanton infliction of Pain I.E. Bleeding gums, Swelling Jaw chipping tooth and "excruicating Pain" for over a year and ½.

### STATEMENT OF FACTS.

As set forth in the accompanying declaration of the Plaintiff, Shannon Carter he was Denied medical treatment on 2/1/17 resulting in being Subjected to over a year and a ½ of unecessary wanton infliction of Pain Due Solely to the interference delay and refusual of medical treatment by HDSP Deortal program.

(1 of 5)

ARGUMENT.

POINT I

THE CONDUCT OF NDOC HDSP DENTAL PROGRAM AND ALL NAMED DEFENDANTS WAS DELIBERATE AND INDIFFERENT TO PLAINTIFFS SERIOUS MEDICAL NEEDS IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION.

The Eighth Amendment to the U.S. Constitution gives convicted inmates the right to adequate medical care. The Supreme court first recognized that inmates have a right to medical care in 1976, in Estelle V Gamble.

"Officials Knowledge of Need"

A. DELIBERATE and INDIFFERENT TO PLAINTIFFS SERIOUS MEDICAL NEEDS on 4/21/16 The Defendants determined Plaintiff had (3) teeth inwhich warranted treatment from 4/21/16 till now Plaintiff has informed the defendants of Pain, Chipping teeth, and need and want for treatment through Grievances, kites, TRO; Face to face Run-ins, Scheduled appt. State Complant 1983, Federal Complaint 1983 Ex....... Jett V. Penner, 439 F.3de 1091-1098 (9th Cir. 2006) (letter from inmates about his medical conditions put warden and doctor on notice) Reed V. McBride, 178 F.3d 849, 854 (7th Cir. 1999) inmates three letters of complaint put officials on notice of his medical problem

"Serious Medical Need"

B. DELIBERATE AND INDIFFERENT TO PLAINTIFFS SERIOUS MEDICAL NEEDS

NDOC HDSP Medical Physician determined Plaintiff needed treatment to (3) teeth. While the Supreme Court has not yet addressed this, lower courts have defined "serious" in two different ways. The first definition states that a medical need is "serious" when it has been diagnosed by a physician as mandating treatment or... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" Hill V. DeKalb Regional Youth Detention Ctr., 40 F.3d 1176 1187 (11th Cir 1994) A lay person is someone from ordinary life.

(2 of 5)

"Failure to Provide Treatment"

C. DELIBERATE AND INDIFFERENT TO SERIOUS MEDICAL NEEDS

In the instant case NDOC Placed Plaintiff on dental Sick call list for perscribed medical treatment NDOC Polices and Procedures requires inmates recommed/Scheduled medical treatment to (1) Be treated for recommend/Scheduled treatment or (2) Sign Release of liability form. Plaintiff has not been given either one by NDOC resulting in the denial Interfering and Delay of medical treatment. The Supreme Court wrote that the Constitution Prohibits officials from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle V. Gamble, 429 U.S. at 104-05 Lancaster V. monroe County, 116 F.3d at 1425 clearly established that an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but fails or refuses to obtain medical treatment for the inmate.

"Causation and Injury"

D. DELIBERATE AND INDIFFERENT TO SERIOUS MEDICAL NEEDS

In the instant case the defendants determined that Plaintiff had (3) infected teeth that warranted treatment. Plaintiff has informed the defendants of Bleeding gum, Swolling Jaw, High Blood Pressure, Stress, two Attempts of suicide and Chiping teeth due to decayings from left in Plaintiffs mouth for over a year and a 1/2 Subjecting Plaintiff to Substatitial, "Extraordinary" "unnecessary and wanton infliction of Pain" Chance V. Armstrong, 143 F.3d 698, 703 (2d Cir 1998)(as a result of officials alleged failure to treat cavity, inmate suffered extreme Pain, his teeth deteriorated, and he has been unable to eat properly") Moore V. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997)(It took from April 1994 until December 1994 for inmate to receive adequate treatment for a toothache. The toth became infected and ultimately required extraction Something appears wrong with the dental care system") Boyd V. Knox 47 F.3d 966, 969 (8th Cir. 1995) officials failed to send referal for dental care for (3) three weeks after observing inmate's swollen, infected and painful mouth, "a three week

