1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

7
8
9
10
11
12
13

SHANNON CARTER,

               Plaintiff,

    v.

S BEAN, et al.,

               Defendants.

Case No. 2:17-cv-01628-RFB-GWF

**SCREENING ORDER**

14
15
16
17
18

      Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983. The Court now screens Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.

19
20

**I.     PROCEDURAL BACKGROUND**

21
22
23
24
25
26
27
28

      Plaintiff commenced this case by filing a motion for leave to proceed *in forma pauperis* on June 9, 2017 and attaching his complaint as an exhibit. ECF No. 1-1.The Court deferred a decision on the application for *in forma pauperis* so that Plaintiff and Defendants could participate in an inmate early mediation conference. ECF No. 4 On September 14, 2018, the inmate early mediation conference was held and settlement was not reached. ECF No. 8. The Court granted the application to proceed *in forma pauperis* on September 27, 2018. Plaintiff filed motions for a temporary restraining order, preliminary injunction, and appointment of counsel on September 28, 2018. ECF / / /

Nos. 11, 12, 13. Plaintiff also filed his amended complaint on that day. ECF No. 14. Plaintiff also filed a motion for summary judgment. ECF No. 18.   On October 10, 2018, the Court denied Plaintiff's motion for a temporary restraining order, motion for a preliminary injunction, motion for summary judgment, and motion for appointment of counsel without prejudice. ECF No.33.

## II.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915A(b)(1),(2).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court must accept as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff.  See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

## III.     SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP).  Plaintiff sues Defendants Scherrie Bean, Dr. Bitar, Jennifer Nash, James Dzurenda, B. Williams, Romeo Aranas, Buencamino, L. Stewart, Jerry

Howell, NDOC Municipal, NDOC Medical Provider Municipal and John Doe Dental Insurance Company.  ECF No. 14.   He alleges four counts and seeks punitive and compensatory damages.  Id.

### A.  Alleged Facts

Plaintiff's amended complaint alleges the following: Plaintiff had an infected tooth in his mouth for over a year. On or about February 2, 2017, Plaintiff was placed on the HDSP dental sick call list to be treated for an infected tooth. Upon arrival to Dental, Defendant Bitar, the HDSP dentist, asked why he was there. Before he could answer, the dental assistant, Defendant Bean, stated "That's the cry baby who filed a lawsuit on me!"  Defendant Bitar then said that they do not treat inmates who try to file lawsuits against them.  Plaintiff told Bitar that he was in a lot of pain and had been unable to sleep and eat regularly for months.    Defendant Bean then stated that her husband was a lieutenant at HDSP and that Plaintiff did not know what pain was yet.  Plaintiff told Defendant Bitar that the previous dentist had told Plaintiff that he had an infected tooth that needed treatment, and he asked Defendant Bitar if he was going to treat Plaintiff.  Defendant Bitar responded by asking Plaintiff if he was going to drop the lawsuit.  When Plaintiff said "no," Defendant Bitar responded by saying that he would not treat Plaintiff.  Defendant Bean then stated, "Go back to your unit when you can't take the paint you'll be back!" Plaintiff was then escorted out of medical.

Plaintiff filed a grievance regarding the retaliation and denial of medical care that he had experienced on February 2, 2017 and stating that he was still in extreme pain. The grievance clearly stated the ongoing constitutional violation and need to be treated.  Defendant Nash improperly rejected his grievance as untimely and failed to inform Dental of the need to provide Plaintiff with medical care.  Plaintiff then filed complaints in state court and in federal court, but the state court

could not understand HDSP/NDOC policies and procedures and believed Defendant Bitar's testimony that Plaintiff had never requested treatment on February 1, 2017. On July 16, 2017 Plaintiff informed the HDSP warden, B. Williams of his failure to receive dental treatment. Plaintiff later saw the HDSP warden a few weeks later on the yard and told him that Plaintiff had not been seen by Dental yet. Defendant Williams told Plaintiff in response that "you must have really pissed them off" and walked away.

