AARON D. FORD
  Attorney General
MATTHEW P. FEELEY (Bar No. 13336)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., #3900
Las Vegas, Nevada  89101
(702) 486-3120 (phone)
(702) 486-3773 (fax)
E-mail:  mfeeley@ag.nv.gov

*Attorneys for Defendants*
*James Dzurenda, Jennifer Nash,*
*Brian Williams, Jerry Howell,*
*Paul Bitar, Scherrie Bean,*
*and Alberto Buencamino*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER,<br><br>                    Plaintiff,<br><br>v.<br><br>S. BEAN, BITAR, and J. NASH, et al.,<br><br>                    Defendants. | Case No.  2:17-cv-01628-RFB-EJY<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED CIVIL RIGHTS COMPLAINT (ECF NO. 14)**<br><br>**JURY TRIAL DEMANDED** |

     Defendants James Dzurenda, Jennifer Nash, Brian Williams, Jerry Howell, Paul Bitar, Scherrie Bean, and Alberto Buencamino, by and through Aaron D. Ford, Attorney General for the State of Nevada, and Matthew P. Feeley, Deputy Attorney General, hereby answer Plaintiff's First Amended Civil Rights Complaint (ECF No. 14) as follows:

## A.      JURISDICTION

     1.      Defendants admit that Shannon Carter is the Plaintiff in this civil rights action. Defendants admit this Court has Jurisdiction over the matters alleged in Plaintiff's First Amended Complaint. (ECF No. 14). Defendants deny that Plaintiff presently resides at High Desert State Prison. Defendants deny that Plaintiff's civil rights were violated by

any herein responding defendants. Defendants deny that Plaintiff was located at High Desert State Prison for the entire mentioned time of February 2, 2017, through the present.

## B.    PARTIES

1.    Defendants admit Scherrie Bean was employed by the Nevada Department of Corrections (NDOC) as a Dental Assistant. Defendants deny all other allegations in this paragraph.

2.    Defendants admit Dr. Paul Bitar, (alleged in Complaint as "Dr. Bitar") was employed by the Nevada Department of Corrections (NDOC) as a Dentist. Defendants deny all other allegations in this paragraph.

3.    Defendants admit Jennifer Nash was employed by the Nevada Department of Corrections (NDOC) as an Associate Warden. Defendants deny all other allegations in this paragraph.

4.    Defendants admit James Dzurenda was employed by the Nevada Department of Corrections (NDOC) as Director. Defendants deny all other allegations in this paragraph.

5.    Defendants admit Brian Williams (alleged in Complaint as "B. Williams") was employed by the Nevada Department of Corrections (NDOC) as a Warden. Defendants deny all other allegations in this paragraph.

6.    Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made concerning Romeo Aranas in this paragraph, and therefore deny all allegations made in this paragraph.

7.    Defendants admit Alberto Buencamino (alleged in Complaint as "Buencamino") was employed by the Nevada Department of Corrections (NDOC) as a Nurse. Defendants deny all other allegations in this paragraph.

8.    Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made concerning "L. Stewart" in this paragraph, and therefore deny all allegations made in this paragraph.

9.    Defendants admit Jerry Howell was employed by the Nevada Department of Corrections (NDOC) as a Warden. Defendants deny all other allegations in this paragraph.

10.    Plaintiff has named the NDOC Municipal; however, this Court has dismissed the NDOC Municipal (ECF No. 44 at 12:3-6), and therefore no response to this paragraph is necessary.

11.    Plaintiff has named the NDOC Medical Provider; however, this Court has dismissed the NDOC Medical Provider (ECF No. 44 at 12:3-6), and therefore no response to this paragraph is necessary.

12.    Plaintiff has named the John Doe Dental Insurance Company; however, this Court has dismissed the John Doe Dental Insurance Company (ECF No. 44 at 12:3-6), and therefore no response to this paragraph is necessary.

13.    Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. §1343 (a)(3) and 42 U.S.C. § 1983. Defendants deny all other allegations within this paragraph.

## C.    NATURE OF THE CASE

1.    Defendants deny Plaintiff was denied medical treatment by Defendants related to follow up care for an infected chipped tooth. Defendants deny Plaintiff was told his treatment was dependent on the filing of a lawsuit. Defendants deny Plaintiff was denied any proper medical care. Defendants are without knowledge and lack sufficient information to form a belief about the truth of the remaining allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

## D.    CAUSE OF ACTION

1.    Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

2.    Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

3.    Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

4.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

5.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

6.     Defendants deny Defendant stated, "That's the cry baby who filed a law suit on me."

7.     Defendants deny Defendant stated, "We don't treat inmates that try to file lawsuits on us."

8.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

9.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

10.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

11.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

12.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

13.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

14.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

15.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

16.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

17.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

18.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

19.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

20.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

21.     Defendants admit that on April 6, 2017, Plaintiff filed a grievance concerning dental treatment.

22.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

///

23.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

24.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

25.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

26.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

27.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

28.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

29.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

30.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

31.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

32.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

33.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

34.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

35.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

36.     Defendants admit Plaintiff filed a TRO and Preliminary Injunction.

37.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

38.     Defendants admit they filed an Opposition to Plaintiff's TRO and Preliminary Injunction.

39.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

40.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

41.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

42.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

43.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

44.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

45.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

46.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

47.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

48.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

49.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

50.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

51.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

52.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

53.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

54.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

55.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

56.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

57.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

58.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

59.   Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

///

60.     Defendants are without knowledge and lack sufficient information to form a belief about the truth of the allegations made in this paragraph, and therefore deny all allegations made in this paragraph.

