AARON D. FORD
  Attorney General
MATTHEW P. FEELEY (Bar No. 13336)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Ave., #3900
Las Vegas, Nevada  89101
(702) 486-3120 (phone)
(702) 486-3773 (fax)
E-mail:  mfeeley@ag.nv.gov

*Attorneys for Defendants*
*James Dzurenda, Jennifer Nash,*
*Brian Williams, Jerry Howell,*
*Paul Bitar, Scherrie Bean,*
*and Alberto Buencamino*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER, | Case No. 2:17-cv-01628-RFB-EJY |
| Plaintiff, | |
| v. | **OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| S. BEAN, BITAR, and J. NASH, et al, | **(ECF NO. 49)** |
| Defendants. | |

Defendants James Dzurenda, Jennifer Nash, Brian Williams, Jerry Howell, Paul Bitar, Scherrie Bean, and Alberto Buencamino[1], by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Matthew P. Feeley, Deputy Attorney General, hereby oppose Plaintiff's Motion for Summary Judgment (MSJ) (ECF No. 49). Defendants request that Plaintiff's MSJ be denied, or in the alternative, that Defendants be granted an extension in which to respond to Plaintiff's MSJ.

---

[1] Although Plaintiff brought his MSJ against additional defendants, specifically Romeo Aranas and L. Stewart, they have not yet appeared in this case. Undersigned counsel brings this opposition for Defendants James Dzurenda, Jennifer Nash, Brian Williams, Jerry Howell, Paul Bitar, Scherrie Bean, and Alberto Buencamino only.

This opposition is based on the following Memorandum of Points and Authorities and the papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Shannon Carter (Carter) is an inmate incarcerated in the Nevada Department of Corrections (NDOC), and is currently housed at Southern Desert Correctional Center (SDCC). Carter filed an Amended Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Complaint) for events that allegedly occurred while Carter was housed at High Desert State Prison (HDSP). ECF No. 14. This Court issued its Screening Order on September 26, 2019. ECF No. 44.

Carter has alleged that he "had an infected tooth in his mouth for over a year" and Defendants failed to treat him. ECF No. 44 at 4:6-7. The entirety of Carter's allegations revolve around Carter's claims that he was not provided the proper dental treatment. Carter has since received the requested dental treatment, and the only remaining issue here is Carter's claim for the time he allegedly went without the treatment.[2]

In its Screening Order, the Court allowed to proceed Carter's:

1) Eighth Amendment claim against Defendants Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda;

2) Fourteenth Amendment substantive due process claim against Defendants Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda; and

3) First Amendment retaliation claim against Defendants Bean and Bitar.

ECF No. 44 at 11:18 – 12:2.

In summary, the Court allowed Plaintiff to proceed with his various claims against (1) Bean, (2) Bitar, (3) Nash, (4) Williams, (5) Aranas, (6) Buencamino, (7) Stewart, (8) Howell, and (9) Dzurenda. Additionally, this Court ordered "Defendants have two

---

[2] *See*, ECF 34 (filed under seal). The Court granted Plaintiff's preliminary injunction requesting immediate dental treatment. All treatment was provided, and Defendants filed a notice of compliance stating as much.

weeks from the date of entry of this screening order to file an answer or responsive pleading." ECF No. 44 at 12:7-9.

Previously, on October 31, 2018, undersigned counsel filed a Notice of Acceptance of Service on behalf of (1) Jennifer Nash (Nash), (2) Dr. Paul Bitar (Bitar), (3) Scherrie Bean (Bean), (4) James Dzurenda (Dzurenda), (5) Brian Williams (Williams), (6) Alberto Buencamino, (Buencamino), and (7) Jerry Howell (Howell). ECF No. 36 at 1:24 -2:4. Service was not accepted on behalf of (1) Romeo Aranas, or (2) L. Stewart. *Id*. at 2:5-2. Additionally, and pursuant to the Screening Order On October 8, 2019, Defendants (1) Nash, (2) Bitar, (3) Bean, (4) Dzurenda, (5) Williams, (6) Buencamino, and (7) Howell filed their Answer. ECF No. 45.

Neither Romeo Aranas, nor L. Stewart have appeared in this action. There is no indication that these defendants have even been served. Undersigned counsel does not represent these defendants in this action and does not respond for them here.

On October 24, 2019, this Court issued a Scheduling Order, setting the following dates:

- Deadline to join additional parties or amend pleadings – December 23, 2019
- Discovery must be completed – January 21, 2020
- Discovery motions deadline - February 5, 2020
- Motions for Summary Judgment deadline - February 20, 2020

Joint Pretrial Order due **30 days** after the date for filing motions for summary judgment or 30 days after decision of any pending dispositive motion or until further order of the Court. ECF No. 47.

