1  AARON D. FORD
     Attorney General
2  Wade J. VanSickle (Bar No. 13604)
     Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-3216 (phone)
   (702) 486-3773 (fax)
6  Email: wvansickle@ag.nv.gov

7  *Attorneys for Defendants Scherrie Bean, Paul Bitar,*
   *Alberto Buencamino, James Dzurenda, Jerry Howell,*
8  *Jennifer Nash, and Brian Williams*

9

10              **UNITED STATES DISTRICT COURT**

11                 **DISTRICT OF NEVADA**

12  SHANNON CARTER,                    Case No. 2:17-cv-01628-RFB-EJY

13            Plaintiff,
                                       **DEFENDANTS' OPPOSITION TO**
14   v.                                **PLAINTIFF'S PARTIAL MOTION**
                                       **FOR SUMMARY JUDGMENT (ECF**
15  S. BEAN, BITAR, and J. NASH, *et al.*,    **NO. 49)**

16            Defendants.

17

18         Defendants, Scherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry

19  Howell, Jennifer Nash, and Brian Williams, by and through counsel, Aaron D. Ford,

20  Attorney General for the State of Nevada, and Wade J. VanSickle, Deputy Attorney

21  General, hereby submit this Opposition to Plaintiff's Partial Motion for Summary

22  Judgment pursuant to the Court's minute order dated August 26, 2020 (ECF No. 72).

23              **MEMORANDUM OF POINTS AND AUTHORITIES**

24  **I.      INTRODUCTION**

25         The Partial Motion for Summary Judgment (Partial Motion) should be denied

26  because it fails to demonstrate Plaintiff Shannon Carter (Carter) is entitled to judgment as

27  a matter of law with respect to this Eighth Amendment deliberate indifference to a serious

28

medical condition claims.[1]  The Partial Motion is premised upon inadmissible documentary evidence, Carter's speculation, and Carter's self-serving testimony that is belied by the record, all of which cannot support summary judgment.  Further, for these reasons Carter is unable to present any "genuine" issues of material facts that would preclude Defendants from obtaining summary judgment.

On the contrary, Defendants' pending Motion for Summary Judgment (ECF No. 69) sets forth undisputed facts, established by admissible evidence, that demonstrate all of the claims asserted in Carter's First Amended Complaint (FAC) fail as a matter of law.  To preserve judicial resources, Defendants incorporate their Statement of Undisputed Facts and all legal arguments presented in the pending Motion for Summary Judgment (ECF No. 69) herein, and their Opposition will focus upon proving only that the Partial Motion cannot be granted.

## A. Relevant Procedural History

This is an inmate Civil Rights action pursuant to 42 U.S.C. §1983. ECF No. 14. The Court's screening order permitted Carter to proceed on the following claims:

- Eighth Amendment deliberate indifference and First Amendment retaliation claims against former High Desert State Prison (HDPS) dental assistant Scherrie Bean (Bean) and NDOC physician Paul Bitar, M.D. (Dr. Bitar) based upon allegations that Carter presented to the HDSP dental clinic on February 1, 2017, requesting treatment for an infected tooth, but he was refused treatment because he had filed a separate lawsuit against Bean. ECF No. 44 at 4:1-22, 6:24-28.

- Eighth Amendment deliberate indifference claim against Former HDSP Associate Warden Jennifer Nash (Nash) based upon the allegations that she "improperly rejected [Plaintiff's] grievance as untimely and failed to inform Dental of the need to provide Plaintiff with medical care." ECF No. 44 at 4: 23-28, 6:28, 7:1-5;

///

///

---

[1]In the Motion, Plaintiff asserts he is also entitled to summary judgment on his substantive due process claims. ECF No. 48-49. However, pursuant to the Court's screening order, Plaintiff has not alleged a colorable due process claim.  ECF No. 44.  Consequently, this Opposition will not address Plaintiff's argument related to substantive due process. To the extent the Court now permits Plaintiff to proceed on a due process claim, Defendants request an opportunity to submit additional briefing on the issue.

