Shannon Carter #70773
P.O. Box 7007
Carson City N.V. 89702

# UNITED STATE DISTRICT COURT DISTRICT OF NEVADA

| | |
|---|---|
| Shannon Carter<br>Plaintiff, | Case No. 2:17-CV-01628-RFB-EJY<br><br>**BRIEF IN OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT MOTION** |
| S. Bean et al.,<br>Defendants, | |

## Statement of the Case.

This is a 1983 action filed by a prisoner at Warm Springs Correctional Center seeking damages punitive and compensatory based on the deliberate Indifference to serious medical needs violating Plaintiff Eighth amendment Rights, Fourteeth amendment substantive due process and first amendment Retaliation. Defendants have filed a motion for Summary Judgment as to Plaintiffs Eighth amendment and first amendment claims against defendants Sherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry Howell, Jennifer Nash and Brian Williams, arguing that their conduct did not violate the Constitution.

## Statement of facts.

2. The plaintiff's declaration submitted in response to the
3. defendants motion states that on 2-20-16 Plaintiff first informed the defendants
4. via medical kite of his need of medical attention. Thereafter, Plaintiff filed multiple
5. kite's informing the defendants of his condition turning for the worse I.E. Bleeding
6. Gums, Chiping teeth, Pain (9) out of (10), Swelling Jaw, causing Blood Pressure to rise,
7. Please help. Despite this information Plaintiff was not scheduled to see a dentist
8. for over two months. Once seen finely, the defendant determined Plaintiff had a
9. Serious medical need I.E. Three teeth that warranted treatment #18, #19 and #31
10. On 4-21-16. It take the defendants over 2½ years to complete this treatment
11. Despite multiple Kites, Grievances, 1983 civil suits, face to face run ins and TRO
12. hearings informing the defendant of my pain and need of treatment Resulting in
13. Subjecting me to unnecessary waton infliction of pain and ultimately permanent loss
14. of two teeth. The defendants arguement is realy all over the place on why they fail
15. to treat me, from calling my condition a Non-emergency cavity to all defendants
16. are entitled to qualified immunity.
17.
18.
19.
20.
21.
22.

# ARGUMENT

## POINT 1

### THERE ARE GENUINE ISSUE OF MATERIAL FACT THAT PRECLUDE SUMMARY JUDGMENT FOR THE DEFENDANTS ON THE PLAINTIFFS DELIBERATE ~~====~~ INDIFFERANCE TO SERIOUS MEDICAL NEEDS AND RETALIATION

Summary Judgment is to be granted only if the record before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a Judgment as a matter of law. Rule 56(c), Fed. R. Civ. P. A "material" fact is one that might affect the outcome of the suit under the governing law. Anderson V. Liberty Lobby, Inc. 477 U.S. 242, 248, 106 S. Ct. 2505 (1986.)

The declarations of the Plaintiff and the defendants motion are squarely contradictory as to the deliberate Indifference to Plaintiffs serious medical need and wheather or not it was an on going constitutional Violation and to what point the defendant action became unconstitutional and what actionaly happen on 2-1-17 Scheduled appointment why was Plaintiff Not treated moreover, why wasn't Plaintiff treated after the State TRO hearing months after 2-1-17 did defendants Bean and Bitar retaliation occur on 2-1-17 There is clearly a genuine issue of fact.

1. The factual dispute is also material. As to the retaliation 2·1·17 By
2. Bean and Biter not treating Plaintiff because he would Not drop his
3. lawsuit. the record is clear Plaintiff was at medical for a scheduled
4. appointment but was not treated nor was a refusal form given
5. As to the deliberate Indifference to serious medical needs the record
6. is clear that one Plaintiff had a serious medical need determined
7. by the defendants on 4·21·16 the record also is clear that Plaintiff
8. filed multiple Kites, Grievance, 1983 civil suits and TRO motion
9. directly informing the deffendants of Plaintiff Pain and need
10. of treatment due solely to the defendants Intentional delay and
11. or denial of Plaintiffs medical treatment. further the record is
12. clear that Plaintiff was only treated after this honorable court
13. order Plaintiff to be treated by the defendant with in (14)
14. days over 2½ years after determining Plaintiff had a serious
15. medical need resulting in Plaintiff suffering extreme Pain
16. two attempts of suicide and ultimately permanent loss of two teeth.
17. A reasonable Jury could find for the Plaintiff based on the facts in
18. the Plaintiffs declaration, and summary Judgment must therefore be
19. denied. Anderson V. Liberty lobby, Inc. 477 U.S 242, 248 106 S.Ct 2505 (1986)
20. CONCLUSION
21. For the foregoing reasons, the defendants' motion for summary Judgment should be
22. Denied.          Dated 9·28·2020   Shannon Carter

P O Box 7007
Carson City, N.V. 89702