Shannon Carter #70773

P.O. Box 7007

Carson City N.V. 89702

_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD

OCT 13 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Shannon Carter
                Plaintiff,

V.

Bean, et al.,
                Defendants,

Case No. 2:17-CV-01628-RFB-EJY

DECLARATION IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

Shannon Carter states:

1. I am the Plaintiff in the above-entitled case. I make this declaration in opposition to defendants' motion for Summary Judgment on my claims concerning Eighth amendment deliberate Indifference to serious medical needs, Fourteenth amendment Substantive Due Process and First amendment retaliation claims against me by defendants Bean, Bitar, Nash, williams, Aranas, Buencamino, Stewart, Howell and Dzurenda.

1   2. On February 20, 2016 I First informed the defendants
2   of my dental needs Via, medical Kite responed to by defendant
3   S. Bean Signed Simply SB, Stating: "APPT. SCHED YOU'LL BE NOTIFIED OF
4   APPOINTMENT" This Fact is supported by Exhibit #1 (medical Kite dated
5   2·20·16)

6   3. Over the next two months I informed the defendants
7   Multiple times through Kites that my medical/Dental condition
8   was turning for the worse extreme Pain I.E. Swollen Jaw,
9   Chipping teeth, causing my Blood Pressure to rise, Pain (9) out of
10  (10) unable to eat or sleep please Help. This Fact is Supported
11  by Exhibit #2 medical Kites dated 3·5·16, 3·30·16, 4·8·16,
12  and 4·17·16

13  4. At less two of thoses Kites where directly addressed by
14  defendant S. Bean Signed SB, as seen in Exhibit #1 & 2
15  whos Job dutys consist of Scheduling patients according to the needs
16  of the institution in concert with the priorities of the applicable
17  administration Regulations as seen in Exhibit #3 (Employee work
18  Performance standard form, Job element #1 Dental assisting)
19
20

1       5. Ultimately, despite multiple kites informing the

2  defendants of my pain and need of treatment as seen in Exhibit #1&2

3  I was not scheduled to be seen by a dentist by defendant Bean

4  for (61) days after first being informed of Plaintiffs dental needs.

5       6. On 4.21.16 I was finely seen by the defendants ex-rays

6  where taken and the defendants determined I did indeed have

7  a serious medical need I.E. three teeth that warranted treatment

8  teeth #18, #19 and #31 needed fillings. This fact is supported by Exhibit #

9  4 (Dental chart line dated 4.21.16)

10       7. Dispite the defendants Knowledge of my Pain and serious

11  medical need I was not treated on 4.21.16 even though I

12  had been waiting for over two months at this time. This fact

13  is also supported by Exhibit #4

14       8. Over the next several months I was in excruciating Pain

15  I informed defendants stewart, Buencamino, Aranas, Howell and williams

16  directly via, Grievances of dentals Deliberate and Indifference to my

17  serious medical needs by dentals unwarranted delays of medical treatment

18  and my need to be treated for dental issues determined by dental on 4.21.16

19  This fact is supported by Exhibit #5 (Informal, first and second level Grievance)

20       9. Defendants stewart, Buencamino, Aranas, Howell and williams

21  as Grievance responders, Grievance coordinators and Grievance recievers, aware

22  of Plaintiff pain and serious medical need fail and or refused to properly

1 | investigate and ensure I recieved timely and appropriate medical

2 | attention despite Plaintiff directly pleading to them for help instead

3 | ▓▓▓▓▓ allowed to continue, a policy in which unconstitutional

4 | Practices occurred defendant Stewart had Knowledge on 6/15/16 as

5 | Informal Grievance responder "Yet" fail to address, defendant J. Howell had

6 | Knowledge on 6·8·16 as Grievance coordinator who approved Informal

7 | Grievance" Yet" fail to address, defendant A. Buencamino had Knowledge

8 | 8/1/16 as first level grievance responder "Yet" fail to address, defendant

9 | Aranas had Knowledge on 12/14/16 as second level Grievance responder

10 | "Yet" again fail to address, defendant Williams had Knowledge on 1·10·17

11 | as (H.D.S.P) Warden was sent Informal first And second level Grievance

12 | to him by defendant Aranas stamped received 1-10·17 Theses facts

13 | are supported by Exhibit # 5

14 | 10. On or about 12·5·16 Plaintiff filed a lawsuit

15 | in state court filed 12·8·16, A-16-747779-C Specificly, naming

16 | defendant Dzurenda along with other defendants again informing the

17 | defendants ▓▓▓▓ directly of deliberate indifference to my serious

18 | medical needs. This fact is supported by Exhibit # 6 (complaint

19 | A·16·747779·C)

20 |

21 |

1      11. Defendant Dzurenda was directly informed

2 of Plaintiffs' issues with (H.D.S.P.) dental deliberate Indifference

3 to Plaintiffs serious medical need on 4·27·2017 Via Summons

4 and complaint Yet fail and or refused to investigate and ensure

5 Any out standing dental issues of Plaintiff was addressed timely

6 and appropriately by (H.D.S.P.) dental as (N.D.O.C) Director Instead

7 allowed to continue, a policy in which unconstitutional Practices

8 occurred to support this fact See Exhibit #7 (Defendants motion

9 to dismiss lines 25-27 Page 8 of 9)

10      12. Defendant Dzurenda was served Amended complaint

11 case No. A·16·747779·C which informed him of my Pain and need

12 of immediate medical attention pertaining to my teeth to

13 support this fact see Exhibit #8 (Amended complaint dated filed

14 2·22·17)

15      13. On 2·1·17 I was scheduled treatment for dental

16 issues determined on 4·21·16 warranted treatment by the

17 defendants Upon arrival to dental despite multiple kites, Grievances,

18 and a 1983 civil suit informing the defendants of my Pain and

19 need of treatment defendant Bitar asked me why I was

20 there before I could answer defendant Bean Stated thats

21 the cry baby who filed a lawsuit on me.

14. Bitar then said they dont treat inmates who try to file lawsuits against them.

15. I told Bitar I was in alot of pain and been unable to eat and sleep regularly for months.

16. Bean then stated her husband was a LT and that I didnt know what pain was yet.

17. I told Dr. Bitar that Dr. mangapit told me I had an infected tooth are something that need treatment I forgot what mangapit called it.

18. I then asked Bitar directly if he was going to treat me? Bitar responded by asking me if I was going to drop my lawsuit? I told Bitar No! Bitar said then No I am not treating you.

19. Defendant Bean smiled then stated "Go back to your unit when you cant take the pain you'll be back I was then escorted out of medical.

20. I filed a grievance again informing the defendants of the retaliation and denial of medical treatment on 2-1-17 and directly informing them this was an on going constitutional Violation I was still in extreme Pain and my need of treatment since 4-21-16. This fact was supported by Exhibit # 9 (Improper Grievance memo)

21. Defendant Nash improperly rejected my grievance refused and or fail to inform dental of my need of treatment further subjecting me to unnecessary wanton infliction of pain see Exhibit #9 This also denied Plaintiff any and ███ all abilitys to exhaust any claims relating to 2:17-cv-01628-RFB-EJY.

22. I then file my federal lawsuit not knowing what to do. State court was not helping me.

23. I then learn of a TRO motion I filed one in state court trying to get very much needed dental treatment see Exhibit #10 (motion requesting TRO hearing)

24. Again directly informing the defendants of my pain and need of medical treatment. Ultimately a TRO hearing pertaining to the deliberate and indifference to my serious medical needs was held.

25. At that hearing the defendants argued 1# They had No idea why I was at dental on 2·1·17 and 2# I never requested medical treatment only names for a lawsuit.

26. Despite my attempts to explain to the state court (H.D.S.P) Policys which requires all inmates to be escorted to dental and only inmates on dental sick call list to be treated for requested or recommended treatment could arrive to dental meaning defendants Bitar and Bean who had been working at HDSP dental for over (9) years at that time New I was only there for requested or recommend treatment. Moreover the multiple Kiles Grievances and 1983 civil suit filed before 2·1·17 along with my dental chart made this arguement absured.

1    27. The Non-treatment by Bitar and Bean even if
2  you take what they said as true on 2·1·17 mandated to be
3  documented on a refusaul form if I was escorted to dental
4  and not treated for what ever reason on a scheduled appointment
5  as seen in Exhibit #11 (Refusaul form) This never ocurred further Supporting
6  the fact Plaintiff was denied dental treatment on 2·1·17

7    28. By 2·1·17 I had file multiple Kites, grievances, and my
8  medical chart clearly expressed my dental needs as see in the exhibits
9  Attached.

10    29. But even more alarming is defendant Beans
11  Declaration stating Plaintiff scheduled for treatment by Dr. Mangapit
12  on 2·1·17 "Yet" Dr Bitar Nor herself new why I was there
13  See Exhibit #12 (S. Bean declaration dated June 30, 2017)

14    30. Even more alarming defendant Beans declaration
15  dated July 28, 2020 Number 14 Paragraphs States: "As of February 1, 2017
16  I was unaware. mr carter had filed a lawsuit against me, or had attempt
17  to serve me in relation to any lawsuit in which I was a named defendant"
18  See Exhibit #13 (S. Bean declaration dated July 28, 2020 Paragraphs 14)
19  AFFidavit of service stated S. Bean was served 1/31/2017 at 1:30 PM
20  Day before my ▨ Scheduled appointment on 2·1·17 as seen in Exhibit #14
21  (AFFidavit of service S. Bean)

22    31. Ultimately State court did not understand (HDSP) Polices
23  and believed that now that the defendant new of my Pain and need of treatment
24  I would be treated once back at HDSP Despite me informing the court I would

1  not be treated by the defendants to support this fact

2  see Exhibit #15 (State court TRO Trans)

3      32. Unfortunately my statement that I would not

4  be treated was ~~was~~ true. A few days after the state court TRO

5  hearing, and still not treated by dental on or about July 17, 2017

6  I personally informed william of my need of dental treatment

7  Via Kite see Exhibit #16 (Kite to warden)

8      33 A few weeks later on the yard I seen defendant

9  williams I informed him that I had still not been seen by dental

10  williams stated you must of really pissed them off and walked away

11  williams was also with howell who ~~just~~ just smiled.

12      34. Then filed a TRO To this honorable court

13  thank God this court held a TRO hearing, After this court

14  reviewed the evidance on the face of the record the court

15  order the defendants to finely treat me within 14 days

16  as seen in Exhibit #17 (TRO Federal mins)

17      35. finely after 2 1/2 years of being deliberately and

18  Intentionally Subjected to unnecessary wonton infliction of pain by

19  the defendants Via, Swolling Jaw, Bleeding Gums, Chipping teeth, extreme

20  Painful headaches, High Blood pressure, unable to eat and sleep properly

1   two attempts of suicide due to the long lasting pain I was treated

2   for my serious medical need.

3            36. Unfortunitely Due to the delays and or refusuals

4   of dental treatment 2 treth could No longer be filled and had to

5   be extracted as seen in the report sent to this court under seal

6   by the defendants after TRO nearing.

7            37. The foregoing factual allegations create a

8   genuine issue of material fact and will, if proved at trial, support

9   a Judgment in my favor, as explained in the brief submitted

10   with this declaration.

11            Pursuant to 28 U.S.C. 1746, I declare under penalty

12            of perjury that the foregoing is true and correct.

13

14       Dated  9·23·2020

15         Shannon Carter

16                           Shannon Carter #70773

17                           P.O. Box 7007
                                      Carson City N.V. 89702

18

19

20

21

1

**CERTIFICATE OF SERVICE**

2    I, Shannon Carter_____, hereby certify, pursuant to

3    NRCP 5(b), that on this 28th day of September___, 2020,

4    I mailed a true and correct copy of the foregoing "~~opposition to Defendants~~

5    motion for Summary Judgment, Brief in opposition & statement of Disputed factual issue
     ~~═══════════════════════════════~~" by placing it in the
     also a motion for appointment of counsel

6    hands of the warm springs correctional center law library

7    supervisor, First-class Postage, fully paid, and addressed as

8    follows:

9

10   Clerk U.S District court           Attorney General office

11   333 Las Vegas BLVD, so-rm 1334     Wade J. VanSickle

12   Las Vegas, N.V. 89101              555 E. Washington Avenue, Suite 3900

13                                      Las Vegas Nevada 89101-1068

14   _____            _____

15   _____            _____

16   _____            _____

17   _____            _____

18   _____            _____

19   _____            _____

20   _____            _____

21

22   DATED THIS 28th DAY OF September___, 2020.

23

24                                      Shannon Carter

25                                      Warm Springs correctional Center
                                        P.O. Box 7007
26                                      Carson City, Nevada 89702

27

28

11

EXHIBIT # 1

EXHIBIT # 1

SIGNATURE: _Shannon Carter_          ID# _70773_

(Also print name and ID# at bottom of form where indicated).

Institution: _H.D.S.P_   Date submitted: _2 / 20 / 16_   Unit/House: _10 C 27 A_

Medical: ☐   Dental: ☒   Mental Health: ☐   Nursing: ☐   Other: _____

Reason for request: (Describe below)

I have been in prison since 2001 I have been to the denist (1) time I am feeling Pain in some of my back teeth I would like to have them cleaned and filled thank you

---

### DO NOT WRITE IN AREA BELOW

Response to request:

**APPT. SCHED**

**YOU'LL BE NOTIFIED THE**

**DAY OF APPOINTMENT**

---

☐ Appointment Schedule for: ___/___/___        Rescheduled for: ___/___/___

☐ No visit necessary

☐ No Show for Appointment

☐ Refused to be seen. DOC 2523-Release of Liability signed

### PRESCRIPTIONS

☐ KOP    ☐ NON-KOP

☐ Order Date: ___/___/___

### PLAN

☐ Follow-up appointment ___/___/___        ☐ Return if needed

☐ No follow-up required

_Signature/Title of Provider_          _2/29/16_   Date

---

NEVADA DEPARTMENT OF CORRECTIONS

## MEDICAL KITE and/or
## SERVICE REPORT

NAME: _Carter    Shannon    D_

Last      First      MI

ID# _70773_

DOC 2500 (03/14)

EXHIBIT # 2

EXHIBIT # 2

INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Shannon Carter | 70773 | 10 C 27 | 3/5/16 |

4.)  REQUEST FORM TO:  (CHECK BOX)

___MENTAL HEALTH          ___CANTEEN

___CASEWORKER          ___MEDICAL          ___LAW LIBRARY          X DENTAL

___EDUCATION          ___VISITING          ___SHIFT COMMAND

___LAUNDRY          ___PROPERTY ROOM          ___OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: _____

6.) REQUEST: (PRINT BELOW) I have a hole in my molar tooth and debree gets in the hole causing continuing Pain and Some times wakes me up from my Sleep. I am requesting to have it filled not Pulled can you Please appoint Me to come up as soon as Possible

Thank you

7.) INMATE SIGNATURE Shannon Carter          DOC # 70773

8.) RECEIVING STAFF SIGNATURE          DATE 3/5/16

9.) RESPONSE TO INMATE

APPT. SCHED
YOU'LL BE NOTIFIED THE
DAY OF APPOINTMENT

) RESPONDING STAFF SIGNATURE _____          DATE _____

DOC - 3012 (REV. 7/01)

**INMATE REQUEST FORM**

| 1.) INMATE NAME | DOC #. | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Shannon Carter  70773 | | 10 C 27 | 3/30/16 |

4.) REQUEST FORM TO:  (CHECK BOX)

__MENTAL HEALTH      __CANTEEN

__CASEWORKER      __MEDICAL      __LAW LIBRARY      X DENTAL

__EDUCATION      __VISITING      __SHIFT COMMAND

__LAUNDRY      __PROPERTY ROOM      __OTHER_____

5.) NAME OF INDIVIDUAL TO CONTACT: *Dental*

6.) REQUEST: (PRINT BELOW) I First wrote write a Kite 2/20/16 about the Pain I am having in my teeth I then wrote a Kite again 3/5/16 I am now writing a Kite again on 3/31/16 my gums are now bleeding and swelling I havent eat in 3 days havent slept in 4 the Pain is a (9) out of (10) I beleive its my back molars have holes in them foods geting in there need to be filled. Again cant sleep or eat Very Painful I need to be seen (__) below is causing my blood pressur to be constitly elevated due to lack of Sleep and Stress

