AARON D. FORD
  Attorney General
Wade J. VanSickle (Bar No. 13604)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3216 (phone)
(702) 486-3773 (fax)
Email: wvansickle@ag.nv.gov

*Attorneys for Defendants Scherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry Howell, Jennifer Nash, and Brian Williams*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER, | Case No. 2:17-cv-01628-RFB-EJY |
| Plaintiff, | **DEFENDANTS' SUPPLEMENT TO OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT (ECF NO. 49)** |
| v. | |
| S. BEAN, BITAR, and J. NASH, *et al.*, | |
| Defendants. | |

Defendants, Scherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry Howell, Jennifer Nash, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Wade J. VanSickle, Deputy Attorney General, hereby submit this Supplement to Opposition to Plaintiff's Partial Motion for Summary Judgment (ECF No. 49).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Carter is not entitled to summary judgment on his Fourteenth Amendment due process claims because his underlying Eighth Amendment deliberate indifference to a serious medical condition claims fail as a matter of law.

Defendants' submit this Supplement out of an abundance of caution and to reaffirm

1

Carter is not entitled to summary judgment on any of his claims. Carter asserts in his Reply that his Fourteenth Amendment due process claim should be granted because Defendants' Opposition was "silen[t]" and "should be taken as the defendant concede to and Plaintiff granted summary judgment as to that claim." ECF No. 74 at 5.[1]

Carter's unfounded argument should be rejected because Defendants established in both their pending Motion for Summary Judgment (ECF No. 69) and Opposition to Plaintiff's Partial Motion for Summary Judgment (ECF No. 73)[2] that Carter's Eighth Amendment medical indifference claims fail as a matter of law. Since Carter cannot prevail on his medical indifference claims, the Fourteenth Amendment due process claim also fails since it is contingent upon a finding that the Defendants' indifference "shocks the conscience." Accordingly, Carter's Motion for Partial Summary Judgment should be denied on all grounds.

## II. LEGAL STANDARD

Pursuant to FED. R. CIV. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To carry this burden, the moving party need not introduce any affirmative evidence

---

[1] Defendants' inadvertently misunderstood the screening order (ECF No. 44) to have precluded Carter from proceeding on a substantive due process claim and requested an opportunity to brief the issue if the Court had ruled to the contrary. ECF No. 73 at 2 n.1.

[2] To preserve judicial resources, Defendants incorporate the arguments set forth in these documents. Furthermore, the Court may take judicial notice these documents. See Fed. R. Evid. 201; *Harris v. Cty. Of Orange*, 682 F.3d at 1132 ("We may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001), including documents on file in federal or state courts."); *Insurance Co. of North America v. Hilton Hotels U.S.A., Inc.*, 908 F. Supp. 809, 812 n 1 (D. Nev. November 20, 1995)(holding the Court may take judicial notice of copies of the pleadings, motions, and discovery responses in the matter before it as well as the underlying matter).

(such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

If the party seeking summary judgment meets its burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First National Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968); *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact and defeat summary judgment. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). An affidavit or declaration will not defeat summary judgment if it contains no more than conjecture or a scintilla of evidence insufficient to support a jury verdict. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). "A non-movant's bald assertions or a mere scintilla of evidence are both insufficient to withstand summary judgment." *FTC v. Stephanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007)).

A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See S.E.C. v. Seaboard Corp.*, 677 F.2d 1289, 1293 (9th Cir. 1982); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982).

3

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 473 (1962).

### III.   LEGAL DISCUSSION

A prisoner may assert a Fourteenth Amendment substantive due process claim if the prisoner can show that the deliberate indifference of prison officials to medical needs of the prisoner "shock the conscience." *Lemire v. Cal. Dept. Corrs. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013). "A prison official's deliberately indifferent conduct will generally "shock the conscious' so long as the prison official had time to deliberate before acting or failing to act in a deliberately indifferent manner." *Id*. at 1075.

Here, Carter is not entitled to summary judgment on his Fourteenth Amendment due process claim because he is not entitled to summary judgment on the underlying Eighth Amendment medical indifference claims. Carter's argument that Defendants conceded he is entitled to summary judgment is illogical.

As established in Defendants' Motion for Summary Judgment and Opposition, Carter did not suffer from a serious medical condition, Defendants were not indifferent to Carter's medical condition, and Defendants are entitled to qualified immunity. ECF No. 69 at 12-21, 24-27; ECF No. 73. Accordingly, Carter's Partial Motion should be denied with respect to the medical indifference claims. Since Defendants established Carter cannot prevail on the medical indifference claims, Carter cannot prevail on the due process claims because he cannot prove Defendants' acted with indifference that "shocks the conscious." *Lemire*, 726 F.3d 1075; see also *Albright v. Oliver,* 510 U.S. 266, 273 (1994) (plurality opinion of REHNQUIST, C.J.)(Because we have "always been reluctant to expand the concept of substantive due process," *Collins v. Harker Heights, supra,* at 125, 112 S.Ct., at 1068, we held in *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the

guide for analyzing these claims."). Thus, Carter's Partial Motion, including the due process claims, should be dismissed.

## IV. CONCLUSION

Carter is not entitled to summary judgment on the Fourteenth Amendment due process claims because his underlying Eighth Amendment deliberate indifference claims against all Defendants fail as a matter of law. For the reasons set forth in Defendants' pending Motion for Summary Judgment (ECF No. 69), summary judgment in favor of all Defendants is proper. As such, Carter's Partial Motion should be denied, and Defendants' Motion for Summary Judgment (ECF No. 69) should be granted.

DATED this 20th day of October, 2020.

                        AARON D. FORD
                        Attorney General

                        By:   /s/ Wade J. VanSickle
                              Wade J. VanSickle (Bar No. 13604)
                              Deputy Attorney General
                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on October 20, 2020, I electronically filed the foregoing **DEFENDANTS' SUPPLEMENT TO OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT (ECF NO. 49)** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, addressed to the following:

Shannon Carter #70773
Warm Springs Correctional Center
P.O. Box 7007
Carson City, NV 89702
**wscclawlibrary@doc.nv.gov**
*Plaintiff, Pro Se*

/s/ Sheri Regalado
Sheri Regalado, an employee of the
Office of the Nevada Attorney General