**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SHANNON CARTER<br><br>Plaintiff,<br><br>v.<br><br>S BEAN et al.,<br><br>Defendants. | Case No. 2:17-cv-01628-RFB-EJY<br><br>**ORDER** |

## I.   INTRODUCTION

Before the Court are Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. ECF Nos. 49,69. For the following reasons, the Court denies Plaintiff's motion and grants in part Defendants' motion.

## II.   PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing a complaint on June 9, 2017. ECF No. 1. On September 28, 2018, Plaintiff filed an amended complaint which was screened on September 26, 2019. ECF Nos. 14, 44. Plaintiff filed a partial summary judgment motion on November 11, 2019. ECF No. 49. Defendants filed a response on November 26, 2019. ECF No. 51. Defendants then filed a motion for summary judgment on July 30, 2020. ECF No. 69. This Court ordered that parties re-brief Plaintiff's partial motion for summary judgement because at that time discovery had not closed. ECF No. 72. Briefing was completed on September 14, 2020 ECF Nos. 73, 74.

This Court ordered Defendants to provide Plaintiff with a copy of their motion for summary judgement and reset the briefing schedule. ECF No. 75. Briefing was completed on October 20, 2020. ECF Nos. 79, 83. On October 28, 2020, this Court held a hearing regarding Plaintiff's partial motion for summary judgment and Defendants' motion for summary judgment. ECF No. 80. This written order now follows.

### III.  FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts:

#### a. Undisputed Facts

On February 20, 2016, Plaintiff filed a medical kite to obtain dental care due to excruciating pain and bleeding gums. On March 5, 2016, Plaintiff followed up with an additional medical requesting a dental appointment because he had a hole in his molar that caused constant pain which would wake him up sometimes. On April 21, 2016, Plaintiff was seen by Dr. Managapit, an member of High Desert State Prison ("HDSP") dental staff, and he determined that Plaintiff needed filings on three teeth (#18, #19, and #31) and prescribed pain medication; however, treatment was not provided that day. On May 2, 2016, Plaintiff filed an informal grievance requesting to be seen by dental staff for his dental treatment. Defendant Stewart denied the grievance on June 7, 2016 noting that Plaintiff needed filings and he was on the appointment list to see dental. On June 16, 2016, Plaintiff was seen by dental staff and only received a filling in tooth #31. Also, at this visit Plaintiff underwent four (4) x-rays, was given anesthetic, and was scheduled to have another filling. On June 24, 2016, Plaintiff filed a first level grievance complaining about the amount of time it had taken to resolve his serious medical need. Defendant Buencamino denied the grievance on July 26, 2016 noting Plaintiff was seen by dental on June 16, 2016. This was signed off by Defendant Howell. On August 9, 2016, Plaintiff filed a second level grievance again requesting to

be seen by dental and expressing that he was in pain due to the lack of treatment. In September 2016, Plaintiff was seen by dental staff and they filled tooth #19. On October 6, 2016 Plaintiff went to dental again but had to reschedule because a of an emergency recall. On November 16, 2016, Defendant Aranas denied Plaintiff's August 9, 2016 grievance, and noted that Plaintiff had two teeth filed. On December 8, 2016, Carter filed an action in Eighth Judicial District Court, Clark County Nevada, Case No. A-16-747779-C ("State Court Matter"). The state court complaint generally alleged that in early to mid-2016 the defendants refused to treat his dental conditions resulting in excessive pain, bleeding gums, and lack of sleep. On January 31, 2017, a copy of the summons and complaint were served upon Katie Gutierrez, an NDOC administrative assistant, on behalf of Defendant Bean. On January 6, 2017, Plaintiff submitted a medical kite to the medical director which was forwarded to dental notifying them he filed a civil complaint due to NDOC's constitutional violation regarding his dental care and Carter requested the names of the staff so they could be named defendants in the State Court Matter. On February 1, 2017, Plaintiff was seen by Defendants Bitar and Bean, but was not treated. On April 21, 2017, Plaintiff filed a grievance alleging he was retaliated against at his February 1, 2017 dental appointment because he filed a civil action against HDSP employees. On April 18, 2017, this grievance was denied for being untimely. On July 16, 2017, Plaintiff filed another grievance, which Defendant Williams timely answered. Defendant Williams informed Plaintiff that he would contact medical and they would get back to him. Plaintiff voluntarily dismissed his State Court Matter to pursue this case on August 28, 2019.