1  delay in dental care, coupled with knowledge of the inmate-patients suffering
2  can support a finding of an Eighth amendment Violation.) Patterson V. Pearson,
3  19 F.3d 439, 440 (8th Cir. 1994)(holding that one-month delay in treatment of
4  infected tooth and swollen jaw could be a violation.)
5     In the absence of medical treatment and Doc-2523 Release of liability
6  form on 2/1/17 coupled with the knowledge of a serious medical need extreme
7  Pain and chipping teeth of Plaintiff the defendants action amounted to intentionally
8  interfering with perscribed treatment delaying and refusing Plaintiff medical
9  treatment in Violation of the 8th amendment Right to the U.S. Constitution
10 as a matter of law.

## Point II

### DEFENDANTS THAT DIDN'T DIRECTLY VIOLATE PLAINTIFFS RIGHTS ON 2/1/17 ARE LIABLE FOR DELIBERATE AND INDIFFERENTS TO PLAINTIFFS SERIOUS MEDICAL NEEDS BY REASON OF THEY'ER FAILURE TO CORRECT THEM ON Judicial AND ADMINISTRATIVE APPEAL'S

17     Although with the exception of defendant S. Bean and Dr. Bitar the remaining
18 defendants didnt violate Plaintiffs 8th amendment Rights on 2/1/17 but became responsible
19 for them when they failed to correct them in the course of thier Supervisory responsibilities
20 and affirmed the arbitrary actions in which interfered, delayed and denied Plaintiff
21 medical treatment to / Serious medical need in which they determined warranted
22 treatment. Hicks V Frey, 992 F.2d 1450, 1455 (6th Cir. 1993)(noting that an official
23 may be held liable for failure to supervise and control subordinates even though the
24 official was not directly involved in the specific incident of misconduct) In particular,
25 wardens and other high-level prison officials who are designated to decide appeals
26 have the duty to conduct at least a "minimal investigation" when confronted with evidence
27 of due process violations, and they may be held liable for failing to perform this duty. Siva V.
28 morton, 380 F.3d 57, 80 (2d Cir. 2004)

Wright V. Smith, 21 F.3d 496, 502 (2nd Cir. 1994) Holding that a Supervisor may be held personally responsible for the deprivation of constitutional rights if, inter alia, the Supervisor (a) is aware of the deprivation and fails to remedy it or (b) created, or allowed to continue, a Policy in which unconstitutional practices occurred.)

It cannot be argued that the defendants did not learn of the Deliberate and Indifferent action of HDSP Dental Program Interfering, Delaying, and refusing to treat Plaintiff's serious medical needs in this case all apparent from the documents created in the course of Plaintiff seeking medical treatment to the very teeth the defendant determined warranted treatment over 2½ years ago but have "yet" to treat. Nor can it be argued that this is merely a case of "Knowledge and acquiescence" in a Subordinate's Violation, which may not itself Violate the Constitution. See Ashcroft V. Iqbal, ___ U.S. ___, 129 S.CT. 1937, 1949 (2009) This is a case where the defendants had a personal "obligation, responsibility and a Job to do, and they did not do it", and thier failure to do thier Job was "so likely to result in the Violation of the inmates constitutional rights is sufficient to establish liability under 42 U.S.C. 1983. Jett V. Penner, 439 F.3d 1091, 1098 (9th Cir 2006) (Prison administrators "are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help") Thompson V. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir 2001) Aswegan V. Bruhl, 965 F.2d 676, 677 (8th Cir 1992)

## Conclusion

For the foregoing reasons, the Court should grant partial Summary Judgment on liability to the Plaintiff on his Deliberate and Indifference to Serious medical needs claims. The amount of damages due to the plaintiff must be determined at trial. Patterson V. Coughlin, 905 F.2d 564, 570 (2d Cir. 1990)

Respectfully Submitted,

Shannon Carter

Shannon Carter #70773
P.O. Box 650
Indian Springs NV, 89070.

Dated this 1st day of October, 2018