The defendants in the instant case are saying that they were not aware that Plaintiff needed and had requested treatment. However, all defendants are and were aware of Plaintiff's pain and need for treatment before February 1, 2017 and after. Defendant S. Bean was served with a summons and complaint on January 31, 2017 the day before Plaintiff's scheduled follow-up appointment. Defendant S. Bean was served again on April 7, 2017 with an amended summons and complaint informing them of the need for treatment. Defendant James Dzurenda was served a summons and complaint on April 21, 2017. Defendant Dr. Bitar states that Plaintiff did not ask for treatment on February 1, 2017 and that he could not find Plaintiff's medical chart. Plaintiff has attempted suicide twice since February 1, 2017 by taking large amounts of pain pills due to excruciating pain.

**B.  Count I: Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.  Farmer v. Brennan, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute

cruel and unusual punishment—and a subjective standard—deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837; see also Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). To satisfy the deliberate indifference prong, a plaintiff must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096.  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted).  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further harm.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff has stated colorable claims for deliberate indifference to serious medical needs against Defendants Bean, Bitar, Nash, and Williams.  The complaint alleges a serious medical need, which is an infected tooth causing ongoing significant pain and disrupting Plaintiff's eating and sleeping.  In addition, the complaint adequately alleges deliberate

indifference by Defendants Aranas, Buencamino, Stewart, Howell and Dzurenda.  As alleged, these defendants all knew that Plaintiff had a painful infected tooth that needed treatment, but nevertheless refused to give Plaintiff that treatment.  Therefore, this claim will go forward against those Defendants.

However, the Court dismisses with prejudice the claim against NDOC Municipal and NDOC Medical Provider. The NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. See Doe v. Lawrence Livermore Nat. Lab., 131 F.3d 836, 839 (9th Cir. 1997). The Court also dismisses with prejudice Plaintiff's claims against John Doe Dental Insurance Company. Plaintiff has alleged no facts establishing that John Doe Dental Insurance Company is a person acting under color of law. West, 487 U.S. at 49.

### C.  Count II: Due Process Violations Under the Fourteenth Amendment

A prisoner may assert a Fourteenth Amendment substantive due process claim if the prisoner can show that the deliberate indifference of prison officials to medical needs of the prisoner "shocks the conscience." Lemire v. Cal. Dep't Corrs. & Rehab., 726 F.3d 1062, 1075 (9th Cir. 2013). "A prison's official's deliberately indifferent conduct will generally 'shock the conscience' so long as the prison official had time to deliberate before acting or failing to act in a deliberately indifferent manner." Id. at 1075. The Court finds that Plaintiff has stated colorable substantive due process violations against Defendants Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda. Assuming Plaintiff's alleged facts are true, each of the above-named defendants would have had time to deliberate before failing to respond to Plaintiff's serious medical needs. Therefore, this claim will go forward against those Defendants.

The Court dismisses this claim with prejudice against Defendants NDOC Municipal, NDOC Medical Provider, and John Doe Dental Insurance Company, for reasons previously stated.

1

2

**D.  Count III: Equal Protection Violations Under the Fourteenth Amendment**

3

4

The Equal Protection Clause of the Fourteenth Amendment is essentially a directive that

5

all similarly situated persons be treated equally under the law. City of Cleburne, Tex. v. Cleburne

6

Living Ctr., 473 U.S. 432, 439 (1985). "Similarly situated" persons are those "who are in all

7

relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

8

9

When analyzing an equal protection claim under the Fourteenth Amendment, the courts

10

must first determine the appropriate level of scrutiny to be applied. If the defendants acted with

11

the intent and purpose to discriminate against the plaintiff based upon membership in a protected

12

class or substantially burden a fundamental right[2], the court will apply a strict scrutiny

13

standard. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Green v. City of

14

Tucson, 340 F.3d 891, 896 (9th Cir. 2003). If no such suspect class or fundamental rights are

15

involved, the conduct or rule must be analyzed under a rational basis test. Vill. of Willowbrook

16

17

v. Olech, 528 U.S. 562, 564 (2000).