### E.     COUNT I

61.     Answering Paragraph 61, Defendants restate the answers provided therein.

62.     Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

63.     Answering Paragraph 63, Defendants restate the answers provided therein.

64.     Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

65.     Answering Paragraph 65, Defendants restate the answers provided therein.

66.     Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

67.     Answering Paragraph 67, Defendants restate the answers provided therein.

68.     Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

69.     Answering Paragraph 69, Defendants restate the answers provided therein.

70.     Defendants deny that Dr. Mangapit is even a Defendant in this matter. Defendants therefore deny all other allegations within this paragraph.

71.     Answering Paragraph 71, Defendants restate the answers provided therein.

72.     Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

73.     Answering Paragraph 73, Defendants restate the answers provided therein.

74.     Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

75.     Answering Paragraph 75, Defendants restate the answers provided therein.

76.     NDOC Municipal and NDOC Medical Provider were dismissed from this action. (ECF No. 44 at 12:3-6).

77.   Answering Paragraph 77, Defendants restate the answers provided therein.

78.   John Doe Dental Insurance Company was dismissed from this action. (ECF No. 44 at 12:3-6).

### F.   COUNT II

79.   Answering Paragraph 79, Defendants restate the answers provided therein.

80.   Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

81.   Answering Paragraph 81, Defendants restate the answers provided therein.

82.   Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

### G.   COUNT III

83.   Answering Paragraph 75, Defendants restate the answers provided therein.

84.   Plaintiff's Equal Protection Claim was dismissed from this action. (ECF No. 44 at 11:24-26).

85.   Answering Paragraph 85, Defendants restate the answers provided therein.

86.   Plaintiff's Equal Protection Claim was dismissed from this action. (ECF No. 44 at 11:24-26).

### H.   COUNT IV

87.   Answering Paragraph 87, Defendants restate the answers provided therein.

88.   Defendants deny Defendants deny they violated Plaintiff's constitutional rights. Defendants deny all other allegations within this paragraph.

### I.   RELIEF REQUESTED

1.   Defendants deny that Plaintiff is entitled to any of the relief set forth in this paragraph.

2.   Defendants deny that Plaintiff is entitled to any of the relief set forth in this paragraph.

3.   Defendants deny that Plaintiff is entitled to any of the relief set forth in this paragraph.

4.      Defendants deny that Plaintiff is entitled to any of the relief set forth in this paragraph.

5.      Defendants deny that Plaintiff is entitled to any of the relief set forth in this paragraph.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants deny any and all liability in this matter and assert the following Affirmative Defenses:

1.      Plaintiff has failed to state a claim for which relief can be granted.

2.      Plaintiff has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a) (3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220, and NRS 209.885.

3.      At all times mentioned in Plaintiff's Complaint, Defendants did not personally participate in any of the alleged violations and/or were neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

4.      Defendants are not legally responsible for the actions and/or omissions of other third parties.

5.      Defendants are entitled to qualified immunity.

6.      Defendants are entitled to discretionary act immunity.

7.      Plaintiff's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

8.      Plaintiff's claims are barred as Plaintiff has failed, refused, or neglected to take reasonable steps to mitigate his damages, therefore barring or diminishing his ability to recover.

9.      Plaintiff has failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243.

10.     Defendants held an objective good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

///

11.   There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

12.   Defendants, at all relevant times, acted with due care and circumspection in the performance of their duties.

13.   Plaintiff's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

14.   Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

15.   Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 et. seq.

16.   Defendants, at all relevant times, acted in good faith toward Plaintiff and possessed a good faith belief that Defendants were acting reasonably and that Defendants' actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

17.   Plaintiff is barred from seeking punitive damages pursuant to Nevada Revised Statute §§ 41.035 et. seq.

18.   Plaintiff is barred from seeking an award of attorney fees pursuant to 42 U.S.C. § 1988 and § 1998.

19.   Each purported claim for relief is barred by the doctrines of res judicata and/or collateral estoppel.

20.   Each purported claim for relief is barred as Plaintiff is estopped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

21.   Plaintiff's claims for relief are barred by the Statute of Limitations and/or Statute of Frauds.

22.   Defendants dispute the authenticity and admissibility of each and every exhibit referenced in the Complaint.

23.   Each purported claim for relief is barred as these answering Defendants are not legally responsible for the actions and/or omissions of other named defendants.

24.     All possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not be available after reasonable inquiry and, pursuant to Fed. R. Civ. P. 11, Defendants hereby reserve the right to amend these affirmative defenses as additional information becomes available.

25.     Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

26.     Plaintiff's claims, or parts thereof, are barred due to the fact there is no causation between the alleged facts and the damages sought in the Complaint.

27.     Plaintiff is barred from receiving costs arising under 42 USC §1988 and §1997e.

28.     Plaintiff is not entitled to prejudgment interest from the date of Plaintiff's filing of his Complaint.

29.     Plaintiff has failed to provide for any cognizable damages.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment and relief of this Court as follows:

1.     That Plaintiff take nothing by way of his Civil Rights Complaint on file herein and that the same be dismissed with prejudice;

2.     For reasonable attorney's fees and costs of suit; and

3.     For such other relief as this Court may deem just and proper.

DATED this 8th day of October, 2019.

AARON D. FORD
Attorney General


By: /s/ Matthew P. Feeley
MATTHEW P. FEELEY (Bar No. 13336)
Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on Octobet 8, 2019, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S FIRST AMENDED CIVIL RIGHTS COMPLAINT (ECF NO. 14) JURY TRIAL DEMANDED** via this Court's electronic filing system.  Parties who are registered with this Court's electronic filing system will be served electronically.  For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, addressed to the following:

Shannon Carter, #70773
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, Nevada  89070
*Plaintiff, Pro Se*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General