Just under two weeks later, on November 5, 2019, Carter filed his present MSJ. ECF No. 49.

Defendants hereby Oppose Plaintiff's MSJ.

///
///
///

## II. ARGUMENT

Carter's motion should be denied for the following reasons.

### A. Carter's MSJ Is Brought Against Non-Parties And Is Unclear As To Why Summary Judgment Should Be Granted As To Each Individual Defendant

Carter has brought his MSJ "[p]ursuant to Rule 56, Fed. R. Civ. P." and "requests this court to grant him Summary Judgment as to the liability of Defendants Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell, and Dzurenda." ECF No. 49 at 1. In Carter's Brief in Support of Plaintiff's Motion for Summary Judgment he writes "he first informed the defendants of his need for dental treatment on February 20, 2016" ECF No. 49 at 84. Throughout Carter's MSJ, he refers to the "defendants" and alleges that they are liable for the claims brought.

However, as discussed above, Aranas and L. Stewart are not parties in this matter and undersigned counsel does not respond for them here. Carter however continues to litigate this action as if these individuals were part of it, as he has brought his MSJ against them.

Throughout Plaintiff's MSJ he discusses the "defendants"; however, Carter is apparently referring to all of the named defendants, to include the ones who are not actually a party to this action. Carter additionally filed a Declaration in Support of Plaintiff's Motion for Summary Judgment. ECF No. 49 at 2-5. Although Carter makes certain allegations against specific Defendants, he attributes each individual defendant's knowledge to all of the other defendants, to include Aranas and L. Stewart, neither of whom are a party to this case. Carter is alleging that he is entitled to summary judgment based on the collective actions and knowledge of the "defendants" despite two of discussed Defendants not ever appearing in this action.

Carter's MSJ should be denied as he cannot show that there is no genuine dispute as to any material facts. Carter included a Statement of what he claims to be Undisputed Facts (ECF No. 49 at 88); however, all of the "facts" refer to the "defendants" as a collective group. Carter states, for example, that "Defendant's determined that Plaintiff had a "serious

1  medical need" on "4-29-16." ECF No. 49 at 88 ¶ 2. However, nowhere in Carter's MSJ does he establish that any of the Defendants made this determination, let alone any individual Defendant.

Carter is asking that this Court grant him summary judgment against all Defendants based on the alleged collective actions of the non-party Defendants Aranas and L. Stewart. Summary judgment should be denied as Carter has not even specified what material facts even apply to which defendants.

### B. Carter's MSJ Is Premature

Although Fed. R. Civ. P. 56(b) allows for a party to file a motion for summary judgment at any time until 30 days after the close of all discovery, a decision on Plaintiff's MSJ would be premature. Fed. R. Civ. P. 56(d) states:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

As discussed above, discovery is still open in this matter as the deadline to complete discovery is January 21, 2020. Neither party has yet to serve discovery requests on the other; however, there is still sufficient time to do so. At this time, Defendants do not have and cannot present facts essential to justify its opposition and pursuant to Fed. R. Civ. P. 56(d) and this Court should deny Plaintiff's MSJ, or allow for the taking of discovery and allow for an extension in which to reply to the present MSJ until February 20, 2020, the current deadline to file MSJs. ECF No. 47.

This would be consistent with the Court's prior Order. On October 3, 2018, Carter filed his first MSJ in this matter. ECF No. 18. This Court denied that MSJ, ordering, "IT IS FURTHER ORDERED that Plaintiff Shannon Carter's [18] Motion for Summary Judgment is DENIED without prejudice as premature and until discovery has been completed." ECF No. 33. Carter's MSJ is still premature as discovery has still not been completed.

## III. CONCLUSION

Carter's MSJ should be denied as he has failed to show that there is no genuine dispute as to any material fact as to any of the Defendants within this matter. Carter has instead attempted to rely on allegations he has made against non-party Defendants and to then claim that collectively, the "defendants" are liable. Additionally, Plaintiff's motion was brought prematurely as discovery is still being conducted and the MSJ deadline is February 20, 2020. In the alternative, if Carter's MSJ is not denied, Defendants should be given until February 20, 2020, to respond.

DATED this 26th day of November, 2019.

AARON D. FORD
Attorney General

By: /s/ Matthew P. Feeley
MATTHEW P. FEELEY (Bar No. 13336)
Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on November 26, 2019, I electronically filed the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 49)** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, addressed to the following:

Shannon Carter, #70773
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, Nevada  89070
*Plaintiff, Pro Se*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General