1
2
3

- Eighth Amendment deliberate indifference claim against former NDOC Director James Dzurenda (Dzurenda)based upon allegations that he was served a summons and complaint in relation to a state court action on April 21, 2017, that asserted Plaintiff was not receiving dental treatment, but Dzurenda did not act. *Id*. at 5: 14-15, 7:24-28;

4
5
6
7

- An Eighth Amendment deliberate indifference claim against former HDSP Warden Brian Williams (Williams) based upon allegations that on July 16, 2017, Carter informed Williams of Carter's failure to receive dental treatment and again informed Williams a few weeks later while on the yard to which Williams responded "you must have really pissed them off" and walked away. *Id*. at 5:2-6, 7:24-28.

8
9
10

- An Eighth Amendment deliberate indifference claim against HDSP Director of Nursing Services Albert Buencamino (Buencamino) and former HDSP Associate Warden Jerry Howell (Howell) based upon allegations that they knew, by responding to a grievance submitted by Carter, that  Carter needed dental care and failed to act.[2] *Id*. at 7:1-4.

11
12
13

- A First Amendment retaliation claim against Bean and Dr. Bitar based upon allegations they knew Carter had a serious dental condition that was causing him pain, but refused to treat him because he sued Bean in a separate state court lawsuit. *Id*. at 11:1-16.

14
15
16
17
18
19

On November 5, 2019, Plaintiff filed the Partial Motion seeking "summary judgment on his 14th Amendment substantive due process and his 8th Amendment deliberate and indifference to serious medical needs claims." ECF No 49 at 84. On November 26, 2019, Defendants filed their Opposition asserting issues of fact regarding whether Carter suffering from a serious medical condition existed as well as noting the Partial Motion was premature as discovery was still open. ECF No. 51.

20
21
22
23

On July 10, 2020, the Court issued an order extending the dispositive motion deadline to July 31, 2020. ECF No. 68.  On July 31, 2020, Defendants filed a Motion for Summary Judgment with respect to all claims asserted in the FAC.  ECF No. 69. Plaintiff has not filed any response to Defendants' summary judgment motion.

24
25
26

On August 25, 2020, the Court issued an order indicating it will consider Plaintiff's Partial Motion for Summary Judgment (ECF No. 49) and ordered Defendants to file a response thereto by September 2, 2020. ECF No. 72.

27
///

28

---

[2]*See also*, ECF No. 14 at ¶¶ 72, 74.

1

## B. Summary of Defendants' Legal Arguments

2      The Partial Motion cannot be granted because all of Carter's claims fails as a matter

3  of law, and Defendants are entitled to summary judgment.

4      Bean and Dr. Bitar are entitled to summary judgment on Carter's Eighth

5  Amendment claims because (1) Carter was not suffering from a serious medical condition

6  at the time he presented to them on February 1, 2017, and (2)  Bean and Dr. Bitar were

7  not objectively indifferent to Carter's dental need because he did not need emergent dental

8  care. Furthermore, even if Carter could prove he was suffering from a serious medical

9  condition on February 1, 2017, the Partial Motion should also be denied because the sworn

10  testimony of Bean and Dr. Bitar (that neither refused to provide Carter care on February

11  1, 2017) is sufficient to demonstrate a question of fact exist. Thus, granting the Partial

12  Motion is improper.

13      Likewise, Carter's medical indifference claim against Dzurenda fails because Carter

14  cannot prove Dzurenda had any knowledge that Carter allegedly needed dental care.

15  Carter's claim rests upon his allegations that Dzurenda was served the summons and

16  complaint relating to Case No. A-16-747779-C[3] filed in the Eighth Judicial District Court,

17  Clark County, Nevada, which set forth allegations sufficient to put Dzurenda on notice of

18  his need for dental care. Contrary to these allegations (and Carter's sworn testimony),

19  Dzurenda was dismissed from the State Court Matter pursuant to Nevada Rule of Civil

20  Procedure (Nev. R. Civ. P.) 4 because he was never personally served. Furthermore, Carter

21  cannot be granted summary judgment because he failed to exhaust his administrative

22  remedies with respect to the claims asserted against Dzurenda and because Carter's claims

23  are barred under both prongs of qualified immunity.