7.) INMATE SIGNATURE *Shannon Carter*      DOC # 70773

8.) RECEIVING STAFF SIGNATURE *(illegible)*      DATE 3/30/16

9.) RESPONSE TO INMATE

Refered to dental

Have you seen a sick call nurse until we can get you in?      APR 01 2016

APPT. SCHED.      4/4/16 CM

YOU'LL BE NOTIFIED THE

DAY OF APPOINTMENT

) RESPONDING STAFF SIGNATURE _____ DATE _____

DOC - 3012 (REV. 7/01)

## INMATE REQUEST FORM

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Shannon Carter | 70773 | 10 c 27 | 4/8/16 |

4.) __REQUEST FORM TO:__ (CHECK BOX)

___ CASEWORKER     ___ MEDICAL     ___ MENTAL HEALTH     ___ CANTEEN

___ EDUCATION     ___ VISITING     ___ LAW LIBRARY     _X_ DENTAL

___ LAUNDRY     ___ PROPERTY ROOM     ___ SHIFT COMMAND

    ___ OTHER _____

5.) NAME OF INDIVIDUAL TO CONTACT: "Dental"

6.) REQUEST: ( PRINT BELOW) I have been requesting to be seen by Dental since 1/20/16 my condition has turned for the worst my gums are swelling and bleeding food is getting in holes in my back teeth causing great pain I havent been able to eat or sleep for weeks now this is causing my Blood Pressure to be Very High I recive a kite back from the denist stating "refused dental" which is not true I have not been contacted anyone to refuse dental the kite also asked if I talked to a nurse which I have twice times and she stated my blood pressure is very high so I need to write a kite which I am. I need to be seen to have my teeth filled Pain is (9) out of (10) cant eat or sleep Blood Pressure Very High [

7.) INMATE SIGNATURE  *Shannon Carter*      DOC # 70773

8.) RECEIVING STAFF SIGNATURE _____ DATE _____

### 9.) RESPONSE TO INMATE

If a nurse is telling you your blood pressure is high Can't she provide an antibiotic +/or a pain pack until we can get you in?   4/13/16   CM/J

     4/13/16 CM/

**APPT. SCHED:
YOU'LL BE NOTIFIED THE
DAY OF APPOINTMENT**

10.) RESPONDING STAFF SIGNATURE _____ DATE _____

DOC – 3012 (REV. 7/0 )

## INMATE REQUEST FORM

| 1) INMATE NAME | DOC # | 2) HOUSING UNIT | 3) DATE |
|---|---|---|---|
| Shannon Carter | 76773 | 10   C 27 | 4/17/16 |

4) __REQUEST FORM TO.__ (CHECK BOX)

__ MENTAL HEALTH     __ CANTEEN

__ CASEWORKER    __ MEDICAL    __ LAW LIBRARY    X DENTAL

__ EDUCATION    __ VISITING    __ SHIFT COMMAND

__ LAUNDRY    __ PROPERTY ROOM    __ OTHER_____

5) __NAME OF INDIVIDUAL TO CONTACT:__ Dental

6) __REQUEST:__ (PRINT BELOW) I ~~Bled~~ First wrote a kite for dental 2/20/16 explaining my Pain in my back teeth due to holes in my molars since then I have wrote sevral more kites due to my condition decreasing I have not been able to sleep or eat due to this Pain which now is effecting my Blood Pressure I was seen by the Nures to have my Blood Pressure checked she stated it was Very High I told her my teeth have been causing me Pain havent ate or slepted she stated write a kite to see the doctor which I did to No avail I recevied my blood Pressure refill from Pill call Nurse I explained to her my Pain in my teeth and that I havent ate or slept She told me she dont deal with "Dental" write a kite Now I dont know what the Procedures are for Serious medical needs are but I need to be seen Now I cant eat or sleep Pain is all that I(t)haue(it effecting my blood Pressure

7) INMATE SIGNATURE Shannon Carter     DOC # 76773

8) RECEIVING STAFF SIGNATURE _____ DATE 4/19/16

9) RESPONSE TO INMATE

_____

_____

_____

_____

10) RESPONDING STAFF SIGNATURE _____ DATE _____

DOC - 3012 (REV. 7/0

EXHIBIT # 3

EXHIBIT # 3



**DIVISION OF HUMAN RESOURCE MANAGEMENT**
**EMPLOYEE WORK PERFORMANCE STANDARDS FORM**

Supervisors are responsible for establishing the initial standards, but standards must be reviewed annually and amended when appropriate. The employee must be given the opportunity to provide comment when the standards are revised (NAC 284.468).

| Employee Name: | Last | First | MI | Employee ID # |
|---|---|---|---|---|
| Class Title: | Dental Assistant II (10.263) | | | Date Standards Est/Rev: |

| Department/Division: | NDOC/Medical/ HDSP | |
|---|---|---|
| Agency # (3 digits) | Home Org # (4 digits): | Position Control #: |

I have read and understand the work performance standards for this position. I understand these standards may be modified after discussion with my immediate supervisor and with the concurrence of the appointing authority.

Employee Signature:                                    Date:

Supervisor Title & Signature:                          Date:

Reviewing Officer Title & Signature:                   Date:

Appointing Authority Title & Signature:                Date:

| Job Elements (Defined as principal assignments, goals, responsibilities and/or related factors.) | *Weighted Value | Performance Standards |
|---|---|---|
| **Job Element #1: Dental Assisting** | 10% | |
| • Prepare and arrange dental instruments, materials and equipment appropriate for the planned procedure(s).<br>• Use four-handed dental assisting techniques.<br>• Clean and sterilize dental instruments according to current CDC standards.<br>• Clean and disinfect all dental operatory surfaces according to current CDC standards.<br>• Pour and trim models.<br>• Schedule patients according to the needs of the institution in concert with the priorities of the applicable Administration Regulations. | | • No exceptions<br>• Extensive knowledge of specialty procedures is above standard.<br>• Extensive knowledge of prosthetic lab procedures is above standard.<br>• Implementation of current infection control standards according to the latest CDC standards is mandatory with no exceptions. |
| **Job Element #2: Expanded Duties** | 10% | |
| • As stipulated by NRS 631, extended duties include:<br>1. Remove sutures.<br>2. Apply/remove periodontal pack.<br>3. Take impressions for study models and of opposing arch. | | • Some experience with expanded duties is standard.<br>• Extensive experience with expanded duties is above standard. |

| Job Element #3: X-Rays | 10% | |
|---|---|---|
| • Expose intra-oral and extra-oral radiographs as directed by the dentist.<br>• Process, mount and label radiographs. | | • Assisting the dentist in the exposure of radiographs is standard.<br>• Certification from the Board of Dental Examiners is above standard. |
| Job Element #4: Patient Care | | |
| • Receive and seat patient.<br>• Clarify purpose of visit with patient.<br>• Update patient medical history<br>• Document any other pertinent information.<br>• Explain and clarify basic information regarding treatment plan.<br>• Explain the patient's responsibilities for continuing care.<br>• Secure patient signature on informed consent forms for special procedures. | | • No exceptions.<br>• Compassionate and respectful treatment is standard.<br>• Ability to translate common dental related questions and instructions is above standard. |
| Job Element #5: OSHA and Safety | 10% | |
| • Demonstrate knowledge of Bloodborne Pathogens Standard.<br>• Practice barrier techniques and universal precautions.<br>• Handle and dispose of sharps and hazard materials according to established State and federal OSHA standards.<br>• Observe safe practices at all times.<br>• Observe terms of safety of self, others, and care of Department property, equipment, and vehicles.<br>• Follow Department accident reporting procedures. | | • No exceptions.<br>• Intentional non-compliance with OSHA standards is below standard. |
| Job Element #6: Patient Instruction | 10% | |
| • Provide basic oral hygiene instruction.<br>• Demonstrate proper tooth brushing and flossing methods.<br>• Discuss the importance of diet.<br>• Provide patient appropriate pre and post-operative instructions. | | • Distribution of oral hygiene instruction materials is standard.<br>• Demonstration of oral hygiene techniques is above standard. |
| Job Element #7: Supplies | 10% | |
| • Maintain medical/dental supplies.<br>• Assist in the inventory process.<br>• Notify appropriate staff when supplies are needed.<br>• Receive and store supplies and materials.<br>• Maintain an accurate tool control inventory in accordance with the security practices of the institution.<br>• Demonstrate knowledge of current procedures in the procurement of supplies and services. | | • No exceptions<br>• Maintenance of adequate supplies of critical materials is standard.<br>• Ability to identify and implement cost saving buying techniques is above standard.<br>• Non-compliance with current procurement procedures is below standard. |

| Job Element #8: Customer Service/Communication and PREA | 10% | |
|---|---|---|
| • Provide quality and quantity of information and service to co-workers and patients.<br>• Answer telephones; greet patients; answer general questions; refer callers/patients to appropriate personnel.<br>• Maintain and project an approachable, open-minded attitude and respect confidentiality to ensure open, two-way communication.<br>• Demonstrate knowledge of HIPPA standards.<br>• Ensure compliance of PREA regulations.<br>• Maintain current status on PREA training and updates. | | • Professional telephone demeanor is standard<br>• Non-compliance with HIPPA standards is below standard; No exceptions. |
| Job Element #9:  Work Ethic | 10% | |
| • Ability to prioritize tasks, estimate time frames, meet deadlines, plan and use available resources and coordinate work assignments with others.<br>• Maintain and possess proficiency with computer programs necessary to perform requirements of position. | | • Adequate organizational skills is considered standard.<br>• Exceptional independent abilities is considered above standard. |
| Job Element #10:  Professionalism | 10% | |
| • Follow NDOC's Personnel Code of Ethics outlined in AR339.<br>• Arrive to work on time, do not waste time or abuse sick leave.<br>• Display a professional demeanor at all times when interacting with staff and inmates.<br>• Be courteous and considerate.<br>• Avoid critical and argumentative statements.<br>• Observe the Chain-of-Command in all interactions and correspondence.<br>• Cooperate with and maintain a good relationship with operations and program staff.<br>• Provide quality and quantity of information and service to co-workers and external customers.<br>• Answer general questions; refer callers/visitors to appropriate personnel.<br>• Maintain and project an approachable, open-minded attitude and respect confidentiality to ensure open, two-way communication. | | • No exceptions.<br>• Participation in institutional committees is above standard. |

*If a weighted value is not designated, each job element has an equal weight.
Distribution:  Original to Agency; Copy to Employee; Copy to Supervisor

NPD-14 Est. 1/03
Revised 3/12

EXHIBIT # 4

EXHIBIT # 4

CARTER, SHANNON     70773

Name _____ DOB _____   MEDICAL ALERTS

| DATE | PULHESD | SERVICES | SIGNATURE |
|---|---|---|---|
| 1/30/01 | | Exam Brief | _illegible_ |
| 10/24/08 | | T/N _illegible_ refusal (GB) | |
| 3/15/13 | | _illegible_ | |
| | | _illegible_ | |
| | | 3.6cc _illegible_ | _illegible_ |
| 4-Dec-12 | | _illegible handwritten notes_ | |
| | | _illegible_ | _illegible_ |
| 2/8/13 | | _illegible handwritten notes_ | _illegible_ |
| 4/14/16 | | _illegible_ | |
| 04/21/16 | | _illegible handwritten notes_ | |
| 05/15/16 | #31 (O) | _illegible handwritten notes_ | _illegible_ |
| 6/6/16 | | _illegible_ | _illegible_ |
| 07/01/16 | #17 (DO) | _illegible handwritten notes_ | _illegible_ |
| 10/0/16 | | R/S EMERGENCY ROOM | _illegible_ |
| 2/1/17 | | Pt brought up for dental appt, but pt did not know why he was scheduled. Did not have chart at time to review his. Dental site requested names for a civil suit only. Advised pt that info can't be released via site form. Pt stated he already had all requested dental tx completed prior. | _illegible_ |

EXHIBIT # 5

EXHIBIT # 5



*Medical*

# State of Nevada
## Department of Corrections

10A

*INMATE GRIEVANCE REPORT*

**ISSUE ID#** 20063023297                    **ISSUE DATE:** 05/10/2016

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CARTER, SHANNON D | 70773 | RTRN_INF | LSTEWART |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| IF | 06/07/2016 | 5 | Denied | RZANER | A |

### INMATE COMPLAINT

### OFFICIAL RESPONSE

THE LAST TIME YOU SAW DENTAL WAS 4/29/16. IT WAS NOTED YOU NEED FILLINGS. BECAUSE OF THE MODIFIED LOCKDOWN ON UNIT 10 THE LIST OF IM FROM UNIT 10 HAS GROWN. YOU ARE ON THE DENTAL LIST AND WILL BE SEEN AT THE NEXT AVAILABLE APPOINTMENT.

*[signature]*

*[signature]* LStewart CNII

GRIEVANCE RESPONDER

CARTER 779: Def. Resp. to RFPD [2]  - 048

Log Number 2006302329?

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: ShannoN Carter          I.D. NUMBER 70773

INSTITUTION: H.D.S.P          UNIT: 10

GRIEVANT'S STATEMENT: H.D.S.P Dential Program and/or Policy is inadequate and Deliberate indifferention to my Serious Medical needs I first informed Dential" to the Pain in my teeth on 2-30-16 I was told I would be scheduled on 3-5-16 I informed Dential" IN more detail of my issue was my back molars had and holes arts in the holes causing Pain and wakes me from my Sleep and I need to be

SWORN DECLARATION UNDER PENALTY OF PERJURY

INMATE SIGNATURE: Shannon Carter          DATE: 5/3/16   TIME: 6 PM

GRIEVANCE COORDINATOR SIGNATURE: [signature]          DATE: 5-5-16   TIME: 8

GRIEVANCE RESPONSE:

CASEWORKER SIGNATURE: [signature] CNTT          DATE: 6/15/16

____ GRIEVANCE UPHELD ____ GRIEVANCE DENIED ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: [signature]          DATE: 6-5-16

____ INMATE AGREES    X    INMATE DISAGREES

INMATE SIGNATURE: Shannon Cart          DATE: 6-22-16

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

DOC 3091 (12/01)



**State of Nevada**
**Department of Corrections**

*INMATE GRIEVANCE REPORT*

i2FBB

**ISSUE ID#**   20063023297                    **ISSUE DATE:**   05/10/2016

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CARTER, SHANNON D | 70773 | RTRN_L1 | ABUENCAMINO |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 1 | 07/26/2016 | 4 | Denied | HSAMS | A |

| INMATE COMPLAINT |
|---|
|  |

| OFFICIAL RESPONSE |
|---|
| Based on your medical records, on 6/16/16, you were evaluated, examined and given the necessary dental treatment (fillings) by the dentist. Several x-rays were performed and you were advised if any other symptoms develop, submit a kite and you will be scheduled accordingly.<br><br>Grievance Denied. |

Tito Buencamino DON SI   8/1/16
*GRIEVANCE RESPONDER*

CARTER 779: Def. Resp. to RFPD [2] - 050

*Medical NB*

Log Number: 20060203047

# NEVADA DEPARTMENT OF CORRECTIONS
## FIRST LEVEL GRIEVANCE

NAME: Shannon Carter                    I.D. NUMBER: 70773

INSTITUTION: H.D.S.P                    UNIT: 12 - F - 13

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063023097, IN A FORMAL MANNER. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY.

INMATE SIGNATURE: Shannon Carter                    DATE: 6-24-16

WHY DISAGREE: I informed dental to my Serious medical need in February modified lockdown was in April their was and is No reason it should have taken a 147 days to be treated for NB A condition that was determined by a dentist needed treatment This Practice and or Policies is Deliberate and Indifferent to my Serious medical needs and must be addressed appropriately

GRIEVANCE COORDINATOR SIGNATURE: _____    DATE: 6-27-16

FIRST LEVEL RESPONSE: SEE ATTACHED

RECEIVED
HDSP

_____ GRIEVANCE UPHELD    _____ GRIEVANCE DENIED    _____ ISSUE NOT GRIEVABLE PER AR 740

WARDEN'S SIGNATURE: _____    TITLE: AWP L    DATE: 8/1/16

GRIEVANCE COORDINATOR SIGNATURE: _____    DATE: 7-26-16

_____ INMATE AGREES  ✓    _____ INMATE DISAGREES

INMATE SIGNATURE: _____    DATE: 8-5-16

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A SECOND LEVEL GRIEVANCE MAY BE PURSUED IN THE EVENT THE INMATE DISAGREES.