### b. Disputed Facts

Parties dispute what occurred at Plaintiff's February 1, 2017 appointment with Defendants Bitar and Bean and ultimately dispute the reasons why Plaintiff did not receive

treatment. Plaintiff contends that Defendants Bitar and Bean refused to treat his remaining tooth to retaliate against Carter for filing a lawsuit against Defendants. On the other hand, Defendants Bean and Bitar contend that at the appointment, Plaintiff told them that he did not know why he was sent to dental; therefore, Defendants did not treat him. The parties also dispute the legal effect of the circumstances—namely whether Plaintiff had a serious medical need that was disregarded by HDSP staff.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

After reviewing the record, the Court concludes that genuine issues of material fact exist which, if resolved in Carter's favor, could enable a jury to find that Defendants Bean and Bitar

were deliberately indifferent to Plaintiff's medical needs and retaliated against Carter for filing he State Court Matter. Therefore, the Court denies Defendants' summary judgment in part.

### a. Eight Amendment Claims

The Eighth Amendment's prohibition against cruel and unusual punishment requires states to provide medical care to prisoners because they cannot secure medical care for themselves. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). A prisoner asserting an Eighth Amendment claim for denial of medical care must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. There is both an objective and a subjective component to an Eighth Amendment violation. LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).The Ninth Circuit has established a two-part test for deliberate indifference to a serious medical need: First, the plaintiff must establish a serious medical need, meaning that failure to treat the condition could result in "significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Second, the plaintiff must demonstrate the defendant's deliberate indifference to the need, meaning that the prison official "knows of and disregards an excessive risk to inmate health." Id. The defendant's indifference must be intentional. Jett, 439 F.3d at 1096. Further, the plaintiff must show that harm resulted from the defendant's indifference. Id.

### i. Claims against prison officials

First, Defendants argue that Plaintiff failed to establish an Eighth Amendment claim with respect to Defendants Howell, Buencamino, Stewart, and Aranas who all denied Plaintiff's grievances. This Court agrees.

It is undisputed that Plaintiff submitted grievances to these Defendants requesting to be seen by dental staff for treatment. Plaintiff specifically alleges that Defendants were indifferent to

Carter's serious medical needs by knowing Plaintiff had painful infected teeth that needed to be filled. However, based on the undisputed facts, there is no evidence in the record to suggest that Defendants in fact knew of Plaintiff's serious medical need and were deliberately indifferent. These Defendants responded to Carter's grievances and in fact Carter had two filings for his teeth during that period. For example, on May 2, 2016, Plaintiff filed an informal grievance requesting to be seen by dental staff. Defendant Stewart denied the grievance on June 7, 2016 noting that Plaintiff was seen by dental in April 2016 and that Plaintiff in fact was on the dental list and would be seen at the next available appointment. Then on June 16, 2016, Plaintiff was seen by dental staff and received a filling in tooth #31. Defendant Howell signed off Stewart's response. On August 9, 2016, Plaintiff filed a second level grievance again requesting to be seen by dental and expressing that he was in pain due to the lack of treatment. In September 2016, Plaintiff was seen by dental staff and they filled tooth #19. Ultimately, his grievance was denied by Defendants Aranas in November 2016 and he noted that Plaintiff had his second filing.

Although Plaintiff was only able to obtain fillings for two out of three teeth after the April 21, 2016 appointment laying out his treatment plan, these Defendants actions do not constitute a deliberate indifference to Plaintiff's medical needs because Defendants promptly responded to Carter's grievance and he was in fact being treated during that time. Farmer, 511 U.S. at 837 (1994)( "[A] prison official cannot be found liable under the Eighth Amendment…unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Therefore, this Court grants summary judgment to Defendants Howell, Buencamino, Stewart, and Aranas.

/ / /

Second, Defendants argue that Carter cannot prevail on his Eighth Amendment claim against Defendant Nash because she never received, responded to, or signed his submitted grievance. Because Carter was not treated on February 1, 2017, he filed a grievance on April 21, 2017 asserting the Defendant Bean and Bitar retaliated against Carter. Despite Defendant Nash's name being clearly printed on the grievance response, Defendants argue that Defendant Nash did not sign off on the grievance, which should create a genuine issue of material fact. However, the Court finds that even if Nash had received and denied, she still would not have violated Carter's Eighth Amendment rights because Plaintiff still failed to show that Defendant Nash's denial of the grievance for untimeliness demonstrates she was deliberately indifferent to Carter's medical needs. Therefore, this Court grants summary judgment with respect to Defendant Nash.

Third, Defendants argue that Carter's claim against Defendant Williams fail because as warden he was not responsible for Carter's medical care and was not qualified to give medical treatment. This Court agrees. Carter submitted a medical kite to Defendant Williams requesting dental care on July 6, 2017. According to Williams' affidavit, he reached out to HDSP's dental staff and requested an appointment for Carter, and he was advised that they would schedule an appointment. Based on the record, it is apparent that Williams was not deliberately indifferent to Carter's medical but in fact followed up with the correct HDSP staff to address Carter's medical needs. Accordingly, this Court grants summary judgment with respect to Defendant Williams.