18

In Olech, the Supreme Court explicitly addressed "whether the

19

Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the

20

plaintiff did not allege membership in a class or group." 528 U.S. at 564. The Supreme Court

21

22

ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of

23

one,' where the plaintiff alleges that she has been intentionally treated differently from others

24

similarly situated and that there is no rational basis for the difference in treatment." Id.*; see*

25

also Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 601 (2008) (recognizing that

26

an equal protection claim may be maintained in some circumstances even if the plaintiff does not

27

28

allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one' ").

The Supreme Court held that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Id.

However, although the Supreme Court has acknowledged the class-of-one theory of equal protection, it has held that the theory applies only in certain limited circumstances; it does not apply when the state actions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 603 (2008) (holding that the class-of-one theory does not apply in the public employment context); see also Towery v. Brewer, 672 F.3d 650, 660–61 (9th Cir. 2012). "[A]llowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such officials are entrusted to exercise." Engquist, 553 U.S. at 604 (recognizing that a traffic officer does not violate the Equal Protection Clause merely because the officer gives tickets to only some speeding drivers). The Supreme Court has recognized that the problem with allowing class-of-one claims to go forward in a context where government officials are necessarily making subjective, individualized decisions is that the government will be forced to defend a multitude of such claims and courts will be obliged to go through them in search of the rare needle in a haystack. Engquist, 553 U.S. at 608-09.

Thus, a person cannot state an equal protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the Plaintiff did. See Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

The Fourteenth Amendment's Equal Protection Clause also does not require that states treat all persons within their borders identically. See <u>McGowan v. Maryland</u>, 366 U.S. 420, 425 (1961) ("the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others" so long as the classification does not rest on grounds "wholly irrelevant to the achievement of the State's objective").

Furthermore, to state a "class-of-one" equal protection claim, the plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. <u>Gerhart v. Lake Cty., Mont.</u>, 637 F.3d 1013, 1022 (9th Cir. 2011).

The Court finds that Plaintiff has failed to state a colorable equal protection claim. As an initial matter, it is not clear to the Court that Plaintiff has adequately identified a similarly situated group of individuals. It is possible from the facts alleged that the similarly situated group is other individuals at HDSP who needed dental treatment, but this would not be clear on the face of the complaint. The Court thus dismisses this claim without prejudice so that Plaintiff may amend if necessary.

### E.   Count IV: First Amendment – Retaliation

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2004).  "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.  And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." <u>Id.</u>

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Id. at 568-69.

The Court finds that Plaintiff has stated a colorable retaliation claim against Defendants Bean and Bitar. According to the complaint, Defendants Bean and Bitar knew that Plaintiff had a serious dental condition that was causing him pain, but refused to treat him because of the lawsuit he had filed. As alleged, this conduct is sufficient to chill a person of ordinary firmness and did not further a legitimate penological goal. Therefore, this claim will proceed against Defendants Bean and Bitar.

**IV.      CONCLUSION**

IT IS ORDERED that Count I, alleging an Eighth Amendment claim, will proceed against Defendants Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda.

IT IS FURTHER ORDERED that Count II alleging a Fourteenth Amendment substantive due process claim against Defendants Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda will proceed.

IT IS FURTHER ORDERED that Count III alleging a Fourteenth Amendment equal protection claim is dismissed without prejudice against Defendants Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda.

IT IS FURTHER ORDERED that Count IV alleging a First Amendment retaliation claim against Defendants Bean and Bitar will proceed.

IT IS FURTHER ORDERED that all claims against Defendants NDOC Municipal, NDOC Medical Provider, and John Doe Dental Insurance Company are dismissed with prejudice as amendment would be futile.

IT IS FURTHER ORDERED that the remaining Defendants have two weeks from the date of entry of this screening order to file an answer or responsive pleading.

IT IS FURTHER ORDERED that the Motions for Screening (ECF No. 39), (ECF No. 41) and (ECF No. 43) are DENIED as moot.

DATED: September 26, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**