24      Similarly, Carter's claims against Nash fail because she did not have any notice of

25  Carter's alleged dental condition. Carter's claim is premised upon allegations that Nash

26  improperly denied or rejected Grievance 2006-30-46164. However, Nash did not receive,

27

28      [3]This case was referred to as the "State Court Matter" in Defendants' Motion for
Summary Judgment. ECF No. 69 at 5:12-25, 13:1-14.

respond to, or sign the Grievance or the Improper Grievance Memo, and therefore, the undisputed facts demonstrate Nash was neither subjectively nor objectively indifferent to Carter's alleged dental needs.  Nash is also entitled to judgment as a matter of law because Carter did not exhaust his administrative remedies regarding his claims against her and because Carter's claims are precluded under both prongs of the doctrine of qualified immunity.

Additionally, Carter's claims against Williams fail because (1) Carter was not suffering from a serious medical condition at the time he wrote a kite to Williams, (2) Williams was not subjectively indifferent to Carter's alleged dental conditions because Williams contacted the HDSP medical staff to schedule Carter to be seen by a provider, and (3) Williams is entitled to qualified immunity.

Also, Carter's claims against Buencamino and Howell fail because (1) Defendants' respective responses to Grievance 2006-30-23297 does not constitute "personal participation" in a Section 1983 matter (2) the Defendants were not on notice that Carter was allegedly in need of dental care because the issue complained of in the Grievance was the amount of time it took for Carter to receive treatment after he submitted his first request (kite) for care (3) the Defendants were not subjectively indifferent to Carter's alleged dental condition pursuant to the holding in *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2004), as their respective roles as grievance responders were administrative in nature.

Since all of Carter's deliberate indifferent claims fail as a matter of law, the Partial Motion should be denied.

## II.    UNDISPUTED STATEMENT OF FACTS

The legal arguments presented in Carter's Partial Motion are premised upon the same nucleus of facts as the legal arguments asserted in Defendants' pending Motion for Summary Judgment (ECF No. 69). To preserve judicial resources, Defendants incorporate the Undisputed Statement of Facts established in their Motion for Summary Judgment (ECF NO. 69 at 5-10) herein. *See* Fed. R. Evid. 201; *Harris v. Cty. Of Orange*, 682 F.3d at 1132 ("We may take judicial notice of undisputed matters of public record, *Lee v. City of*

*Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001), including documents on file in federal or state courts."); *Insurance Co. of North America v. Hilton Hotels U.S.A., Inc.*, 908 F. Supp. 809, 812 n 1 (D. Nev. November 20, 1995)(holding the Court may take judicial notice of copies of the pleadings, motions, and discovery responses in the matter before it as well as the underlying matter).

## III. LEGAL STANDARD

Pursuant to FED. R. CIV. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

If the party seeking summary judgment meets its burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First National Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968); *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 282 (9th Cir.

1979). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact and defeat summary judgment. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). An affidavit or declaration will not defeat summary judgment if it contains no more than conjecture or a scintilla of evidence insufficient to support a jury verdict. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). "A non-movant's bald assertions or a mere scintilla of evidence are both insufficient to withstand summary judgment." *FTC v. Stephanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007)).

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See S.E.C. v. Seaboard Corp.*, 677 F.2d 1289, 1293 (9th Cir. 1982); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 473 (1962).