Original:       To Inmate when complete, or attached to formal grievance
Canary:        To Grievance Coordinator
Pink:           Inmate's receipt when formal grievance filed
Gold:           Inmate's initial receipt

DOC 3093 (12/01)



8C/1.4A
copy

# State of Nevada
# Department of Corrections

## INMATE GRIEVANCE REPORT

**ISSUE ID#**  20063023297

**ISSUE DATE:**  05/10/2016

| INMATE NAME | NDOC ID | TRANSACTION TYPE | ASSIGNED TO |
|---|---|---|---|
| CARTER, SHANNON D | 70773 | RTRN_L2 | RARANAS |

| LEVEL | TRANSACTION DATE | DAYS LEFT | FINDING | USER ID | STATUS |
|---|---|---|---|---|---|
| 2 | 11/18/2016 | | Denied | VAUSTIN | A |

| INMATE COMPLAINT |
|---|
| |

| OFFICIAL RESPONSE |
|---|
| Mr. Carter,<br>Based on your medical records, on 4/4/16, you were scheduled to see the dentist but unfortunately you were not seen because your unit was on lock down on that day for safety and security reasons. On 4/29/16, you had a dental consult. You were told that you need fillings on teeth #18,19 and 31 and pain medications were prescribed. On 6/6/16, filling was done based on the finding that this tooth had the largest cavity. X-rays were taken. Just like any other Department, inmate services and appointments will be provided using the priority system established by the institution dentist per AR 631. There other inmates waiting for their turn to be seen. A dentist may extract several teeth, or fill multiple teeth, or extract one tooth or fill one tooth depending on the case and the situation and time needed and available. You are advised to submit a kite about your dental complaint and service will be rendered appropriately and accordingly.<br>Grievance denied |

Romeo Arenas, MD
Medical Director NDOC

DEC 1 4 2016

REVIEWED
JAN 1 0 2017
HDSP WARDEN

GRIEVANCE RESPONDER

LOG NUMBER: 20063023297

# NEVADA DEPARTMENT OF CORRECTIONS
## SECOND LEVEL GRIEVANCE

NAME: Shannon Carter                          I.D. NUMBER: 70773

INSTITUTION: H.D.S.P                          UNIT: 12-F-13

I REQUEST THE REVIEW OF THE GRIEVANCE, LOG NUMBER 20063023297 ON THE SECOND LEVEL. THE ORIGINAL COPY OF MY GRIEVANCE AND ALL SUPPORTING DOCUMENTATION IS ATTACHED FOR REVIEW.

SWORN DECLARATION UNDER PENALTY OF PERJURY
INMATE SIGNATURE: Shannon Carter                    DATE: 8-9-16

WHY DISAGREE: It take 147 days to be treated for my serious medical needs upon treatment the dental doctor determined I had 4 more cavities yet refused to treat then told me when I can no longer take the pain put in a kite. I informed him I was in pain and if I put in a kite they will charge me again when I already here I was informed that I would be put on a denial plan this has not happen please Help!

GRIEVANCE COORDINATOR SIGNATURE: _____     DATE: 8-10-16

SECOND LEVEL RESPONSE: _____

RECEIVED
AUG 11 2016
HDSP

GRIEVANCE UPHELD _____  GRIEVANCE DENIED __✓__  ISSUE NOT GRIEVABLE PER AR 740

SIGNATURE: _____  MD  TITLE: M.D.  DATE: 12-14-16

GRIEVANCE COORDINATOR SIGNATURE: _____     DATE: _____

INMATE SIGNATURE: _____                    DATE: _____

## THIS ENDS THE FORMAL GRIEVANCE PROCESS (D)

Original:     To inmate when complete, or attached to formal grievance
Canary:       To Grievance Coordinator
Pink:         Inmate's receipt when formal grievance filed
Gold:         Inmate's initial receipt

RECEIVED
JAN 10 2017
HDSP WARDEN

DOC 3094 (12/01)

EXHIBIT # 6

EXHIBIT # 6

Shannon Carter
Name
P.O. Box 650

Indian Springs NV 89070

70773
Prison Number

FILED

DEC 08 2016

CLERK OF COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

A-16-747779-C
ICOMP
Inmate Filed – Complaint
4605483

Shannon Carter
                    Plaintiff,

    vs.

1.) John Doe (H.D.S.P) (Dentist),

2.) S. Bruns (Dental Ass.),

3.) Jane Doe (Dental Ass.),
The State of Nevada James
Dzurenda Dir. of NDOC,

                    Defendant(s).

CASE NO. A-16-747779-C
            (To be supplied by the Clerk)

DEPT. NO. II

NRS 41.0322   TORT ACTION

CIVIL RIGHTS COMPLAINT
        PURSUANT TO
    42 U.S.C.§ 1983

A. JURISDICTION

1)    This complaint alleges that the civil rights of Plaintiff,
      Shannon Carter
      (Print Plaintiff's name)
      who presently resides at High Desert State Prison , were

      violated by the actions of the below named individuals which
      were directed against The State of Nevada ex. rel N.DOC Diretor
      Dzurenda
      Plaintiff at High Desert State Prison    on the following dates
              (institution/city where violation occurred)

      2/20/16 through 6/16/16        , and                          .
      (Count I)           (Count II)              (Count III)

RECEIVED

DEC 05 2016

CLERK OF THE COURT

**Make a copy of this page to provide the below**
**information if you are naming more than five (5) defendants**

2) Defendant __John Doe_____ resides at __High Desert State Prison__.
      (full name of first defendant)              (address if first defendant)
and is employed as _____Dentist_____. This defendant is sued in his/her
             (defendant's position and title, if any)
    ✓ individual  ✓ official capacity.  (Check one or both).  Explain how this defendant was acting

under color of law: _Deliberate and indeferent to my serious medical need for debuying treatment for 117 day causing woman atrlication of Pain and Damge to teeth via chip teeth sharp edges which cut tounge and effected Blood Pressure_

3) Defendant __Jane Doe_____ resides at __High Desert State Prison__.
      (full name of first defendant)               (address if first defendant)
and is employed as _Medical Director/Desionee, Dentist Ass_. This defendant is sued in his/her
             (defendant's position and title, if any)
    ✓ individual  ✓ official capacity.  (Check one or both).  Explain how this defendant was acting

under color of law: _Deliberate and Indifferent to my serious medical need by debuying treatment when knowing, I was in pain and couldn't eat or sleep_

4) Defendant __Jane Doe_____ resides at __High Desert State Prison__.
      (full name of first defendant)               (address if first defendant)
and is employed as _Medical Director/Desionee, Dentist Ass_. This defendant is sued in his/her
             (defendant's position and title, if any)
    ✓ individual  ✓ official capacity.  (Check one or both).  Explain how this defendant was acting

under color of law: _Deliberate and indifferent to my serious medical need_

5) Defendant _____ resides at _____.
      (full name of first defendant)               (address if first defendant)
and is employed as _____. This defendant is sued in his/her
             (defendant's position and title, if any)
    ___ individual  ___ official capacity.  (Check one or both).  Explain how this defendant was acting

under color of law: _____

2

6) Defendent_____ resides at _____,

                (full name of first defendent)          (address if first defendent)
and is employed as_____. This defendent is sued in his/her

                (defenuent's position and title, if any)
___individual ___official capacity.  (Check one or both). Explain how this
defendent was acting

under color of law:_____

_____


7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and

42 U.S.C.§.1983. If you wish to assert jurisdiction under different or

additional statutes, list them below.

28 U.S.C. § 242, NRS 41.0322. . ._____

_____

-----------------------------------------

### B. NATURE OF THE CASE

1)  Briefly state the background of your case.

H.D.S.P's Dental Program was Deliberate and Indifferent to my Serious
Medical needs by failing to address infected teeth which was causing Severe Pain, Swelling,
Bleeding, lose of Sleep, ability to eat, High Blood Pressur and ultimately a decrease
in my over all ▇▇▇▇ health. Although I informed Dental Multiple times
of my health decreasing do to my teeth H.D.S.P Dental took (117) days
to treat my Serious medical need. During the (117) days dental refused to
treat my decading hole in my back teeth I expurenced Severe Pain and
had Chiped my tooth (3) times damaging the tooth and leaving a Sharp
tip on the tooth which cuts my tongue

8th Amendment Deliberate and Indifferent

### C. CAUSE OF ACTION

## COUNT I

The following civil rights has been violated: ___ 8th Amendment

Deliberate and Indifferent to my Serious medical needs by Dental at High Desert State Prison

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1.) On 2/20/16 I informed dental at High Desert State Prison Via Medical Kite (Here and after) Doc-2500 That I was having Pain in some of my back teeth and would like to be seen.

2.) I also informed dental that I had been in Prison Since 2001 and had only been to dental once, in hopes that dental would understand my issue was genuine.

3.) On 2/29/16 I received a copy of my Doc-2500 stating Appt. Scheduled by defendant S. Bruns

4.) Thereafter, I wrote dental again informing them in more detail of my issue hole in my back molar food gets in causing Pain and loss of Sleep

5.) Weeks later I informed dental again that my issue with my teeth was worsing effecting my over all health that I havent eat in (3) days and havent Slept in (4) effecting my Blood Pressure.

6.) Weeks later I had still never been Seen. By this time my gums were bleeding with Swelling white blisters on my gums

7.) I again informed dental and expressed to them it was effecting my blood Pressure.

8.) Finely after months of excruciating Pain, loss of Sleep, loss of weight from the loss of the ability to eat and out of control (Blood Pressure) (61) days from informing dental of my Serious medical need I was called to dental for an examination.

4

Count (1) continuance

The following civil rights has been violated: __8th amendment__
__Deliberate and Indifferent to my Serious medical need  by__
__Dental at high Desert State Prison__

Supporting Facts: [Include all fact you consider important. State the facts clearly,
in your own words, and without citing legal authority or argument. Be sure you
describe exactly what each specific defendant (by name) did to violate your rights].

9.) After examination it was determined I did have a Serious medical need
which warranted medical attention by a train licend Physicians

10.) I was then told I'd be Placed on a list to be treated by defendant
Jane Doe, John Doe and defendant S. Bruns

11.) I then informed them that I had been filling out kites to be seen and
treated for months.

12.) They Sarcastically stated they new about my many Kites and stated I was making
them look "bad" Calling me mr. ASAP this conversation was between me and all (3) defendants.

13.) I then exspland to defendant #1 #2 and #3 the excruciating Pain I was in and
I beleive it is effecting my blood Pressur. Inwhich they replied dental has nothing
to do with blood Pressur

14.) I was told I was Placed on the list to be trinted and sent back to my unit.

15.) (9) day later I informed dental again that the Pain was to much my condition
was worsing and that my teeth were chiping and had Chiped (2) times since I asked to be treated.

16.) Ultimately it take (117) days to be treated for my Serious medical need causing
unrepairable damge to my teeth chips which left Sharp edges that cuts my tonque and
a (117) days of wanton afflication of Pain which effected my blood Pressur and overall
health inwhich was Deliberate and Indifference to my Serious medical
needs.

## COUNT III

The following civil rights has been violated: _____

_____

_____

Supporting Facts: [Include all fact you consider important. State the facts clearly,
in your own words, and without citing legal authority or argument. Be sure you
describe exactly what each specific defendant (by name) did to violate your rights].

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)    Have you filed other actions in state or federal courts involving the **same or similar facts**
as involved in this action? ____ Yes **X** No. If your answer is "Yes", describe each
lawsuit. (If more than one, describe the others on an additional page following the below

6

outline).

a) Defendants: _____ N/A _____

b) Name of court and docket number: _____

c) Disposition (for example, was the case dismissed, appealed or is it still pending?): _____

d) Issues raised: _____ N/A _____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?**
___ Yes ___ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____ N/A _____

b) Name of court and case number: _____

c) The case was dismissed because it was found to be (check one): ___ frivolous ___ malicious or ___ failed to state a claim upon which relief could be granted.

d) Issues raised: _____ N/A _____

_____

e) Approximate date it was filed: _____

f) Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____ N/A _____

b) Name of court and case number: _____

c)   The case was dismissed because it was found to be (check one): _____ frivolous

_____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous

_____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ✓ Yes ___ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other _____

If your answer is "Yes", provide the following information. Grievance Number 2006302297

Date and institution where grievance was filed 5·2·16 , High Desert State Prison

Response to grievance: Dental record show you had been

Seen grievance denied

8

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Compensatory damages in the following amount:
1) 20,000 jointly and severally against defendant John Doe (H.D.S.P Dentist), S. Burns (Dental Ass.), Jane Doe (Dental Ass.). For Deliberate and Indifference to Plaintiff Serious Medical needs which resulted in chipped and damaged tooth and wanton and affliction of Pain. Punitive damages in the following amount
1) 10,000 against defendant John Doe (H.D.S.P Dentist)
2) 5,000 against defendant S. Burns (Dental Ass.)
3) 5,000 against defendant Jane Doe (Dental Ass.)

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_Shannon Carter_
(Signature of Plaintiff)

_____
(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

11-30-16
(Date)

- - - - - - - - - - - - - - - - -
(Additional space if needed; identify what is being continued)

Damages: Nominal damages in the amount the Jury see fit.

9

AFFIRMATION
Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding _____

_____ Civil Complaint _____
(Title of Document)

filed in District Court Case number _____ N/A _____

☒ Does not contain the social security number of any person.

**-OR-**

☐ Contains the social security number of a person as required by:

A. A specific state or federal law, to wit:

_____

(State specific law)

**-or-**

B. For the administration of a public program or for an application for a federal or state grant.

_Shannon Carter_ _11-30-16_
Signature            Date

_Shannon Carter_
Print Name

_Pro-Se_
Title

EXHIBIT # 7

EXHIBIT # 7

Electronically Filed
5/22/2017 2:43 PM
Steven D. Grierson
CLERK OF THE COURT

1   **MDSM**
  ADAM PAUL LAXALT
2     Nevada Attorney General
  BARRACK T POTTER (Bar No. 14105)
3     Deputy Attorney General
  State of Nevada
4   Office of the Attorney General
  555 E. Washington Avenue, Ste. 3900
5   Las Vegas, NV 89101
  Telephone:  (702) 486-3125
6   Facsimile: (702) 486-3773
  E-Mail: bpotter@ag.nv.gov
7
  *Attorneys for Defendants State of Nevada,*
8   *James Dzurenda, Scherrie Bean,*
  *and Ronrico Mangapit*
9

10                        **DISTRICT COURT**

11                   **CLARK COUNTY, NEVADA**

12   SHANNON CARTER,                    CASE NO.   A-16-747779-C

13                 Plaintiff,           DEPT. NO. II

14   v.

15   JOHN DOE HDSP DENTIST, et al.,

16                 Defendants.

17

18                **DEFENDANTS' MOTION TO DISMISS**

19     :  Defendants State of Nevada, ex rel. Nevada Department of Corrections, James

20   Dzurenda, Scherrie Bean, and Ronrico Mangapit, by and through counsel, Adam Paul

21   Laxalt, Nevada Attorney General, and Barrack T Potter, Deputy Attorney General,

22   hereby move to dismiss Plaintiff Shannon Carter's Complaint.  This motion is made

23   pursuant to Nevada Rule of Civil Procedure ("NRCP") 12(b) and based on the following

24   memorandum of points and authorities, the pleadings on file, and any further evidence

25   the Court deems appropriate to consider.

26   . . .

27   . . .

28   . . .

1    ### NOTICE OF HEARING ON MOTION

2    TO:   ALL INTERESTED PARTIES:

3    **YOU WILL PLEASE TAKE NOTICE** that the undersigned will bring the

4    foregoing **DEFENDANTS' MOTION TO DISMISS** on for hearing before Department II

5    of the Eighth Judicial District Court, Clark County, Nevada, Regional Justice Center, 200

6    Lewis Avenue, Las Vegas, Nevada 89155, on the __28__ day of __June__, 2017, at

7    the hour of ___9:00am___.m., or as soon thereafter as counsel may be heard.