Finally, Defendants also argue that as a matter of law Carter's claims against Defendant Dzurenda fail because there is no evidence Dzurenda was aware that Carter was allegedly denied dental care for a serious condition, but nevertheless, intentionally refused to act. This Court agrees. Although, Defendant Dzurenda was served a copy of the complaint filed in State Court Matter, there is no evidence indicating, Dzurenda responded to the complaint or any other documentation

that would put Defendant on notice that Carter was being denied necessary medical care. Therefore, this Court grants summary judgement to Defendant Dzurenda as well.

Accordingly, Plaintiff's Eighth Amendment claim against Defendants Howell, Buencamino, Stewart, Aranas, Nash, Williams, and Dzurenda are dismissed.[1]

### ii. Dental Staff

Defendants argue that Plaintiff's Eighth Amendment claim against Bean and Bitar are barred because Carter failed to timely and properly exhaust this administrative remedies, and even if this Court finds otherwise, Carter's claim still fails because he did not have a serious medical need. This Court disagrees.

The Prison Litigation Reform Act (PLRA) requires that before bringing a § 1983 action, a prisoner must exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion must be proper, meaning that the prisoner must proceed through each step of the prison's grievance procedure. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing Woodford v. Ngo, 548 U.S. 81, 93 (2006)). The level of detail needed in a grievance to properly exhaust under the PLRA depends on the applicable grievance procedures of each individual prison. Jones v. Bock, 549 U.S. 199, 218 (2007). In the absence of a prison policy or procedure specifying a particular level of detail at which grievances must be stated, the Ninth Circuit has held that a grievance is sufficient for exhaustion purposes "if it alerts the prison to the nature of the wrong for which redress is sought." Griffin, 557 F.3d at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).

Here, the Court finds that Carter has exhausted his administrative remedies with respect to claims against Defendants Bean and Bitar. Plaintiff submitted numerous grievances explicitly

---

[1] Because this Court finds that Defendants did not violate Plaintiff's Eight Amendment right this Court does not address whether Defendants are entitled under qualified immunity.

protesting HDSP's delay of treatment and the pain he experienced due to the lack of treatment. It is enough for purposes of exhaustion that Carter's grievances put Defendants and HDSP on notice of "the nature of the wrong for which redress is sought." Griffin, 557 F.3d at 1120. In this case, that wrong is the lack of treatment for Carter's serious medical dental needs.[2] Accordingly, Carter sufficiently exhausted his administrative remedies.

A 'serious' medical need exists if the failure to treat an incarcerated individual's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (citing Estelle, 429 U.S. at 104, 97 S.Ct. 285). Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059–60; see also Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.2000) (citation omitted).  Moreover, "Dental care is one of the most important medical needs of inmates." Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989) (citation omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Id. at 201 (internal quotations omitted). Delay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation unless the delay causes harm. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985).

///

---

[2] This is also true for Plaintiff's First Amendment retaliation claim. Plaintiff filed a grievance on April 21, 2017 alleging Defendants retaliated against him at his February 21, 2017 appointment. Although the grievance was denied for being untimely, this Court finds that Defendants and HDSP was on notice of the nature of the wrong for which redress is sought. Therefore, Carter exhausted his administrative remedies with respect to his First Amendment claim.

Carter's claim arises out of the delay in having his cavities filled which was then associated with the alleged pain, infected teeth, and bleeding gums. Moreover, HDSP dental staff recognized that Plaintiff needed medical treatment and explicitly identified the required treatment on April 21, 2016. Although Plaintiff had two cavities filled, there was significant delay in him receiving his final filling.[3] The Ninth Circuit has held that the "existence of chronic and substantial pain" indicates that a incarcerated individual's medical needs are serious, and recognized that a delay as short as three months in receiving necessary dental care can create a genuine issue of material fact. McGuckin, 974 F.2d at 1060; Hunt, 865 F.2d at 200–01. Therefore, the significant delay in completing his treatment alone creates a genuine issue of material fact. Id.

Defendants argue that even if Carter had a serious medical need, Carter cannot show that Defendants were deliberately indifferent and in fact Carter failed to present any testimony to create a question of fact as to whether Bean and Dr. Bitar's non-treatment of a non-emergent cavity was medically unacceptable or in disregard of a serious health risk. This Court disagrees. Ultimately what occurred at the February 1, 2017 appointment with Bean and Bitar is a genuine dispute of material fact that jury must determine. Therefore, Plaintiff's Eighth Amendment claim against Defendant Bean and Bitar are not dismissed.