## IV.   LEGAL DISCUSSION

### A. Carter's Eighth Amendment Claims Fail As A Matter of Law

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) *citing West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

To establish an Eighth Amendment deliberate indifference to a serious medical condition claim, an inmate must satisfy a two-part test: (1) that he has a "serious medical

need" and "failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain';" and (2) the defendants' response to the medical need was deliberately indifferent." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006). To determine whether the defendants' response was deliberately indifferent, an inmate must show the following: (1) the defendants' purposefully acted or failed to respond to the inmate's possible medical need; and (2) the indifference caused harm. *Id.* Notably, the officials' conduct must demonstrate "unnecessary and wanton infliction of pain" before it violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is a high legal standard; a medical professional's mistake, negligence, or malpractice is not sufficient to constitute deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Every claim by an inmate that he has not received adequate medical treatment does not constitute an Eighth Amendment violation. *Estelle* at 105. An inmate alleging deliberate indifference to serious medical need "must allege acts or omissions sufficiently harmful" to the inmate. *Id.* at 106.

Defendants incorporate all legal arguments asserted in their pending Motion for Summary Judgment (ECF NO. 69) herein. *See* Fed. R. Evid. 201; *Harris*, 682 F.3d at 1132 ("We may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001), including documents on file in federal or state courts.").

**1. Eighth Amendment Claims Against Bean and Dr. Bitar**

Carter's Eighth Amendment deliberate indifferent to a serious medical conditions claims against Bean and Dr. Bitar are premised upon allegations that they refused to provide him dental care on February 1, 2017, because Carter had filed a lawsuit against Bean. ECF No. 44 at 4:1-22, 6:24-28. Carter moves for summary judgment on these claims based upon his own testimony that on February 1, 2017, Carter informed Dr. Bitar that he was in pain and had been unable to eat and sleep regularly due to an infected tooth but Dr. Bitar and Bean refused to provide care to Carter because he sued her. ECF No. 49 at 3, ¶¶ 12-16.

Carter is not entitled to summary judgment for at least four reasons. First, Carter cannot prove the first element of his medical indifference claim, i.e. he was suffering from an infected tooth (or any symptoms related thereto) at the time he presented to Bean and Dr. Bitar on February 1, 2017. Carter's self-serving testimony concerning the alleged severity of his dental condition is belied by Carter's own medical records and objective medical diagnostic testing. Specifically, Carter's dental chart is devoid of any indication that he was suffering from an infected tooth or experienced contemporaneous pain. ECF No. 70-1 at 13.

On the contrary, Dr. Bitar has provided sworn testimony that there is no objective medical evidence Carter had infected teeth as of February 1, 2017. *Id*. at 10, ¶ 35. In fact, Dr. Bitar testified that Carter's dental x-rays demonstrate that Carter had a minor cavity that would not be expected to be "causing excruciating pain, loss of sleep, or inability to eat." *Id*. at 10, ¶ 34. Carter's testimony regarding his alleged serious medical condition is "blatantly contradicted by the record" an insufficient to support summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In other words, Carter cannot establish he had a serious medical condition, i.e. the first element of his Eighth Amendment claim. Consequently, not only is summary judgment in favor of Carter inappropriate with respect to his medical indifference claims, the claims fail as a matter of law. *Celotx Corp.*, 477 U.S. 323 ([A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial [and] …entitle[s] the [moving party] to judgment as a matter of law."

Second, Bean and Dr. Bitar have provided sworn testimony that Carter did not request, and was not refused, dental care on February 1, 2017 by either Defendant. ECF No. 70-1 at 10, ¶¶ 25, 27, 33; ECF No. 70-1 at 49, ¶¶ 9-10, 11. Bean provided additional sworn testimony that as of February 1, 2017, she was unaware that Carter had filed a lawsuit against her and did not refer to Carter in a derogatory manner. ECF No. 70-1 at 49.

///

Likewise, Dr. Bitar provided sworn testimony that he was unaware Carter had sued Bean and that Bean never made any statement about being sued by Carter. *Id.* at 10, ¶¶ 28, 30. Consequently, even if Carter could establish he suffered from a serious medical condition, there is a question of fact as to whether he was denied care by Bean and Dr. Bitar that precludes the Court from granting summary judgment in Carter's favor. Notwithstanding, because Carter did not suffer from a serious medical condition and because Bean and Dr. Bitar are entitled to qualified immunity, this disputed fact does not preclude these Defendants from summary judgment.