8    DATED this 22nd day of May, 2017.

9                                ADAM PAUL LAXALT
                                 Attorney General
10
                                 By:___/s/ Barrack T Potter_____
11                                   BARRACK T POTTER (Bar No. 14105)
                                     Deputy Attorney General
12                                   *Attorneys for Defendants State of Nevada,*
                                     *James Dzurenda, Scherrie Bean,*
13                                   *and Ronrico Mangapit*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    I.    BACKGROUND

3         Plaintiff, Shannon Carter (Plaintiff), is an inmate lawfully incarcerated in the

4    Nevada Department of Corrections (NDOC) and is currently housed at High Desert State

5    Prison (HDSP).  On December 8, 2016, Plaintiff filed a Complaint pursuant to 42 U.S.C. §

6    1983 against John Doe, HDSP Dentist; S. Bruns, Dentist Assistant; Jane Doe, Dental

7    Assistant; the State of Nevada; and James Dzurenda, Director of NDOC.  *See* Compl.  On

8    February 22, 2017, Plaintiff filed an Amended Complaint against Defendants the State of

9    Nevada ex rel. NDOC; James Dzurenda, Director of NDOC; Scherrie Bean, a dental

10   assistant at HDSP; and Ronrico Mangapit, a dentist at HDSP (collectively referred to as

11   "Defendants").   Defendants Bean and Mangapit were served with the Summons and

12   Amended Complaint on April 7, 2017 through the NDOC.   Defendant Dzurenda was

13   served with the Summons and Amended Complaint on April 27, 2017 through the NDOC.

14        Plaintiff asserts one cause of action in his Amended Complaint against the

15   Defendants for deliberate indifference to serious medical needs under the Eighth

16   Amendment.  Am. Compl. at 4.  Plaintiff alleges that Defendants Bean and Mangapit

17   were deliberately indifferent to his serious medical needs for "delaying treatment to (3)

18   effect [sic] teeth[.]   [F]or [one] over 117 days[,] the [second] over 150 and the thired [sic]

19   tooth has still to this day has [sic] not been addressed." *Id.* at 2.  Plaintiff claims that

20   Defendant Dzurenda was deliberate and indifferent by failing to address the inadequate

21   dental procedure at HDSP, which he was aware of or should have been aware of.  *Id.*

22        Plaintiff claims that "on 2/20/16 [he] informed dental at High Desert State Prison,

23   via medical kite, that [he] was having pain in some of [his] back teeth and would like to

24   be seen." *Id.*  "On 2/29/16, [he] received a copy of [his] kite stating apt. scheduled by

25   defendant S. Bean." *Id.*  Plaintiff further alleges that he was called to dental for an

26   examination 61 days from informing dental of his desire to be seen.  *Id.*  At that

27   appointment Plaintiff alleges he was advised he would have to have treatment for his

28   teeth and was placed on a treatment list. *Id.* at 5.

1    In his Amended Complaint, Plaintiff asserts that he attempted to resolve this

2 dispute by submitting grievances to NDOC. *Id.* at 8. Plaintiff specifically references

3 Grievance Number 20063023297. *Id.* Plaintiff alleges in his informal grievance that

4 "HDSP Dental Program and/or Policy is inadequate and deliberate indifference [sic] to my

5 serious medical needs[.]" *See State of Nevada, Department of Corrections, Inmate*

6 *Grievance History,* attached hereto as **Exhibit A**. The official response to that grievance

7 was that "the last time you saw dental was 4/29/16. It was noted you need fillings.

8 Because of the modified lockdown on unit 10 the list of I/M from unit 10 has grown. You

9 are on the dental list and will be seen at the next available appointment." *Id.*

10    Plaintiff then filed a first level grievance disagreeing with the official response and

11 stating "[t]here is no reason it should have taken 117 days to be treated for a condition

12 that was determined by a dentist needed treatment." *Id.* The official response to

13 Plaintiff's first level grievance was that "[b]ased on your medical records, on 6/16/16, you

14 were evaluated, examined and given the necessary dental treatment (fillings) by the

15 dentist. Several x-rays were performed and you were advised if any other symptoms

16 develop, submit a kite and you will be scheduled accordingly." *Id.*

17    Plaintiff filed a second level grievance and stated:

18       It take [sic] 147 days to be treated for my serious medical needs.
         Upon treatment the dental doctor determined I had 4 more
19       cavities yet refused to treat them. He told me when I can no
         longer take the pain put in a kite. I informed him I was in pain
20       and if I put in a kite they will charge me again when I [am]
         already here. I was informed that I would be put on a dental
21       plan. [T]his has not happened. Please help.

22 *Id.* Dr. Aranas stated in the official response that:

23       Based on your medical records, on 4/4/16, you were scheduled to
         see the dentist but unfortunately you were not seen because your
24       unit was on lock down on that day for safety and security
         reasons. On 4/29/16, you had a dental consult. You were told that
25       you need fillings on teeth #18, 19 and 31 and pain medications
         were prescribed. On 6/6/16, filling was done based on the finding
26       that this tooth had the largest cavity. X-rays were taken. Just
         like any other Department, Inmate services and appointments
27       will be provided using the priority system established by the
         institution dentist per AR 631. There other inmates waiting for
28       their turn to be seen. A dentist may extract several teeth, or fill

Page 4 of 9

1   multiple teeth, or extract one tooth or fill one tooth depending on
2   the case and the situation and time needed and available. You
    are advised to submit a kite about your dental complaint and
3   service will be rendered appropriately and accordingly.

4   *Id.*

5   **II.   LEGAL STANDARD**

6   **A.   Failure to State a Claim**

7   A pleading is subject to certain rules; primary among them is that a plaintiff's

8   complaint must adhere to Nev. R. Civ. P. 8(a), which provides:

9   A pleading which sets forth a claim for relief [. . .] shall contain (1)
    a short and plain statement of the claim showing that the pleader
10  is entitled to relief; and (2) a demand for judgment for the relief
    the pleader seeks.  Relief in the alternative or of several different
11  types may be demanded.
12

13  NEV. R. CIV. P. 8(a).  The State of Nevada follows a notice pleading standard as to NEV. R.

14  CIV. P. 8(a) and the sufficiency of the complaint. *See Crucil v. Carson City*, 95 Nev. 583, 585,

15  600 P.2d 216, 217 (1979) ("[T]he pleading of [a] conclusion, either of law or fact, is sufficient

16  so long as the pleading gives fair notice of the nature and basis of the claim."].

17  Nevertheless, even under the notice pleading standard, "[a] complaint must set forth

18  sufficient facts to establish all necessary elements of a claim for relief [. . .] so that the

19  adverse party has adequate notice of the nature of the claim and relief sought." *Hay v. Hay*,

20  100 Nev. 196, 198, 678 P.2d 672, 674 (1984) (internal citations omitted).

21  NEV. R. CIV. P. 12(b)(5) allows this Court to dismiss a complaint for "failure to state

22  a claim upon which relief can be granted."  When reviewing a motion to dismiss under

23  NEV. R. CIV. P. 12(b)(5), this Court "must construe the pleadings liberally and accept all

24  factual allegations in the complaint as true." *Blackjack Bonding v. City of Las Vegas*

25  *Mun. Ct.*, 116 Nev. 1213, 1217, 14 P.3d 1275, 1278 (2000).  In doing so, "this [C]ourt must

26  draw every fair inference in favor of the non-moving party." *Id.*  "'A complaint will not be

27  dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff

28  could prove no set of facts which, if accepted by the trier of fact, would entitle him or her

1  to relief.'" *Id.* (quoting *Simpson v. Mars Inc.*, 113 Nev. 188, 190, 929 P.2d 966, 967

2  (1997)). Conclusory allegations are "not entitled to be assumed true," and a "formulaic

3  recitation of the elements" of a claim is insufficient to state a claim. *Ashcroft v. Iqbal*, 556

4  U.S. 662, 681 (2009) (internal quotation marks omitted). Thus, a complaint that is

5  "vague and conclusory" fails to state a claim. *Madera v. State Indus. Ins. Sys.*, 114 Nev.

6  253, 259, 956 P.2d 117, 121 (1998).

7       "As a general rule, the court may not consider matters outside the pleading being

8  attacked." *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261

9  (1993). "However, the court may take into account matters of public record, orders, items

10  present in the record of the case, and any exhibits attached to the complaint when ruling

11  on a motion to dismiss for failure to state a claim upon which relief can be granted." *Id.*

12  Additionally, "a document is not outside the complaint if the complaint specifically refers

13  to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14 F.3d

14  449, 454 (9th Cir.1994) *overruled on other grounds by Galbraith v. Cty. of Santa Clara*,

15  307 F.3d 1119, 1125–26 (9th Cir.2002).

16       B.    **Service of Process**

17       NEV. R. CIV. P. 12(b)(3) and 12(b)(4) provide for dismissal of an action due to defects

18  in service of process. The Nevada Supreme Court has held that "notice is not a substitute

19  for service of process. Personal service or a legally provided substitute must still occur in

20  order to obtain jurisdiction over a party." *C.H.A. Venture v. G.C. Wallace Consulting*

21  *Eng'rs, Inc.*, 106 Nev. 381 384, 794 P.2d 707, 709 (1990).

22       If a service of the summons and complaint is not made upon a
defendant within 120 days after the filing of the complaint, the
23       action shall be dismissed as to that defendant without prejudice
upon the court's own initiative with notice to such party or upon
24       motion, unless the party on whose behalf such service was
required files a motion to enlarge the time for service and shows
25       good cause why such service was not made within that period. If
the party on whose behalf such service was required fails to file
26       a motion to enlarge the time for service before the 120-day
service period expires, the court shall take that failure into
27       consideration in determining good cause for an extension of
time. Upon a showing of good cause, the court shall extend the

28

1    time for service and set a reasonable date by which service
2    should be made.

3    NRCP 4(i).   "To avoid dismissal of a case, NRCP 4(i) requires a party who fails to

4    effectuate service of process within 120 days from the filing of the complaint to

5    demonstrate good cause for the delay of service." *Saavedra-Sandoval v. Wal-Mart Stores,*

6    126 Nev. 592, 594, 245 P.3d 1198, 1199 (2010).   "Dismissal is mandatory unless there is a

7    legitimate excuse for failing to serve within the 120 days." *Scrimer v. Eighth Jud. Dist.*

8    *Ct. ex rel. Cty. of Clark,* 116 Nev. 507, 512–13, 998 P.2d 1190, 1193 (2000).

9    **III.   ARGUMENT**

10        **A.   Plaintiff's Complaint Fails to Meet the Elements for a Claim for**
              **Deliberate Indifference to Serious Medical Needs and Must be**
11            **Dismissed.**

12        "Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison

13    medical treatment, an inmate must show deliberate indifference to serious medical

14    needs." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

15    The test for deliberate indifference consists of two parts. *Id.*   "First, the plaintiff must

16    show a serious medical need by demonstrating that failure to treat a prisoner's condition

17    could result in further significant injury or the unnecessary and wanton infliction of

18    pain." *Id.*   "Second, the plaintiff must show the defendant's response to the need was

19    deliberately indifferent." *Id.*   The second prong is "satisfied by showing (a) a **purposeful**

20    **act or failure to respond to a prisoner's pain or possible medical need** and (b)

21    **harm caused by the indifference.**" *Id.* (emphasis added).

22        "A difference of opinion between a prisoner-patient and prison medical authorities

23    regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State*

24    *Welfare Div.,* 662 F.2d 1337, 1344 (9th Cir. 1981).   To establish that a difference of

25    opinion amounted to deliberate indifference, the prisoner "must show that the course of

26    treatment the doctors chose was medically unacceptable under the circumstances" and

27    "that they chose this course in conscious disregard of an excessive risk to [the prisoner's]

28    health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996).   When a prisoner alleges

1   that delay of medical treatment evinces deliberate indifference, the prisoner must show

2   that the delay led to further injury. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766

3   F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is

4   insufficient to state a claim of deliberate medical indifference").

5        Here, the crux of Plaintiff's case is that "[t]here is no reason it should have taken

6   117 days to be treated for a condition that was determined by a dentist needed

7   treatment." *See* Exhibit A. However, "mere delay of surgery, without more, is

8   insufficient to state a claim of deliberate medical indifference." *See Shapley*, 766 F.2d at

9   407. Plaintiff has failed to allege "a purposeful act or failure to respond to a prisoner's

10  pain or possible medical need" and "harm caused by the indifference." *Jett*, 439 F.3d at

11  1096. Conversely, Plaintiff admits in his Amended Complaint that he was seen multiple

12  times and treated by the dental office. *See* Am. Compl. *generally; see also* Exhibit A.

13  Therefore, Plaintiff's Complaint fails to state a claim for deliberate indifference to serious

14  medical needs and must be dismissed.

15      **B.   In the Alternative, Plaintiff's Amended Complaint Must be**
16          **Dismissed Against Dzurenda Because Plaintiff Failed to Serve**
            **Within the 120 Day Timeframe and Cannot Show Good Cause for His**
17          **Failure**

18       Plaintiff's Complaint must be dismissed against Dzurenda for failure to serve

19  within 120 days. "To avoid dismissal of a case, NRCP 4(i) requires a party who fails to

20  effectuate service of process within 120 days from the filing of the complaint to

21  demonstrate good cause for the delay of service." *Saavedra-Sandoval v. Wal-Mart Stores*,

22  126 Nev. 592, 594, 245 P.3d 1198, 1199 (2010). "Dismissal is mandatory unless there is a

23  legitimate excuse for failing to serve within the 120 days." *Scrimer v. Eighth Jud. Dist.*

24  *Ct. ex rel. Cty. of Clark*, 116 Nev. 507, 512–13, 998 P.2d 1190, 1193 (2000).

25       On December 8, 2016, Plaintiff filed his Complaint and named Dzurenda as a

26  defendant. Plaintiff did not serve Dzurenda until April 27, 2017, which is 140 days from

27  the time the Complaint was filed. Plaintiff will not be able to show good cause as to why

28  service was not completed within 120 days. Plaintiff will not be able to show good cause

1 as to why a motion to extend time to serve was not filed with this Court.   Therefore,

2 Plaintiff's Complaint must be dismissed against Dzurenda.

3 IV.    CONCLUSION

4       Defendant respectfully requests this Court dismiss Plaintiff's Complaint for failure

5 to state a claim under NEV. R. CIV. P. 12(b)(5) because Plaintiff's Complaint fails to meet

6 the elements for a claim for deliberate indifference to serious medical needs.   In the

7 alternative, this Court should dismiss Plaintiff's Complaint against Dzurenda for failure

8 to serve within 120 days.

9       DATED this 22nd day of May, 2017.

10                                  ADAM PAUL LAXALT
                                    Attorney General
11
                                    By:    /s/ Barrack T Potter
12                                  BARRACK T POTTER (Bar No. 14105)
                                    Deputy Attorney General
13                                  *Attorneys for Defendants State of Nevada,*
                                    *James Dzurenda, Scherrie Bean, and Ronrico*
14                                  *Mangapit*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT # 8

EXHIBIT # 8

Shannon Carter
Name
P.O. Box 650

Indian Springs NV 89070

#70773
Prison Number

```
FILED

FEB 22 2017

[signature]
CLERK OF COURT
```

A-16-747779-C
ACOM
Amended Complaint
4825534

DISTRICT COURT

CLARK COUNTY, NEVADA

Shannon Carter               )          AMENDED COMPLAINT
                  Plaintiff, )
                             )
    vs.                      )          CASE NO. A-16-747779-C
The State of Nevada James    )              (To be supplied by the Clerk)
Dzurenda Dir. of N.D.O.C.    )
S. Bean (Dentist Ass.        )          DEPT. NO.  II
         H.D.S.P.)           )
                             )
Mangapitt (Dentist           )          NRS  41.0322  TORT ACTION
          H.D.S.P)           )
Jane Doe (Dentist            )          CIVIL RIGHTS COMPLAINT
         Ass.)               )               PURSUANT TO
                             )          42 U.S.C.§ 1983
_____      )
             Defendant(s).   )

A. JURISDICTION

1)      This complaint alleges that the civil rights of Plaintiff,

Shannon Carter
(Print Plaintiff's name)
who presently resides at High Desert State Prison , were

violated by the actions of the below named individuals which

were directed against The State of Nevada ex. rel N.DOC Direbr
Dzurenda
Plaintiff at High Desert State Prison on the following dates
      (institution/city where violation occurred)

            Presenty DAY
2/20/16 - ████████ ,              , and _____ .
(Count I)        (Count II)              (Count III)

12

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant <u>James Dzurenda</u> resides at _____,
    (full name of first defendant)                    (address if first defendant)
    and is employed as <u>Director of N.D.O.C</u> . This defendant is sued in his/her
    _____ (defendant's position and title, if any)
    √ individual √ official capacity. (Check one or both). Explain how this defendant was acting

    under color of law: <u>Deliberate and indeferent to my Serious medical need by failing to address</u>
    <u>the inadequate Dental Procedur at (H.D.S.P.) in Which he was are should 'have 'now of</u>
    <u>through multiple Grievances and civil law suits.</u>

3) Defendant <u>S. Benn (Dentist Ass.)</u> resides at <u>High Desert State Prison</u> .
    (full name of first defendant)                    (address if first defendant)
    and is employed as <u>Dentist Assistant</u> . This defendant is sued in his/her
    _____ (defendant's position and title, if any)
    √ individual √ official capacity. (Check one or both). Explain how this defendant was acting

    under color of law: <u>Deliberate and Indeferent to my Serious medical need by delaying</u>
    <u>treatment when Knowing I was in pain and couldn't eat or sleep Via √Kites√</u>

4) Defendant <u>Margarott</u> resides at <u>High Desert State Prison</u> .
    (full name of first defendant)                    (address if first defendant)
    and is employed as <u>The Dentist</u> . This defendant is sued in his/her
    _____ (defendant's position and title, if any)
    √ individual √ official capacity. (Check one or both). Explain how this defendant was acting

    under color of law: <u>Deliberate and Indeferent to my Serious medical need for delaying treatment</u>
    <u>to (3) effect teeth for (1) over 117 days and the other over 150 and the √third tooth</u>
    <u>has still to this day has not been addressed.</u>

5) Defendant <u>Jane Doe (A.K.A C.M)</u> resides at <u>High Desert State Prison</u> .
    (full name of first defendant)                    (address if first defendant)
    and is employed as <u>Dentist Assistant</u> . This defendant is sued in his/her
    _____ (defendant's position and title, if any)
    √ individual √ official capacity. (Check one or both). Explain how this defendant was acting

    under color of law: <u>Deliberate and Indeferent to my Serious medical need for</u>
    <u>delaying my treatment when informed I couldn't eat or sleep Via medical</u>
    <u>Kite.</u>

2

6) Defendent_____resides at_____,

      (full name of first defendent)      (address if first defendent)
and is employed as_____. This defendent is sued in his/her

      (defnuent's position and title, if any)
___individual ___official capacity.  (Check one or both). Explain how this
defendent was acting

under color of law:_____

_____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and

42 U.S.C.§.1983. If you wish to assert jurisdiction under different or

additional statutes, list them below.