### b. First Amendment Claim

In additional to alleging an Eighth Amendment claim, Plaintiff asserts a First Amendment retaliation claim against Defendants Bean and Bitar. To establish a claim for First Amendment retaliation under § 1983 Plaintiff's must show five elements: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

---

[3] In fact, Plaintiff's last tooth was not filled until he pursued an emergency injunction in this case and this Court ordered HDSP to fill Carter's last cavity at the hearing on October 10, 2018—over two and half years from his April 21, 2017 appointment where he was prescribed treatment.

and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. Id. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. Rhodes, 408 F.3d at 567–68. The Plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison, 668 F.3d at 1114. A Plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Id.

Defendants argue that they did not take any adverse action against Plaintiff filing the State Court Matter. Instead Defendants argue that they did not treat Carter at his February 1, 2017 appointment because Carter told them that he did not need treatment. This Court finds that this constitutes a genuine issue of material fact; therefore, summary judgment on this claim shall proceed.

### c. Qualified Immunity

"Qualified immunity protects government officials from civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Chappell v. Mandeville, 706 F.3d 1052, 1056 (9th Cir. 2013) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The qualified immunity inquiry has two

prongs: "(1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific case." Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Under the second prong, courts "consider whether a reasonable officer would have had fair notice that the action was unlawful." Tarabochia v. Adkins, 766 F.3d 1115, 1125 (9th Cir. 2014) (internal quotation marks omitted). While a case directly on point is not required in order for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 739 (2011).

In deciding a claim of qualified immunity where a genuine issue of material fact exists, the court accepts the version asserted by the non-moving party. Ellins v. City of Sierra Madre, 710 F.3d 1049, 1064 (9th Cir. 2013); Coles v. Eagle, 704 F.3d 624, 629 (9th Cir. 2012). Summary judgment must be denied where a genuine issue of material fact exists that prevents a finding of qualified immunity. Sandoval v. Las Vegas Metropolitan Police Dept., 756 F.3d 1154, 1160 (9th Cir. 2014).

Defendants Bean and Bitar are not entitled to qualified immunity on Plaintiff's Eighth or First Amendment claim. There is a genuine issue of disputed material fact and the Court accepts Plaintiff's version of events as the non-moving party. Regarding the Eighth Amendment claim, Plaintiff has met the first prong of qualified immunity by showing that Defendant's alleged conduct violated a constitutional right. He has asserted that Defendants were deliberately indifferent to his serious medical need, filing cavities that caused gum bleeding and pain. As for the second prong of the qualified immunity inquiry, Plaintiff has also met his burden in showing that Defendants violated a clearly established right. Given the serious dental problems alleged which Carter

repeatedly expressed in grievances, this delay does not appear to be an isolated incident of neglect. Based on the facts alleges, it reasonably could be concluded that the delay was deliberate and that it caused Plaintiff to suffer unnecessary wanton infliction of pain. Hunt v. Dental Dept., 865 F.2d 198, 200 (three month delay justified Eighth Amendment claim); see McGuckin, 974 F.2d at 1060.

Regarding the First Amendment claim, Plaintiff has met first prong of qualified immunity by showing that Defendants' conduct violated constitutional rights. Based on Carter's assertions, Defendants violated his First Amendment right by refusing to treat Carter because of the State Court Matter regarding HDSP's violating his Eighth Amendment rights, which is a protected act, thereby chilling Carter's exercise of his First Amendment rights. As for the second prong of the qualified immunity inquiry, Plaintiff has also met his burden in showing that Defendant violated a clearly established right. Rhodes, 408 F.3d at 567–68. The right to be free from retaliation for exercising First Amendment rights has been clearly established for decades. See Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995).

Accordingly, Defendants are not entitled to qualified immunity on Plaintiff's Eighth or First Amendment claim.

**VI.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 69) is GRANTED in part and Plaintiff's Motion for Summary Judgment (ECF No. 49) is DENIED. The parties shall file a joint pretrial order by February 20, 2020 with proposed trial dates beginning June 2021.

**IT IS FURTHER ORDERED** that the Court will reconsider its prior order denying Plaintiff 's motion for the appointment of counsel [ECF No. 33] and now orders that counsel be

1 appointed in this case. This case is referred to the pro bono project for this District for
2 assignment of voluntary pro bono counsel.

**IT IS FURTHER ORDERED** that a status check in this case is set for February 16, 2021 at 10:00 a.m. by videoconference.

**DATED**: November 30, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

14