Third, for the reasons set forth in Defendants Motion for Summary Judgment, Carter did not exhaust his administrative remedies with respect to his medical indifference claims against Bean and Dr. Bitar ( ECF No. 69 at 14:1-25, 15: 1-5). *See* Fed. R. Evid. 201; *Harris*, 682 F.3d at 1132 ("We may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001), including documents on file in federal or state courts."). Consequently, Carter is not entitled to summary judgment.

Fourth, Bean and Dr. Bitar are entitled to qualified immunity. Bean and Dr. Bitar incorporate the legal arguments presented in their Motion for Summary Judgment regarding qualified immunity (ECF No. 69 at 27:4-28) herein. *See* Fed. R. Evid. 201; *Harris*, 682 F.3d at 1132. As such, the Partial Motion should be denied, and Bean and Dr. Bitar are entitled to summary judgment in their favor.

**2.  Carter's Claims Against Dzurenda Are Based Upon False Allegations**

Carter asserts he is entitled to summary judgment because "Dzurenda had also been served with summons and complaint [relating to the State Court Matter] by this time with full knowledge of my pain and need of treatment as seen in Exhibit 9 (Motion to Dismiss pg 3 of 9 lines 12-13)" but "refused to ensure [his] medical needs where (sic) addressed timely and appropriately." ECF No. 5 at ¶¶ 24-25.

As established in Defendants' Motion for Summary Judgment, Dzurenda was dismissed from the State Court Matter (Case No. A-16-74779-C) pursuant to Nev. R. Civ. P. 4 because he was not properly served. *See* ECF No. 70 at 31-35. More specifically,

Dzurenda was never personally served in the State Court Matter. *Id*. Additionally, Carter cannot present any admissible evidence to suggest Dzurenda was notified by NDOC, was provided a copy of the complaint and summons, and read the allegations asserted in the complaint concerning Carter's medical care. In other words, Carter's claim against Dzurenda rests upon inadmissible speculation. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014).

Furthermore, for the reasons established in Defendants' Motion for Summary Judgment, even if Dzurenda had been served with the Complaint in the State Court Matter, he still would not have been placed on notice that Carter had allegedly been denied dental care on or after February 1, 2017. *See* ECF No. 69 at 15:17-27, 16:1-14.

Similarly, Carter's not entitled to summary judgment because his claims against Dzurenda are barred by qualified immunity. As established in the Motion for Summary Judgment, Carter cannot demonstrate a question of fact exists as to whether Dzurenda violated his constitutional rights or  present any case law that would expose a NDOC Director under the particularized undisputed facts of this case. *See* ECF No. 69 at 25:17-28, 26:1-9. As such, Carter's Partial Motion should be denied, and summary judgment should be entered in favor of Dzurenda.

### 3. Carter's Claims Against Nash Rest Upon Only Inadmissible Speculation

Carter concedes Nash "did not personally deny [him] medical treatment. ECF No. 49 at 86. Instead, his claim against Nash rests upon allegations that she improperly denied Grievance 30-46164 and railed to inform the HDSP dental department of Plaintiff's need for dental care. *Id*. at 4, ¶18; ECF No. 44 at 4:23-28. Plaintiff relies solely upon a copy of the Grievance to support his claim. ECF No. 49 at 4, ¶18; 26.

However, Carter fails to present any admissible evidence to support his claim that Nash signed the Grievance. First, the signature of the NDOC employee on Grievance 2006-30-46164 and on the accompanying Improper Grievance Memo is not "Jennifer Nash" or any abbreviation of her name. ECF No. 70-1 at 20-21. Carter fails to present any evidence to suggest he has first-hand knowledge of who responded to or denied the Grievance.

Consequently, his subjective belief that Nash responded to and rejected the grievance is speculation which cannot support summary judgment. Fed. R. Civ. P. 56; *Wood*, 753 F.3d at 904.