28 U.S.C. § 242, NRS 41.0322. ._____

_____

———————————————————

### B. NATURE OF THE CASE

1)  Briefly state the background of your case.

H.D.S.P's Dental Program was deliberate and indeferent to my Serious medical needs by failing to address infected teeth which was causing Severe Pain, Swelling, Bleeding, lose of Sleep, ability to eat, High Blood Presure and ultimately a decrease in my over all health. Although I informed dental multiple times of my health decreasing do to my teeth H.D.S.P Dental took (117) days to treat (1) of the (3) effected tooth and has still to this day not treated the 3rd tooth During the (117) days dental refused to treat my decoding hole in my back teeth, I experienced Severe Pain And had Chipped my tooth (3) times permently damaging the tooth and leaving a Sharp tip on the tooth which cuts my tongue

_____

———————————————————

### C. CAUSE OF ACTION

**COUNT I**

The following civil rights has been violated: ___8th Amendment___

___Deliberate and indifferent to my Serious medical needs___

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1.) On 2/20/16 I informed dental at High Desert State Prison, Via medical Kite That I was having Pain in some of my back teeth and would like to be seen.

2.) I also informed dental that I had been in Prison since 2001 and only been to dental once, in hopes that dental would understand my issue was genuine

3.) On 2/29/16 I received a copy of my Kite stating Appt Scheduled by defendant S. Bean

4.) Thereafter, I wrote dental again informing them in more detail of my issue holes in my back molars food gets in causing Pain and loss of sleep.

5.) Weeks later I informed dental again that my issue with my teeth was worsing effecting my over all health that I haven't eat in (3) days and haven't slept in (4) effecting my Blood Pressure.

6.) Weeks later I had still never been seen by this time my gums were bleeding with Swelling white blisters on my gums.

7.) I again informed dental and expressed to them it was effecting my blood pressure.

8.) Finely after months of excruciating Pain loss of Sleep, loss of weight from the loss of the ability to eat and out of control (Blood Pressure) (61) days from informing dental of my Serious medical need I was called to dental for an examination.

COUNT # 1 Continuance

The following civil rights has been violated: 8th Amendment Deliberate and Indifferent to my Serious medical needs

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

9.) After examination it was determined I did have a Serious medical need which warranted medical attention by a traind licend Physician.

10.) I was then told I would be placed on a list to be treated by defendant S. Bean, Mangapitt and Jane Doe

11.) I then informed them that I had been puting in kites to be seen and treated for months.

12.) They Sarcastically Stated they new about my many kites and stated I was making them look "bad" Calling me Mr. ASAP this conversation was between me and all (3) defendants.

13.) I then explain to them the excruciating Pain I was in and that I beleved it was effecting my Blood Pressure In which they replied dental has nothing to do with Blood Pressure

14.) I was then told by defendant S. Bean and Jane Doe (Dentist Ass.) I was Placed on the list to be treated and sent back to my unit.

15.) (9) days later I informed dental again that the Pain was to much my condition was worsing and that my teeth were chiping and had chiped (3) times since. I askd to be treated

16.) Ultimately it take (117) days to be treated for (1) of the three teeth that warranted treatment causing unrepairable damage to my teeth chips which left Sharp

5

COUNT ☒ continuance of count #1

The following civil rights has been violated: ___ 8th Amendment

Deliberate and Indifferent to my Serious medical need

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

edges that cuts my tongue and coused wanton affliction of Pain which effected my Blood Pressure and overall health inwhich was Deliberate and indifferent to my Serious medical needs I fear for the Safty of my health Here at (H.D.S.P) Due to the Sarcastic Statements of making Dental look bad I fear kiting dental and leting them Know that I am still very much in pain and in need of dental attention as they well know from the examination by my dentist.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? ___ Yes ☒ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below

6

App 16

outline).

a)      Defendants: _____ N/A _____

b)      Name of court and docket number: _____

c)      Disposition (for example, was the case dismissed , appealed or is it still pending?):

        _____

d)      Issues raised: _____ N/A _____

        _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

2)   Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted? ____ Yes ____ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)      Defendants: _____ N/A _____

b)      Name of court and case number: _____

c)      The case was dismissed because it was found to be (check one): _____ frivolous ____malicious or ____ failed to state a claim upon which relief could be granted.

d)      Issues raised: _____ N/A _____

        _____

e)      Approximate date it was filed: _____

f)      Approximate date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)      Defendants: _____ N/A _____

b)      Name of court and case number: _____

c)   The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____

b)   Name of court and case number: _____

c)   The case was dismissed because it was found to be (check one): _____ frivolous ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ☒ Yes ___ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) ___ state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other _____

If your answer is "Yes", provide the following information. Grievance Number 20063023297

Date and institution where grievance was filed 5·2·16 High Desert State Prison

Response to grievance: Dental record show you had been seen grievance denied _____

8

App 18

------------------------------

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Compensatory damages in the following amount:
1.) 20,000 Jointly and Severally against defendant, Mangapitt (HDSP) (Dentist) James Dzurenda (NDOC Director) S. Bean (HDSP) (Dentist Ass.) and Jane Doe (HDSP) (Dentist Ass) For Deliberate and Indifference to Plaintiffs Serious Medical needs resulting in chiped and damaged teeth and wanton affliction of Pain.

Punitive Damages in the following amount: 1.) 10,000 against defendant James Dzurenda (N.D.O.C. Director) 2.) 10,000 against defendant, Mangapitt (HDSP) (Dentist) 3.) 5,000 against defendant S. Bean (Dentist Ass.) 4.) 5,000 against defendant Jane Doe (Dentist Ass.)

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_Shannon Carter_
(Signature of Plaintiff)

_____
(Name of Person who prepared or helped
prepare this complaint if not Plaintiff)

_2/8/17_
(Date)

------------------------------

(Additional space if needed; identify what is being continued)

Damages: Nominal damages in the amount the Jury sees fit.

9

## AFFIRMATION
### Pursuant to NRS 239B.030


The undersigned does hereby affirm that the preceding _____

_____ *Civil Complaint* _____
(Title of Document)


filed in District Court Case number _____ N/A _____


☒ Does not contain the social security number of any person.

**-OR-**

☐ Contains the social security number of a person as required by:

A. A specific state or federal law, to wit:

_____
(State specific law)

**-or-**

B. For the administration of a public program or for an application for a federal or state grant.


*Shannon Carter* _____        *2/8/17* _____
Signature                                              Date

*Shannon Carter* _____
Print Name

_____ *Pro - se* _____
Title


App 20

EXHIBIT # 9

EXHIBIT # 9



# Nevada Department of Corrections
## Improper Grievance Memo

Brian Sandoval
*Governor*

James Dzurenda
*Director*

Brian E. Williams, Sr.
*Warden, HDSP*

**TO:** Carter, Shannon        #70773        8C/14

**FROM:** J. Nash, AW

**DATE:** 4/18/2017

**RE: Improper Grievance #2006-30-46164 IF Level Grievance**

The attached grievance is being returned to you for the following reason(s):

---

**This grievance may NOT proceed to the next level Per AR 740.03,5 due to the following:**

☐ Non-grievable issue.
  ☐ State and federal court decision.
  ☐ State, federal and local laws and regulations.
  ☐ Parole Board decision.
  ☐ Lacks standing.

**X** Untimely submission.

☐ Abuse of Inmate Grievance Procedure.
  ☐ Any language, writing or illustration deemed to be obscene, profane or derogatory.
  ☐ A threat of serious bodily injury to a specific individual.
  ☐ Specific claims or incidents previously filed by the same inmate.
  ☐ More than one (1) grievance per week, Monday through Sunday.
  ☐ More than two (2) unfounded, frivolous or vexatious grievances per month.

---

**After correcting the deficiencies(s) listed below; you may re-submit your grievance at the same level.**

☐ The grievance contains more than one (1) appropriate issue.  Only 1 issue is allowed per grievance.

☐ No factual harm/loss noted and/or no remedy requested.

☐ Other; specify:

---

Failure to re-submit the grievance through the prescribed timeframe shall constitute abandonment.

_CCSr BA_____        _4/4/17_        _____        _4.21.17_
Witness Signature        Date        Inmate Signature        Date

cc: Original – Inmate
    Copy - Grievance File

DOC-3098 (01/17)

Log Number 4/21 31 4/2/14

# NEVADA DEPARTMENT OF CORRECTIONS
## INFORMAL GRIEVANCE

NAME: Shannon Carter          I.D. NUMBER: 70773

INSTITUTION: H.D.S.P          UNIT: 8 5/4

GRIEVANT'S STATEMENT: Retaliation on or about February 1 2017
I was placed on Dental sick call by the AG's office to correct
a constitutional Violation by H.D.S.P Dental programs Deliberate
and indifference refusing to treat my affected tooth Which was and
Still is causing extreme pain lost of Sleep High Blood Presure Weight lost from

**SWORN DECLARATION UNDER PENALTY OF PERJURY**

INMATE SIGNATURE: Shannon Carter          DATE: 4.6.17 TIME: 5:30

GRIEVANCE COORDINATOR SIGNATURE: _____          DATE: 4-18-17 TIME: 11:25 AM

GRIEVANCE RESPONSE: See attached response
Not accepted

_____

_____

_____

CASEWORKER SIGNATURE: _____          DATE: _____

____ GRIEVANCE UPHELD  ____ GRIEVANCE DENIED  ____ ISSUE NOT GRIEVABLE PER AR 740

GRIEVANCE COORDINATOR APPROVAL: _____          DATE: 4/19/14

____ INMATE AGREES  ____ INMATE DISAGREES

INMATE SIGNATURE: _____          DATE: 4/21/17

FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM. A FIRST LEVEL GRIEVANCE MAY
BE PURSUED IN THE EVENT THE INMATE DISAGREES.

| | |
|---|---|
| Original: | To inmate when complete, or attached to formal grievance |
| Canary: | To Grievance Coordinator |
| Pink: | Inmate's receipt when formal grievance filed |
| Gold: | Inmate's initial receipt |

DOC 3091 (12/01)

CARTER 779: Def. Resp. to RFPD [2] - 055

EXHIBIT # 10

EXHIBIT # 10

21

Shannon Carter # 70773
P.O. Box 650
Indian Springs, N.V. 89070
Pro-se

FILED

2017 JUN 12 A 9 06

CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY NEVADA

Shannon Carter,

    Plaintiff

V

James Dzurenda, et al.,

    Defendants

Case No. A-16-747779-C
DEPT No. II

DECLARATION IN SUPPORT OF PLAINTIFF
MOTION FOR A TEMPORARY RESTRAING ORDER
AND PRELIMINARY INJUNTION

A-16-747779-C
DECL
Declaration
4656796

Shannon Carter, States:

  1. I am the Plaintiff in this case, I make this delaration in Support of my motion for temporary Restraining order and Preliminary Induction, to ensure I receive adequate medical care Pertaining Specificly to dental and the infected tooth left in my mouth for over a year by the defendants in the instant case.

  2. I have been denied adequate medical care while housed at H.D.S.P resulting in Parmant damage to my teeth, bleeding gum, unable to eat sleep and unecessary wantan inffliction of Pain.

  3. Currently, I am housed at H.D.S.P were I am being outright denied Dental care. On or about February 2, 2017 Attorney General Foster had me Put on dental Sick call list to be treated H.D.S.P Dental Still refuse to treat me "Drop my law suit and the'll treat me" is what they Stated and sent me back to my unit.

  4. The denial of medical care and the retaliational acts of H.D.S.P Dental has made it impossible for me to receive adequate treatment here.

RECEIVED
JUN 05 2017
CLERK OF THE COURT

-1-

5. It is therefore, warranted that this honorable court grant Plaintiffs Temporary Restraining order and Preliminary Injunction, To correct an on going constitutional Violation.

6. It would be unrealistick for Plaintiff to willingly go under the knife of the defendants after being denied for over a year and the retaliation on feburary 2, 2017.

7. It is in the interest of Justice and Judicial Efficiency this court grant Plaintiff Temporary Restraining order and Preliminary Injunction.

Pursuant to 28 u.s.c 1746, I Declare under Penalty of Perjury that the foregoing is true and correct.

Dated this 31 day of May , 2017

Respectfully Submitted

Shannon Carter

Shannon Carter # 70773
P.O. Box 650
Indian Springs NV 89070

## CERTIFICATE OF SERVICE

1

2    I, *Shannon Carter*_____, hereby certify that I am the

3  petitioner in this matter and I am representing myself in propria persona.

4    On this _31_ day of _May_____, _2017_, I served copies

5  of the *Declaration in Support of Plaintiff Motion For A Temporary*

6  *Restraing order and Preliminary Injunction*_____,

7  in case number: _A-16-747779-C_____ and placed said motion(s) in

8  U.S. First Class Mail, postage pre-paid:

9  Address: *Clerk of the Court*

10 Sent to: *200 Lewis Ave 3rd Floor*
          *Los Vegas N.V. 89155-1160*

11

12

13

14    ### DECLARATION UNDER PENALTY OF PERJURY

15    The undersigned declares under penalty of perjury that he is/the

16 petitioner in the above-entitled action, and he, the defendant has read

17 the above <u>CERTIFICATE OF SERVICE</u> and that the information contained

18 therein is true and correct.  28 U.S.C. §1746, 18 U.S.C. §1621.

19    Executed at _High Desert State Prison_____

20 on this _31_ day of _May_____, _2017_).

21

22                    *Shannon Carter*   #70773

23                                        DOP#

24

25                    PETITIONER -- In Proper Person

26

27

28

## AFFIRMATION PURSUANT TO NRS 239B.030

I, _Shannon Carter_____, NDOC# _70773_____,

CERTIFY THAT I AM THE UNDERSIGNED INDIVIDUAL AND THAT THE

ATTACHED DOCUMENT ENTITLED _Declaration in Support of Plaintiff_

_Motion for A Temporary restraining order and Preliminary Injunction._

DOES NOT CONTAIN THE SOCIAL SECURITY NUMBER OF ANY

PERSONS, UNDER THE PAINS AND PENALTIES OF PERJURY.

DATED THIS __31__ DAY OF __may_____, 20 _17_ .