Second, Nash has presented admissible testimony that she did not receive, respond to, or sign Grievance 2006-30-46164. *See* ECF No. at 70-1 at 17, ¶11, 18, ¶¶ 12-13. She also testified that she had no contemporaneous knowledge that Carter had submitted the Grievance and that she did not review the Grievance until June 26, 2020. ECF No. 70-1 at 18, ¶12.  Carter has not presented no evidence to suggest otherwise. Consequently, there is no question of fact that Nash did not know Carter submitted Grievance 2006-30-46164, or know Carter allegedly needed medical treatment. Accordingly, she could not have violated Plaintiff's Eighth Amendment rights.

Furthermore, as set forth in Defendants' Summary Judgment, even if Nash had received the Grievance, she could not be liable because she did not have the authority to grant Carter the remedy he requested (transfer to a different yard) therein. *See* ECF No. 69 at 13: 12-28.

Carter is also not entitled to summary judgment on the claims against Nash because he did not exhaust his administrative remedies with respect to his claims against Nash (ECF No. 69 at 14:1-28, 15:1-5), and because the doctrine of qualified immunity bars his claims (*Id*. at 26:10-28, 27:1-3). Thus, the Partial Motion should be denied and judgment in favor of Nash should be entered.

## 4. Williams Was Not Subjective Indifferent to Carter's Alleged Need for Dental Care

Carter's claims against Williams rests upon allegations that (1)  Carter sent Williams a kite on July 16, 2017, requesting medical care to which Williams responded the following day, but Carter was never provided medical care and (2) several weeks after submitting the kite, Carter spoke with Williams on the yard and purportedly informed Williams that he had not yet been seen by medical staff to which Williams responded "you

must have really pissed them off" and walked away.. ECF No. 44 at 5:2-6, 7:24-28; see also ECF No. 49 at 5, ¶¶ 26-27.

Carter is not entitled to summary judgment for at least five reasons. First, for the reasons set forth in the Motion for Summary Judgment, Carter was not suffering from a serious medical condition at the time he submitted the kite to Williams. ECF No. 69 at 7: 18-26, 8:1-20. The objective medical evidence demonstrates he had a minor cavity with no indication of oral infection of serious symptomology. *Id.*; ECF No. 70-1 at 10, ¶34, 11, ¶35, 13. Consequently, Carter cannot, as a matter of law, establish the first material element of his claim.

Second, the undisputed facts demonstrate Williams was not "indifferent" to Carter's alleged medical need. Williams has presented admissible testimony that after he received the kite, he contacted HDSP medical staff and requested Carter be scheduled to be seen. ECF No. 70-1 at 46, ¶7. Williams also provided Carter a response informing him that "medical will be in contact to schedule you an appointment." ECF No. 14-1 at 51. As set forth in Defendants' Motion for Summary Judgment, Williams' alleged interaction in this matter is analogous to the physician in *Peralta*. 744 F.3d 1076. ECF No. 69 at 22:7-21. Williams was the warden of HDSP, not a medical provider. Williams was not in a position of providing Carter medical care or taking action beyond requesting HDSP medical to schedule Carter to receive care. *Id*. Thus, Carter cannot prove Williams was subjectively indifferent to his alleged need for medical care by failing to respond to the kite, and the claim fails.

Third, Williams has provided sworn testimony that he never made any representations to Carter that Carter must have "pissed off" the HDSP dental or medical staff. ECF No. 70-1 at 47, ¶ 11. Williams' sworn testimony is enough to defeat summary judgment with respect to a medical indifference claim based upon Carter's allegations that Williams refused to facilitate Carter receiving medical care after having a discussion with Williams on the prison yard. See Mahdavi v. C.I.A., 898 F.2d 156 (9th Cir. 1990)(*citing Admiralty Fund v. Hugh Johnson & Company*, 677 F.2d 1301, 1306(9th Cir. 1982))("A

material issue of fact is gleaned from 'the pleadings, depositions, affidavits, and other material permitted by Ruel 56(c),…which affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth.")). Nevertheless, Williams is still entitled to summary judgment because Carter was not suffering from a serious medical condition in mid-2017.  ECF No. 69 at 7: 18-26, 8:1-20; ECF No. 70-1 at 10, ¶34, 11, ¶35, 13.