SIGNATURE: _Shannon Carter_____


INMATE PRINTED NAME: _Shannon Carter_____

INMATE NDOC # ____70773_____

INMATE ADDRESS: ~~ELY STATE PRISON~~   High Desert State Prison
                ~~P.O. BOX 1989~~       P.O. Box 650
                ~~ELY, NV  89301~~      Indian Springs NV 89070

EXHIBIT # 11

EXHIBIT # 11



## RELEASE OF LIABILITY FOR REFUSAL OF HEALTH CARE TREATMENT

The undersigned inmate refuses recommended/scheduled healthcare treatment provided by NDOC at this time. Refusing does not necessarily waive his/her right to subsequent health care. Inmate has the right to accept or refuse health care offered at a later date. DOC 2525 Directive to Physicians or other valid declaration shall be honored.

The health care treatment listed below were refused at this time:

### Check all that apply

- [ ] Infirmary Appointment for:
- [x] Dental Appointment for: _rest of TX. Pt. is not having further pain +_
- [ ] Psychiatry/Psychology Appointment for: _wishes to wait for any problems to arise._
- [ ] Physical Therapist Appointment for: _____
- [ ] Optometrist Appointment for: _____
- [ ] Medication (List) _____
- [ ] Chronic Care Clinic for: _____
- [ ] OSHA Protocol for TB/Bloodborne Pathogens: _____
- [ ] Other Describe: _____

COMMENTS: _____

I hereby release the Nevada Department of Corrections from any and all liability and responsibility that might result from my refusal of examination, treatment or testing described above; and further release any and all personnel from any and all liability and/or responsibility that might be incurred.

- [x] INMATE HAS BEEN INFORMED OF THE POTENTIAL ADVERSE MEDICAL CONSEQUENCES OF REFUSAL.

I CERTIFY, I have read or had read to me the contents of this form. This release has been signed under no duress and with full understanding of possible hazards which may occur due to refusal.

I further understand that I may be subject to disciplinary action up to and including being financially responsible for all expenses related to this refusal.

| Signature | ID# | Date |
|---|---|---|
| _Shannon Carter_ | 70773 | 11-7-18 |
| INMATE/STAFF SIGNATURE | ID# | DATE |
| _Carly Mott_ | | 11/7/18 |
| HEALTH STAFF WITNESS | | DATE |
| _M. Cottle_ | | 11/7/18 |
| HEALTH STAFF WITNESS ( If second witness necessary ) | | DATE |

NEVADA DEPARTMENT OF CORRECTIONS

## RELEASE OF LIABILITY FOR REFUSAL OF HEALTH CARE TREATMENT

NAME: _Carter_   _Shannon_   _D_
    Last        First       MI

ID# _70773_   INSTITUTION: _HDSP_

Reference Medical Directive 434

DOC 2523 (01/18)

EXHIBIT # 12

EXHIBIT # 12

1  DECL
   ADAM PAUL LAXALT
2    Nevada Attorney General
   BARRACK T POTTER (Bar No. 14105)
3    Deputy Attorney General
   State of Nevada
4  Office of the Attorney General
   555 E. Washington Ave., Ste. 3900
5  Las Vegas, NV 89101
   Telephone:  (702) 486-3120
6  Facsimile:  (702) 486-3773
   E-Mail: bpotter@ag.nv.gov
7
   *Attorneys for Defendants*
8  *State of Nevada, James*
   *Dzurenda, Scherrie Bean,*
9  *and Ronrico Mangapit*

10                    **DISTRICT COURT**

11              **CLARK COUNTY, NEVADA**

12

13  SHANNON CARTER,                    Case No. A-16-747779-C
                                       Dept. No. II
14            Plaintiff,

15  v.                                 **DECLARATION OF SCHERRIE**
                                       **BEAN**
16  JOHN DOE HDSP DENTIST, et al.,

17
              Defendants.
18

19       I, Scherrie Bean, hereby declare based on personal knowledge, that the following

20  assertions are true:

21       1.    I am currently employed by the Nevada Department of Corrections as a

22  Dental Assistant 2.

23       2.    I have been employed with the Nevada Department of Corrections for a total

24  of nine years.

25       3.    My job responsibilities include set up and breakdown before and after

26  treatment.

27       4.    Additionally, I assist the dentist during treatment.

28       5.    I am familiar with Plaintiff, Shannon Carter, inmate number 70773.

                          Page 1 of 2

6. According to his dental chart, Plaintiff was seen on three separate occasions for treatment in 2016.

7. Plaintiff had x-rays taken on April 21, 2016 by Dr. Mangapit.

8. Dr. Mangapit determined that Plaintiff would need multiple teeth filled.

9. Dr. Mangapit completed Plaintiff's first filling on June 16, 2016 and Plaintiff was scheduled for another appointment to address another tooth that Plaintiff was having issues with.

10. Plaintiff was then scheduled for another filling, which was completed by Dr. Mangapit on September 1, 2016.

11. Plaintiff was then scheduled for more treatment on October 6, 2016; however, Plaintiff was rescheduled to February 1, 2017 due to an emergency recall by the prison.

12. Plaintiff was seen by Dr. Bitar and I on February 1, 2017.

13. During that visit, Plaintiff stated that he did not have any dental issues concerning him and that he did not want to be seen for any treatment.

14. Furthermore, Plaintiff claimed that all of his dental treatment had already been completed and he did not even know why he was called to dental.

15. Plaintiff claimed that he did not want to been seen for treatment, but instead wanted the names of the dental assistants for his civil lawsuit.

16. Dr. Bitar told Plaintiff that the requested information could not be released to him and Plaintiff was sent back to his cell.

Pursuant to NRS 53.045, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 30th day of June, 2017.

Scherrie Bean

EXHIBIT #13

EXHIBIT #13

## DECLARATION OF SCHERRIE BEAN

I, Scherrie Bean, being first duly sworn, under penalty of perjury under the laws of the United States deposes and says:

1. In connection with filing this declaration, I was contacted by the Nevada Attorney General's Office, who, on information and belief, is involved in the matter entitled *Carter v. Bean, et al.*, now proceeding in the United States District Court, District Of Nevada, as case number 2:19-cv-01628-RFB-EJY. It was requested that I provide truthful and accurate information concerning the authentication of certain documents and dental care provided to of inmate Shannon Carter (Mr. Carter), #70773;

2. I am a defendant in this matter.

3. In February 2017, I was employed by the Nevada Department of Corrections (NDOC) as a dental assistant.

4. As a former dental assistant, I have knowledge of the process by which inmates request and receive dental care.

5. My job responsibilities as a dental assistant included set up and break down before and after treatment. I also assisted the dentist during treatment.

6. On February 1, 2017, Mr. Carter presented to the High Desert State Prison dental clinic.

7. At the time Mr. Carter presented, Dr. Paul Bitar and myself were present.

8. I did not review Mr. Carter's dental chart prior to him presenting to the HDSP dental clinic on February 1, 2017.

9. During the February 1, 2017, visit, Mr. Carter stated that he did not have any dental issues and he did not want to be seen for treatment.

10. Instead, Mr. Carter wanted the names of HDSP dental staff who had previously provided him care for a lawsuit.

11. Dr. Bitar informed Mr. Carter that he could not release that information, and Mr. Carter left the HDSP clinic.

12. Mr. Carter was not denied dental treatment on February 1, 2017.

13. During the visit, I never referred to Mr. Carter in a derogatory manner or referenced any lawsuit he had filed against me.

14. As of February 1, 2017, I was unaware Mr. Carter had filed a lawsuit against me, or had attempt to serve me in relation to any lawsuit in which I was a named defendant.

EXHIBIT # 14

EXHIBIT # 14

## OFFICE OF THE SHERIFF
## CLARK COUNTY DETENTION
## CIVIL PROCESS SECTION

SHANNON CARTER                    )
                                  )
PLAINTIFF                         )        CASE No. A-16-747779-C
                Vs                )        SHERIFF CIVIL NO.: 17000481
S BEAN - DENTAL ASSISTANT, HDSP   )
                                  )
<u>DEFENDANT</u>                  )        <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEVADA      }
                     }  ss:
COUNTY OF CLARK      }

      NICK TOSCANO, being first duly sworn, deposes and says: That he/she is, and was at all times hereinafter mentioned, a duly appointed, qualified and acting Deputy Sheriff in and for the County of Clark, State of Nevada, a citizen of the United States, over the age of twenty-one years and not a party to, nor interested in, the above entitled action; that on 1/31/2017, at the hour of 1:30 PM. affiant as such Deputy Sheriff served a copy/copies of SUMMONS and CIVIL RIGHTS COMPLAINT issued in the above entitled action upon the defendant S BEAN - DENTAL ASSISTANT, HDSP named therein, by delivering to and leaving with Human Resources Administrator KATIE GUTIERREZ for defendant S BEAN - DENTAL ASSISTANT, HDSP at NDOC-ADMIN OFFICE, 3955 W RUSSELL ROAD, LAS VEGAS, NV 89118  within the County of Clark, State of Nevada, said copy/copies of SUMMONS and CIVIL RIGHTS COMPLAINT

*[handwritten left margin: Day before Visit Dr Baitar said did nt Know I was Suing dental under Oath]*

*I, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE ON NEVADA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATED  February 1, 2017.

                                Joseph M. Lombardo, Sheriff

*OWF*

                                By: *Nick Toscano 9537*
                                NICK TOSCANO
                                Deputy Sheriff

EXHIBIT # 15

EXHIBIT # 15

Electronically Filed
3/25/2019 7:21 AM
Steven D. Grierson
CLERK OF THE COURT

1  TRAN

DISTRICT COURT

CLARK COUNTY, NEVADA

* * * * *

SHANNON CARTER,                    )
                                   )  CASE NO.   A-16-747779
           Plaintiff,              )
                                   )
vs.                                )  DEPT. NO.   II
                                   )
JOHN DOE HDSP DENTIST, DENTIST )
MANGAPITT, S. BEAN, JAMES          )  **Transcript of Proceedings**
DZURENDA, STATE OF NEVADA,         )
                                   )
           Defendants.      )

BEFORE THE HONORABLE RICHARD F. SCOTTI, DISTRICT COURT JUDGE

PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

TUESDAY, JULY 11, 2017

APPEARANCES:

  For the Plaintiff:   PRO SE

  For the Defendants:   THERESA M. HAAR, ESQ.
                        BARRACK T. POTTER, ESQ.

  RECORDED BY:      DALYNE EASLEY, DISTRICT COURT
  TRANSCRIBED BY:   KRISTEN LUNKWITZ

Proceedings recorded by audio-visual recording, transcript
            produced by transcription service.

1

MSJ Exs. 0055

TABLE OF CONTENTS

PAGE

WITNESSES:

DR. PAUL BITAR

    Direct Examination by Ms. Haar:    9

    Cross-Examination by Mr. Carter:    17

    Redirect Examination by Ms. Haar:    23

SHANNON CARTER

    Q/A with the Court:    5

    Cross-Examination by Mr. Potter:    25

MSJ Exs. 0056

1        TUESDAY, JULY 11, 2017 AT 11:47 A.M.

2

3        THE COURT:  All right.  Let's go to page -- I

4   don't have Carter.  All right.  Carter -- *Shannon Carter*

5   *versus John Doe HDSP Dentist*, A-16-747779.  Well, this is a

6   civil matter, which I've put on the -- my criminal stack

7   because I wanted to have the presence of the defendant

8   here.  Appearances, please?

9        MS. HAAR:  Theresa Harr, 12158, on behalf of

10  defendants.

11       MR. POTTER:  Barrack Potter on behalf defendants.

12       THE COURT:  All right.  Very good.  And Mr. Carter

13  -- are you Mr. Carter?

14       MR. CARTER:  Yes.

15       THE COURT:  All right.  Very good.  And, so, a

16  couple things.  We have a renewed -- I think you did a

17  Renewed Motion to Dismiss.  Is that correct?

18       MR. POTTER:  I sent it over on OST, Your Honor.

19  It wasn't signed.

20       THE COURT:  I didn't have time to sign it.  I read

21  it; I didn't have time to sign it.  All right.  I guess we

22  can -- let's just deal with, then, with the Motion for

23  Temporary Restraining Order, I believe, and there's a

24  preliminary injunction as well.

25       MR. POTTER:  That's correct, Your Honor.

3

1        THE COURT:  All right.  So, Mr. Carter, I wanted

2  you here to present your argument on why you believe you're

3  not getting the care that you need and why you need the

4  State to step in.  So, let me ask you a couple questions

5  here.  Because, first of all, it looks like you had -- you

6  had, at one point, three teeth that needed fillings, number

7  18, number 19, and number 31, and you were prescribed pain

8  medication.  And, then, one of your fillings was done and

9  you still had two teeth that needed fillings and you

10 complained that you've been in pain.  You complained that

11 you've -- your gums have been bleeding, you've lost your

12 ability to eat and sleep, you lost weight, overall health

13 has been decreased, your blood pressure has been high, your

14 teeth are infected, and you still haven't been treated.

15 And because of the problem with your teeth, you've cut your

16 tongue.  I see these various allegations of harm here.

17       First of all, what I need to know is have your

18 teeth been fixed yet?

19       MR. CARTER:  No, sir.

20       THE COURT:  All right.  Tell me what's wrong with

21 your teeth.

22       MR. CARTER:  I have three infected --

23       THE COURT:  Well, let's swear you in in first.

24 So, I'm going to ask you to raise your hand and the Court

25 Clerk will administer an oath so your statements can be

4

1    taken under oath.  This is an evidentiary hearing on your

2    request for preliminary injunction.  Go ahead.

3                        SHANNON CARTER

4       [having been first duly sworn, testifies as follows:]

5            MR. CARTER:  Yes, ma'am.

6            THE COURT:  All right.  Tell me what's wrong with

7    your teeth.

8            MR. CARTER:  Yes, sir.  On April of 29th of last

9    year, a High Desert State Prison dentist determined I had

10   three infected teeth in my mouth.  It took 117 days to fix

11   the first one and it took about 150 days to fix the second

12   one.

13           THE COURT:  All right.

14           MR. CARTER:  When I was there, they wanted to

15   extract the teeth and I wanted to have them filled.  And I

16   don't think that they liked that.  I don't -- for some

17   reason, they didn't want to fill them, they wanted to

18   extract them.  But since I insisted on having them filled,

19   they fixed the two and I requested for them to fix the

20   third one, they never fixed it.  So, I'm sorry if -- I've

21   been going through a lot of pain.  I haven't really slept a

22   lot lately.

23           THE COURT:  All right.  So, how many teeth remain

24   unfixed at this point?

25           MR. CARTER:  One.

                                5

1      THE COURT:  And is that -- do you have a number

2   for that tooth out of -- do you know which number tooth

3   that is?

4      MR. CARTER:  I don't.

5      THE COURT:  All right.  So --

6      MR. CARTER:  I just know it's a back --

7      THE COURT:  -- and that tooth, is that tooth

8   presently infected?

9      MR. CARTER:  Yes, sir.

10      THE COURT:  All right.  And is it causing you any

11   discomfort or pain?

12      MR. CARTER:  I couldn't -- I haven't slept that

13   good for the last week or two.

14      THE COURT:  When -- how long has, you know, the

15   medical staff over there known that that tooth has been

16   infected?

17      MR. CARTER:  Since last year of April, Your Honor.

18      THE COURT:  What's the reason that they've given

19   you as to why it hasn't been fixed?

20      MR. CARTER:  Well, I was sent by the Attorney

21   General's office in February of this year to have it fixed.

22   And when I got up there, they called me crybaby, they

23   threatened me, --

24      THE COURT:  All right.

25      MR. CARTER:  -- they said that they weren't going

6

MSJ Exs. 0060

1  to fix my tooth or operate on me.   They don fix teeth for

2  inmates who try to file lawsuits.

3           THE COURT:  Okay.

4           MR. CARTER:  And, at first, I though, you know,

5  this has got to be a joke or something.  Right?  So, then,

6  they were like:  Look, if you're not going to drop your

7  lawsuit, we're not going to fix your teeth.

8           THE COURT:  Well, so, do you have anything

9  scheduled now to have it fixed?

10          MR. CARTER:  No, sir.

11          THE COURT:  All right.

12          MR. CARTER:  If it wasn't for this court date, I'd

13  still be sitting in the cell going through pain right now.

14          THE COURT:  All right.  So, let me ask counsel for

15  the State, are there any questions that you would like to

16  ask Mr. Carter?  You may ask him any questions now on

17  cross.

18          MR. POTTER:  Thank you, Your Honor.

19          THE COURT:  And I wasn't direct examining him, I

20  was just trying to help him since he's pro per and

21  eliciting the information that he has in his paperwork.

22          MS. HAAR:  We've also brought with us the dentist

23  from High Desert State Prison --

24          THE COURT:  Okay.

25          MS. HAAR:  -- who is in the hallway and ready to

7

1    testify if you have questions for him as well.