Fourth, as demonstrate in Defendants' Motion for Summary Judgment, Carter's claims against Williams fail because he did not exhaust his administrative remedies. *See* ECF No. 69 at 14:1-28, 15:1-5. Specifically, Carter did not pursue Grievance 2006-30-46164 beyond the informal level and it was untimely pursuant to AR 740. *Id*.

## 5. Buencamino And Howell's Responses to the Grievance Do Not Expose Them To Liability

Carter concedes that these Defendants "did not personally deny Plaintiff medical treatment." ECF No. 49 at 86. Instead, Plaintiff's claims are premised upon his testimony that these individuals responded to Grievance 2006-30-23297 at the various levels of review, and therefore, were aware he allegedly needed dental care. ECF No. 49 at 3, ¶¶ 7-8; at 18-24.  The Partial Motion should be denied, and Defendants should be awarded judgment, for the four reasons set forth in Defendants' Motion for Summary Judgment.

First, these Defendants' respective responses to the Grievance does not constitute "personal participation" in a potential constitutional violation. ECF No. 69 at 17: 3-10. "A prison official's review and denial of an inmate's grievances, without more, cannot serve as the basis for liability under 42 U.S.C. § 1983." *Bradberry v. Nevada Dep't of Corr.*, No. 3:11-CV-00668-RCJ, 2013 WL 4702953, at *17 (D. Nev. Aug. 30, 2013)(*citing Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003)); *Padilla v. Nevada*, No. 3:07-CV-00442-RAM, 2010 WL 3463617, at *2 (D. Nev. Aug. 25, 2010), *aff'd sub nom. Padilla v. Brooks*, 540 F. App'x 805 (9th Cir. 2013)("Responding to a grievance, in and of itself, does not necessarily mean that [defendants] played a role in the alleged constitutional violations.").

///

Second, the Grievance did not put these Defendants on notice that Carter was purportedly suffering from a serious medical condition, and therefore, they were not "objectively" aware of Carter's alleged medical condition.[4] ECF No. 69 at 11-26.

Third, Carter cannot establish these Defendants' were "subjectively" indifferent to his dental conditions pursuant to the holding in *Peralta*, 744 F.3d. 1076. ECF No. 69 at 17:27-28, 18:1-23.

Fourth, these Defendants are entitled to qualified immunity. ECF No. 69 at 26:10-28, 27:1-3. Thus, Carter's claims against these Defendants fail as a matter of law.

## V.    CONCLUSION

Carter's Eighth Amendment deliberate indifference claims against all Defendants fail as a matter of law. For the reasons set forth in Defendants' pending Motion for Summary Judgment (ECF No. 69), summary judgment in favor of all Defendants is proper. As such, Carter's Partial Motion should be denied, and Defendants' Motion for Summary Judgment (ECF No. 69) should be granted.

DATED this 31st day of August, 2020.

AARON D. FORD
Attorney General
By: /s/ Wade J. VanSickle
        Wade J. VanSickle (Bar No. 13604)
        Deputy Attorney General
        *Attorneys for Defendants*

---

[4]Carter was not suffering from a serious medical condition at the time he submitted the Grievance or at the time these Defendants provided their respective responses thereto.

15

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on August 31, 2020, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT (ECF NO. 49)** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, addressed to the following:

Shannon Carter #70773
Warm Springs Correctional Center
P.O. Box 7007
Carson City, NV 89702
**wscclawlibrary@doc.nv.gov**
*Plaintiff, Pro Se*

/s/ Sheri Regalado
Sheri Regalado, an employee of the
Office of the Nevada Attorney General