2           THE COURT:  That'll be helpful, too.  Thank you.

3           MR. POTTER:  Thank you, Your Honor.

4           THE COURT:  So -- and you can either examine him

5    now or put the dentist on first.  Whatever you'd like to

6    do.

7           MR. POTTER:  We're going to put the dentist on

8    first, then call the plaintiff.

9           THE COURT:  All right.  Why don't you go ahead and

10   have a seat, sir?  And we're going to call the dentist to

11   the stand.  You may.

12          MS. HAAR:  Thank you.

13          THE COURT:  Yes, sir.  Please -- Thank you,

14   Marshal.  I appreciate it.  All right.  Remain standing.

15   The Court Clerk needs to administer an oath.

16                         PAUL BITAR

17      [having been first duly sworn, testifies as follows:]

18          THE WITNESS:  I do.

19          THE CLERK:  Can you please state and spell the

20   name for the record?

21          THE WITNESS:  My name is Dr. Paul Bitar, B-I-T-A-

22   R.

23          THE COURT:  Please be seated.  And the Court Clerk

24   will -- wants you to spell your name for us.  Did you spell

25   the whole thing?  I'm sorry.

8

MSJ Exs. 0062

1          THE WITNESS: Paul, P-A-U-L, Bitar is the last

2  name, B-I-T-A-R.

3          THE COURT: All right. Thank you, Doctor, for

4  being here, appreciate it. Counsel, you may proceed.

5          MS. HAAR: Thank you, Your Honor.

6              DIRECT EXAMINATION OF PAUL BITAR

7  BY MS. HAAR:

8     Q    And how are you currently employed, Dr. Bitar?

9     A    I'm the Senior Institutional Dentist at High

10  Desert State Prison.

11     Q    And how long have you been a dentist with High

12  Desert State Prison?

13     A    Almost nine years.

14     Q    And let's talk about the process of how we go from

15  an inmate identifying having tooth pain to actually being

16  in your chair. Walk me through that process step-by-step

17  of what that would look like.

18     A    Well, typically, they fill out a medical kite.

19  Depending on what the issue is, whether it's medical,

20  dental, or psych, they mark the box, they explain what

21  their issue is, and it gets submitted. Usually, a nurse

22  complies all the kites from the units, brings it to the

23  infirmary, we go through them and, based on the dates of

24  the kites, we schedule them appropriately. Also, it's

25  based on priority a little bit. We do take emergencies and

9

1   infections a little more seriously than other things like

2   dentures.  But, typically, it's done by the date off the

3   kite.

4       Q   And how many patients can you see in any given

5   day?

6       A   Typically, we see between 15 and 30, depending on

7   the day.

8       Q   And how many inmates are incarcerated at High

9   Desert State Prison?

10      A   I'm not sure the exact number but it's around

11  3,700, 3,800 inmates.

12      Q   And how many inmates a High Desert have dental

13  problems?

14      A   Right now, we have at least several hundred kites

15  that need to be addressed.

16      Q   So, do you have a timeline for between when an

17  inmate kites to see the dentist and, best case scenario,

18  when you would like to have them seen by?

19      A   Typically, within 60 days is what we respond on

20  the kites.  So, if they put a kite in, by the time we

21  receive it and respond, it's usually within a couple months

22  of that response.

23      Q   And have you had the opportunity to review Mr.

24  Carter's dental chart?

25      A   Yes.  I have.

MSJ Exs. 0064

1          MS. HAAR:  May I approach the witness, Your Honor?

2          THE COURT:  Yes.

3    BY MS. HAAR:

4          Q    This was Exhibit 1 to the State's Opposition.  Do

5    you recognize this, Dr. Bitar?

6          A    Yes.  I do.

7          Q    What do you recognize this to be?

8          A    This is the typical dental chart that we all use

9    on every single patient that we have.

10          Q    And, all right, let's start from about halfway

11    down.  Because, in his preliminary injunction, he states

12    that he started kiting for dental on February 29th, 2016.  I

13    -- can you identify for me the first visit after February

14    of 2016?

15          A    Well, he was scheduled April 14th, I believe, and

16    there is some unit lockdowns so we rescheduled him to the

17    21st of April.

18          Q    And I know it's a really rough copy but can you

19    tell me what -- that April of 2016, what was identified and

20    what was done?

21          A    On the 24th?

22          Q    Yes, please.

23          A    He had an exam of three teeth.  They had found

24    occlusal caries, which are just decay on the tops of the

25    teeth, and was scheduled for fillings.  He was given a pain

11

1    pack of ibuprofen and that was about it on that date.

2        Q    Is there anything on that entry that identifies an

3    infection?

4        A    No.

5        Q    Can you read for me the next time that he was seen

6    by dental?

7        A    I can't read that date.  But, on that day, he had

8    a filling of number 31.  It was the largest cavity upon

9    examination, so we decided to do that one first so it

10   didn't proceed into anything worse that would require it to

11   be extracted.

12            THE COURT:  I'm sorry.  What date was that?

13            THE WITNESS:  I can't read that.

14            THE COURT:  Of the filling?

15            THE WITNESS:  The one after the April 24th -- is

16   that --

17            MS. HAAR:  June --

18            THE WITNESS:  June 16th.

19            MS. HAAR:  June 16th, 2016.

20            THE COURT:  Okay.

21            THE WITNESS:  He was given anesthetic, they had

22   done the filling, and the next visit was to continue

23   fillings.

24   BY MS. HAAR:

25        Q    And, then, was he seen again after the June 2016

12

MSJ Exs. 0066

1   visit?

2      A   He was seen, it looks like September 5th and had

3   another filling on number 19. And same process. And,

4   then, it was noted for his next visit to do number 3.

5      Q   And was there any indication that he was suffering

6   from an oral infection at that time?

7      A   No.

8      Q   And was he scheduled to be seen again for that

9   last --

10      A   Yes. He was scheduled for October 6th but there

11   was some kind of emergency recall in the yard. And, then,

12   he was brought in February 1st of this year and that's when

13   I first saw him.

14      Q   That was your first interaction with him?

15      A   Correct.

16      Q   And was he treated at that time?

17      A   When he first came in, he said that he had

18   completed all treatment and he didn't know why he was

19   there. And he just proceeded to ask for the names of some

20   of the staff in regards to a lawsuit.

21      Q   And if an inmate does not submit a kite to request

22   to be seen by medical and, particularly here, dental, is

23   he's [sic] going to be scheduled to be seen?

24      A   If there is no kite, no.

25      Q   And, in reviewing his medical file, are you aware

13

MSJ Exs. 0067

1  of any kites after February of 2017 where he requested

2  dental treatment?

3       A    No.

4            MS. HAAR:  I have no more questions for this --

5            THE COURT:  So, I'm just a little confused.  You

6  know, looking at this inmate grievance history, there's a

7  reference, then, on November 18, 2016.  I guess that was

8  before you because your first visit was 2-1-17.  But this

9  11-18-16 official response from the State says that he

10  still needed fillings on teeth number 18, 19, and 31 and

11  one was done.  And that -- I'm assuming that would leave

12  two more that remain to be done.  And, so, when do those

13  get done?  Because I heard you mention stuff before

14  November 18, 2016.  But, see, this entry here talks about

15  three -- you can take a look.

16            MS. HAAR:  May I?  Thank you.

17            THE COURT:  Yeah.  Three that still need -- or

18  that were referenced in that November 16th notation.  You

19  can show him that, I'm -- I don't have any other writing on

20  that that's important.

21            MS. HAAR:  The informal --

22            THE COURT:  So, when did those get -- when did

23  those get taken care of?

24            THE WITNESS:  Well, two of those three were

25  mentioned --

14

MSJ Exs. 0068

1   THE COURT:  So, it looks like one still needed to

2 be done.

3   THE WITNESS:  One is correct.  And on that

4 February date, he did not mention he needed anything else.

5 So --

6   THE COURT:  So, it was mentioned, I guess, in

7 November but, then, he came back and forgot about it, or it

8 stopped hurting him, or what?

9   THE WITNESS:  I have no idea.  You'll have to ask

10 him that.

11   THE COURT:  Okay.  Okay.

12   MS. HAAR:  Your Honor, if I may clarify one thing

13 about the grievance report?

14   THE COURT:  Yeah.

15   MS. HAAR:  The original grievance was submitted in

16 May and they go through an informal, a first level, and a

17 second level grievance.

18   THE COURT:  Right.

19   MS. HAAR:  So, simply to exhaust the grievance

20 process in order to bring a lawsuit, he would have had to

21 have continued the grievance.  The initial grievance --

22   THE COURT:  I see.

23   MS. HAAR:  -- was in May, which well predated.

24 And, so, even though he's continuing to exhaust his

25 administrative remedies, the original grievance was from

15

1  May, the informal level was submitted in May.

2      THE COURT:  I see.  Okay.  So, that 11-18 entry is

3  simply just more --

4      MS. HAAR:  A follow-up.

5      THE COURT:  -- a follow-up.  And that other tooth

6  could have been fixed prior to that date.

7      MS. HAAR:  Yes, Your Honor.

8      THE COURT:  All right.  So, I guess your position

9  right now is you're not aware of any present request for

10  filling treatment by this defendant as pending?

11      THE WITNESS:  Correct.  Except when I read the

12  notes after he had left and we had talked and it was noted

13  that he had that one last filling that was noted in

14  September and that's why he was supposed to be seen in

15  February.  I kind of find it odd that he said all treatment

16  was completed.

17      THE COURT:  So, there might -- so he might need a

18  filling.  So, what would be -- if he were to submit another

19  request to have that looked at, it would be your practice

20  to get it scheduled within the next 60 days?

21      THE WITNESS:  Correct.

22      THE COURT:  And analyze his condition and need for

23  treatment and schedule him for treatment in due course,

24  then?

25      THE WITNESS:  Correct.

16

MSJ Exs. 0070

1       THE COURT:  All right.  All right.  Very good.

2  Thank you.

3       MS. HAAR:  Thank you, Your Honor.

4       THE COURT:  I'm going to -- you're going -- I'm

5  going to ask you to stay there.

6       THE WITNESS:  Okay.

7       THE COURT:  And, now, the plaintiff here, Mr.

8  Carter, has a chance to ask you any questions.  Do you want

9  to ask the doctor any questions?

10       MR. CARTER:  Yes, sir.  I would like to, sir.

11       THE COURT:  All right.  You may.

12              CROSS-EXAMINATION OF PAUL BITAR

13  BY MR. CARTER:

14       Q    Dr. -- what was it again, sir?

15       A    Bitar.

16       Q    Bitar.  Sir, is there anything as a follow-up

17  program that you guys have at dental at High Desert?

18       A    A follow-up program?

19       Q    Yeah.  Follow-up care or a follow-up program for

20  inmates that come up and may need more treatment than, you

21  know, the one day allowed or --

22       A    Most inmates require multiple days of treatment,

23  as you are well-aware.  We do not have the capacity to

24  create a book of treatment plan and a book of kites.  So,

25  we go purely off the kite system.

17

1    Q    Okay.  So, there's no follow-up?  So, if you

2  determine somebody needs five cavities, so you can't do

3  them all today --

4    A    You will re-kite after every visit.

5    Q    -- you don't have a follow-up care?

6    A    We re-kite after every visit.

7    Q    Re-kite.  And you said the re-kite takes up to,

8  what, 60 days I think it was?

9    A    When the time we receive the kite.  Yes.

10   Q    About 60 days.  So, for somebody going through

11 extreme pain with a tooth, you think 60 days is an adequate

12 time to have them wait?

13   A    Well, most people on the outside wait a lot longer

14 than that to see their dentist.  So, it's all relative.

15 But your last filling is minor and we have completed the

16 two fillings that were the largest that would cause any

17 particular pain.  So, the fact that you have pain

18 currently, I'm -- I don't really see that.

19   Q    Okay.  Okay.  So, a year wait for a teeth that --

20 not you but the other dentist decided needed treatment.

21 That's -- do you believe that's accurate?

22   A    A year wait?

23   Q    Yeah.

24   A    From when?

25   Q    Because it was determined on April 29th that it was

18

1  three infected teeth, which warranted treatment.

2      A    They were not infected.

3      Q    Okay.

4      A    If they're infected, you do not do fillings on

5  infected teeth.

6      Q    Excuse me.  I apologize.  Three teeth that

7  warranted fillings?

8      A    Correct.

9      Q    So, once they're determined that they need

10 treatment, a year wait, you think, is adequate you're

11 saying?

12     A    You haven't waited a year.

13     Q    Well, April 29th, 2016 until now is a little over a

14 year.

15     A    You've been seen three times.

16     Q    Okay.  But I was -- I came up on February and you

17 told me that you weren't going to treat me until I dropped

18 my lawsuit.  Is that correct?

19     A    No.  I asked you what your name is to sign in and

20 you were confused as to why you were there because you've

21 had all your treatment completed.

22     Q    And, then, you -- and, then, what happened after

23 that?  You informed me that the AG's office sent me up

24 there?

25     A    I didn't inform you.

19

MSJ Exs. 0073

1    Q    No -- no one informed you of that?

2    A    The AG called after you had been seen and I had

3  told them what had happened.  And he was confused because

4  you still had a filling to be done, according to your

5  lawsuit.

6    Q    Okay.  Well, on February 1st, the AG's office sent

7  me up there to get treatment.  And I talked --

8            MR. POTTER:  Objection, Your Honor.

9            MR. CARTER:  I talked to you --

10           THE COURT:  Sir, hold on, sir, one second.

11           MR. POTTER:  The plaintiff is testifying.  Does he

12  have a question?

13           THE COURT:  Well, you know what, he is testifying.

14  I'll allow him a little bit of leeway since it's pro per

15  and he's not familiar with court proceedings.  And I'll

16  treat this as testimony from him under oath out of order.

17  All right.  But let's get to -- this is the time for asking

18  questions, not presenting --

19           MR. CARTER:  Okay.

20           THE COURT:  -- your statements.  Okay?

21           MR. CARTER:  Yes, sir.  Yeah.

22           THE COURT:  So, just stick to questions.

23  BY MR. CARTER:

24    Q    Okay.  Is there a policy when an inmate is placed

25  on dental sick call to be treated?  Is he just allowed to

20

MSJ Exs. 0074

1  come up and refuse treatment?

2        A     You are allowed to refuse treatment.

3        Q     Is there anything that goes with that?

4        A     Usually, there's a refusal form.

5        Q     February, would -- did you have me sign a refusal

6  form, sir?

7        A     When you state that there's no treatment left to

8  do, what are you refusing?

9        Q     Well, obviously, I was placed on a list -- on the

10  dental sick call list for treatment.  Right?

11        A     Correct.  And, then, when I reviewed a kite that

12  was in January, you had just wanted some names on a civil

13  suit.

14        Q     So --

15        A     You didn't express anything about a last filling

16  to be done, or any pain, or anything on that kite.

17        Q     So, what you're saying is that I was placed on the

18  dental sick call for treatment, I refused, and you told me

19  to go back to my unit?

20        A     You didn't refuse.  You said there is no treatment

21  to be done.

22        Q     Okay.

23        A     You can't refuse treatment that's not to be done.

24        MR. CARTER:  May I show you this, Your Honor?

25        THE COURT:  Yeah.  Off -- Marshal?  Let me take a

21

MSJ Exs. 0075

1  look at that.

2          Well, it's a document, you're showing me a

3  document that says:  Release of Liability for Refusal of

4  Health Care Treatment.  It's blank.  It just has an X and

5  is written void on it.

6          MR. CARTER:  Yes, Your Honor.  I --

7          THE COURT:  What did he give -- so, don't testify.

8  You can ask him questions about this.

9          MR. CARTER:  Okay.  What --

10          THE COURT:  Your -- Marshal, give that to the

11  witness.

12          MS. HAAR:  May I see it briefly?

13          THE COURT:  Yes.

14          MS. HAAR:  Thank you.

15          THE COURT:  All right?

16          MS. HAAR:  Okay.  Thank you.

17          THE COURT:  You can ask him --

18          MR. CARTER:  Okay.

19          THE COURT:  -- some questions about it.  See if he

20  knows what it is and who wrote that.  All right?

21  BY MR. CARTER:

22      Q    Down there -- all that is is a form.  It's just a

23  form.

24      A    Uh-huh.

25      Q    I'd like to know if -- it says other.  It says

22

MSJ Exs. 0076

1   dental -- it states other medical needs and it states that

2   if inmates are placed on a dental -- or on medical list,

3   that you're to sign this if you refuse treatment.   Correct?

4       A    Correct.

5       Q    I'd like to know why I didn't sign one of those or

6   why you didn't give me one of those if I refused treatment?

7       A    Again, if you came in with a problem, let's say

8   for example that number 3, you want it done, or you wanted

9   it extracted, or I wanted -- I told you that it needed to

10  be extracted and you said, no, I don't want to have it

11  extracted, that is when you sign a refusal form.   After

12  I've given you particular options on it -- on how to handle

13  a tooth.   When you come in and say that I don't know why

14  I'm here, I've had all my treatment done, then that, to us,

15  sounds like there was a scheduling error.   And when I read

16  your kite from January, it mentioned nothing about a tooth,

17  so there's no treatment to refuse.

18          MR. CARTER:   Okay.   That's all I have for him.

19          THE COURT:   All right.   Anything follow-up from

20  the State?

21          MS. HAAR:   I have very brief follow-up.

22              REDIRECT-EXAMINATION OF PAUL BITAR

23  BY MS. HAAR:

24      Q    We've had some discussion on infections versus

25  cavities.   How would those be scheduled differently in a

23

MSJ Exs. 0077

1   priority system?

2       A    Infections are a high priority.  Typically, when

3   the tooth is -- has extensive decay and it's into the nerve

4   and, then, it causes an infection, it can spread, it can

5   cause cellulitis, those things are more important.  So,

6   obviously, we treat those with more higher priority.

7   Cavities, small caries lesions, those typically take years

8   to accrue to the point where the tooth would need to be

9   assessed and treated appropriately.

10      Q    And have you reviewed Mr. Carter's X-rays?

11      A    Yes.  I have.

12      Q    And, in reviewing those X-rays, did you find any

13  of the remaining cavity that still needs to be filled?

14  What is its condition?

15      A    It is a minor cavity that's had time to be

16  treated.  Obviously, the two that were done previous were a

17  little bit larger and that's why those two were taken care

18  of prior.

19      Q    And a small cavity of this size, do you expect it

20  to be causing excruciating pain, loss of sleep, inability

21  to eat?

22      A    No.

23          MS. HAAR:  Thank you.  No further questions.

24          THE COURT:  All right.  Thank you, Doctor.  Thank

25  you for your time and you're excused, sir.

24

MSJ Exs. 0078

1          You didn't have any follow-up.  Did you?  I didn't

2   --

3          MR. CARTER:  No.

4          THE COURT:  Okay.

5          MR. CARTER:  If I could get that back?

6          THE COURT:  You'll get your paperwork back.  All

7   right.  So, now, let me ask the State if they had any

8   questions.  Thank you.

9          MR. POTTER:  I do, Your Honor.

10          THE COURT:  Any questions for Mr. Carter?

11              CROSS-EXAMINATION OF SHANNON CARTER

12   BY MR. POTTER:

13      Q    So, it's your testimony today that on your

14   February 1st, 2017 appointment, dental refused to treat you.

15   Is that correct?

16      A    Yes, sir.

17      Q    Which is contrary to the testimony that we just

18   heard from the dentist.  Is that correct?

19      A    Yes, sir.

20      Q    Is it also true that you were convicted of

21   statutory sexual seduction, a felony, in October of 2001?

22      A    Yes, sir.

23      Q    Were you also convicted of kidnapping in that same

24   case in 2001?

25      A    Yes, sir.

25

MSJ Exs. 0079

1     Q    Also in 2001, were you convicted of domestic

2  battery, a felony?

3     A    Yes, sir.

4     Q    Along with that case, were you also convicted of

5  kidnapping, a felony?

6     A    Yes, sir.

7     Q    Isn't it true that you haven't submitted any kites

8  since January 6, 2017?

9     A    January 6th --

10    Q    Yes.  That's the kite where you said that you

11 wanted dental assistants' names for your civil lawsuit?

12    A    Kites?

13    Q    Yes.  That's correct.

14    A    I'm not sure.  It may have.  It may have.

15    Q    Okay.

16    A    I'm not positive on that.

17    Q    And, so, earlier when you were alleging that you

18 were in excruciating pain in the April time frame before

19 you were seen then, had you not sent multiple kites in to

20 dental --

21    A    Yes.

22    Q    -- talking about your pain?

23    A    Yes.

24         MR. POTTER:  Okay.  That's all the questions I

25 have, Your Honor.

26

MSJ Exs. 0080

1     THE COURT:  All right.  Thank you.  So, I

2 appreciate everything from everybody.  I'll give you guys

3 each like another thirty seconds to a minute for last word.

4 The State can go first and, then, the plaintiff can go.

5     MS. HAAR:  Thank you, Your Honor.  For a

6 preliminary injunction, first and foremost, the standard is

7 a likelihood of success on the merits.  And, on the merits

8 here of a deliberate indifference claim, it's not even a

9 claim of malpractice or negligence, it's does the dentist

10 know of a serious medical need and, then, has consciously

11 disregarded that need and intentionally and willfully

12 denied medical treatment?  And here, quite simply, the

13 medical record shows that every time he kited to dental,

14 requested to be seen, he was in fact seen.  The dentist

15 can't force him to have more treatment if he's not

16 requesting treatment to be done.

17     And, so, here, from a deliberate indifference

18 standpoint, the dental department at High Desert has not

19 been deliberately indifferent and therefore the likelihood

20 of success on the merits isn't there and doesn't warrant

21 the issuance of a preliminary injunction.

22     THE COURT:  Thanks.  Last word from you, sir?

23     MR. CARTER:  Your Honor, they've -- High Desert

24 State Prison first knew that I needed dental attention in

25 February 2016.  In April of 2016, they determined I needed

27

1  treatment.  I know I might have -- I'm not a dentist so I
2  said an infection but all I know is that they were -- I was
3  in pain.  They determined I needed treatment on all three
4  teeth, sir, not one, not two, but three teeth.  They
5  treated two of them.  I filed multiple grievances, multiple
6  kites, informing them of the pain I was going through and
7  that I needed treatment.  On February 1st, I was sent to
8  dental for a dental call sick called in by the AG's office.
9  And I understand that he stated that for some reason he
10 didn't know that I -- what I was there for.  But they knew
11 who I were -- who I was, they knew I had filed multiple
12 grievances, they knew I had filed multiple kites
13 complaining about their office, they knew I filed a civil
14 lawsuit, and they knew I was in pain.

15       When I went up there February 1st, I asked for help
16 and I asked for them to treat me and they told me that they
17 would not treat me and they called me a crybaby.  They
18 never had me sign a refusal.  He's stating that I came up
19 there out of the blue, which we're not allowed to do, you
20 can only get there if you request some kind of medical
21 care.  So, they knew I was there in need of some kind of
22 attention.  They never treated me.

23       After that, I was scared because they -- I didn't
24 know what to do.  Once the AG's office sent me up there to
25 get treated and they didn't treat me, I didn't know what to

MSJ Exs. 0082

1   do.

2        So, a few -- maybe a couple weeks later, or awhile

3   later, I filed a grievance again and I told them about the

4   issue that happened on February 1st, that they wouldn't

5   treat me, and that they called me a crybaby and everything

6   that happened and, then, they just denied my grievance.

7   They didn't send me up to medical to get treated and I have

8   that grievance here where I asked them to help and fix my

9   tooth again and they won't fix it.  They won't give me the

10  dental care.

11       He's saying that it's a cavity, I can't -- the

12  other night, I tried to pull it out.  It's hurting so bad.

13  I don't know what to do.  All I want is to get adequate

14  dental care.  That's it.  Now I'm scared to death because

15  now if I go back, that's the head dentist right there.

16  Now, I go back to High Desert, I can't go back to his

17  office.  And they're going to keep saying that, oh, this

18  crybaby, he got us in court and this and that, and they're

19  not going to fix my teeth.  And, then, they got this big

20  old needle that they stick in there.  I'm honestly scared,

21  Your Honor.

22            THE COURT:  Well, all right.

23            MR. CARTER:  That's it.

24            THE COURT:  All right.  So, in order to obtain a

25  temporary restraining order or preliminary injunction, it's

29

MSJ Exs. 0083

1   a pretty high burden.  You have to meet the initial showing

2   of that you have a probability of success on the merits and

3   you also need to show that there'll be irreparable harm,

4   those are two of the factors.

5          Here, I don't believe that you can prove

6   probability of success on the merits of your claim, which

7   is deliberate indifference to serious medical needs.

8   You've certainly have shown that there's some delay and

9   perhaps, you know, more delay than we would always -- that

10  you didn't -- we would all like to see for medical care or

11  dental care of our inmates.  But it doesn't, to me, from

12  the evidence I've seen, doesn't rise to a level of being

13  deliberate indifference to serious medical needs.  All

14  right.  There's just a lot of people that need to be

15  treated and limited resources.  And they see you when they

16  can and I don't believe that there's any bad faith, or

17  recklessness, or indifference by the doctor here and I'm

18  sure when you go back to see him he's not going to

19  retaliate against you.  He's going to do -- because he's a

20  professional and he's going to exercise his professional

21  duty of care in treating you.  I have no doubt about that.

22         So, I'm denying your Motion.  You haven't met the

23  burden.  And I suggest that you submit a new kite for

24  further treatment and go in there and he's going to get you

25  still treated -- and reviewed and treated as soon as

MSJ Exs. 0084

1  possible.  As for your underlying lawsuit, I'm going to

2  look at the paperwork because there's a pending Motion to

3  Dismiss.  I'm going to look at that and I'm going to take

4  it under advisement and decide what to do in about a week

5  or so.  Now, if you have any further problems, bring

6  another -- you know how to do the process.

7      Let me tell you, you're quite competent in

8  representing yourself, and presenting yourself, and the

9  paperwork that you filed.  Everything that you've done,

10  I'll tell you, you've done a good job and you would have

11  made a good lawyer.  All right?  So, but anyway, I have to

12  respectfully deny your Motion.  But if, you know, refile if

13  something doesn't happen.  Okay?

14      MR. CARTER:  But, Your Honor, I'm in pain now.

15      THE COURT:  Well, and -- that's why when you get

16  back, file a new kite, indicate that you're in serious

17  pain.  They'll --

18      MR. CARTER:  And he says it takes 60 days.

19      THE COURT:  I know.  He knows about your

20  situation.  I'm sure he'll try to prioritize you in with

21  everybody else.  All right.  I can't -- I -- look, I have

22  to let NDOC and their staff do their job in administering

23  medical care to the great number of people that they have.

24  All right?  It seems like there's not a situation here

25  where you've proven deliberate indifference.  So, on that,

31

MSJ Exs. 0085

1  your Motion will be -- I'm sorry.  Your Complaint will be

2  reviewed and I'll decide that in due course.  All right?

3       MR. CARTER:  Yes, sir.  Can I say one more thing?

4       THE COURT:  So, thank you.  No.  I got -- well,

5  one last word.

6       MR. CARTER:  As far as the deliberate

7  indifference, sir, one, they know about it --

8       THE COURT:  Yeah.

9       MR. CARTER:   -- two, they said it needs to be

10  treated and, three, they're not treating it.  How much more

11  deliberate indifference do you have to give?

12       THE COURT:  Well, because I -- because the

13  evidence that was before me, I found the doctor's testimony

14  to be credible that when you went to see him in February

15  that you didn't mention the two.  And I found him credible

16  on that -- in that regard.  And, so, he -- if you had told

17  him, I need this tooth fixed, I think he would have fixed

18  it for you.  So, do another kite, if it doesn't get fixed,

19  come see me again.  All right?  Then I'll know there's a

20  problem.  All right?

21       MR. CARTER:  They're not going to fix it.

22       THE COURT:  They're going to fix it if you've got

23  a problem.  All right.  Thank you.

24       MS. HAAR:  Thank you, Your Honor.

25       THE COURT:  Thank you.

32

MSJ Exs. 0086

1          MR. POTTER:  Thank you, Your Honor.   I'll draft

2   the Order.

3

4                       *  *  *  *  *

5               PROCEEDING CONCLUDED AT 12:21 P.M.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

33

MSJ Exs. 0087

CERTIFICATION

I certify that the foregoing is a correct transcript from the audio-visual recording of the proceedings in the above-entitled matter.

AFFIRMATION

I affirm that this transcript does not contain the social security or tax identification number of any person or entity.

KRISTEN LUNKWITZ
INDEPENDENT TRANSCRIBER

34

MSJ Exs. 0088

EXHIBIT #16

EXHIBIT #16

*Possible legal documents*
*Please Return for my*
*• Records*
*Case Nu# A-16-747779-C*

**INMATE REQUEST FORM**

| 1.) INMATE NAME | DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|---|
| Shannon Carter | 70773 | 8 C 14 | 7-16-17 |

**4.)** REQUEST FORM TO: (CHECK BOX)

___ CASEWORKER     ___ MEDICAL       ___ MENTAL HEALTH    ___ CANTEEN

___ EDUCATION      ___ VISITING      ___ LAW LIBRARY      ___ DENTAL

___ LAUNDRY        ___ PROPERTY ROOM   ___ SHIFT COMMAND

                                        X OTHER  Warden

**5.)** NAME OF INDIVIDUAL TO CONTACT: B. William   Warden

**6.)** REQUEST: ( PRINT BELOW) I would like to Personaly inform you I am being dienied Dental care here at high Desert state Prison, On 7-13-17 I went to court your hired dentstures there I informd the court and the dentist I was in Pain and needed to be treated 4-29-16 (HDSP) dental determined I have (3) teeth that warranted treatment #18 #19 #31, #18 and #19 were treated #31 was not I have informed dental ☒ via grievances, civil complaint, Dental sick call, and a court hearing. That I was in pain and need to be treated I am in pain and have been for over a year can't sleep, eat Pain (9) out of (10) Please help.

**7.)** INMATE SIGNATURE   Shannon Carter                DOC # 70773

**8.)** RECEIVING STAFF SIGNATURE _____  DATE _____

**9.)** RESPONSE TO INMATE

HIGH DESERT STATE PRISON
16 2017

I am in receipt of your letter & CID Medical will be in contact to schedul you an appointment

**10.)** RESPONDING STAFF SIGNATURE ___B. Will___   DATE 7-17-17

DOC – 3012 (REV. 7/01)

EXHIBIT #17

EXHIBIT #17

# Minutes of Proceedings
2:17-cv-01628-RFB-GWF Carter v. Bean et al

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 10/18/2018 at 8:18 PM PDT and filed on 10/10/2018

Case Name:        Carter v. Bean et al

Case Number:     2:17-cv-01628-RFB-GWF

Filer:

Document Number: 33(No document attached)

Docket Text:
MINUTES OF PROCEEDINGS - Motion Hearing held on 10/10/2018 before the Honorable Richard F. Boulware, II. Crtrm Administrator: *Blanca Lenzi*; Pla Counsel: *Shannon Carter, Pro Se*; Def Counsel: *Matthew Feeley, Deputy A.G., Frank Toddre, Deputy A.G*; Court Reporter: *Patty Ganci*; Time of Hearing: *12:03 PM - 12:26 PM*; Courtroom: *7C*.

*Pro se* Plaintiff Shannon Carter is present in custody. The Court makes preliminary statements and hears representations of plaintiff and defense counsel regarding the [11] Motion for Temporary Restraining Order and [12] Motion for Preliminary Injunction.

For the reasons stated on the record at the hearing,

IT IS ORDERED that Plaintiff Shannon Carter's [11] Motion for Temporary Restraining Order is DENIED without prejudice pending the resolution presented by the Defendants. Defense counsel shall make the arrangements to have plaintiff evaluated by a dental professional to address the dental issues that plaintiff has to be addressed within a two week time frame. A notice of compliance shall be filed under seal.

IT IS FURTHER ORDERED that Plaintiff Shannon Carter's [12] Motion for Preliminary Injunction is DENIED without prejudice.



Shannon Carter # 70773
P.O. Box 7007
Carson City N.V. 89702

70773----

LEGAL MAIL

FILED
ENTERED

OCT 13 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:

Clerk, U.S. D
333 Las Veg
Las Vegas

USPS PRIORITY

P
COMMERCIAL B

MAIL ROOM
STATE OF NEVADA MAIL SERVICES
720 E FIFTH ST
CARSON CITY NV 89701

SHIP
TO:    CLERK US DISTRICT COURT
333 LAS VEGAS BLVD S S
LAS VEGAS NV 891

Hasler
10/05/2020
US POSTAGE