AARON D. FORD
  Attorney General
Wade J. VanSickle (Bar No. 13604)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3216 (phone)
(702) 486-3773 (fax)
Email: wvansickle@ag.nv.gov

*Attorneys for Defendants Scherrie Bean, Paul Bitar,
Alberto Buencamino, James Dzurenda, Jerry Howell,
Jennifer Nash, and Brian Williams*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER,<br><br>Plaintiff,<br><br>v.<br><br>S. BEAN, BITAR, and J. NASH, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-01628-RFB-EJY<br><br>**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants, Scherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry Howell, Jennifer Nash, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Wade J. VanSickle, Deputy Attorney General, hereby submit this Motion For Partial Reconsideration Of Order Granting In Party, And Denying In Part, Defendants' Motion for Summary Judgment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendants request that this Court grant the present Motion because it committed clear error in holding Plaintiff Shannon Carter (Carter) exhausted his administrative remedies with respect to the First Amendment retaliation claims against Defendants Dr. Bitar and Bean by simply putting NDOC on notice of the redress sought. Defendants maintain that the Court erred in this regarding by focusing on the alleged "notice"

1

Defendants had regarding the alleged wrongdoing. ECF No. 87. However, notice is not sufficient to exhaust administrative remedies. Instead, prisoners are required to not only complete administrative grievance process set forth by Administrative Regulation (AR) 740, but do so correctly. Because it is undisputed the Grievance 2006-30-46164 was untimely, Plaintiff could not appropriately complete the grievance process. Defendants, therefore, respectfully suggest that this Court's reliance on the notice the untimely grievance provided to NDOC is not sufficient to comply with the exhaustion requirements of the PRLA as a matter of law.

## II.  RELEVANT PROCEDURAL POSTURE

On December 1, 2020, the Court issued its Order granting Defendants Motion for Summary Judgment in part, and denying it in part. ECF No. 87

The Court held, among other things, the following facts were undisputed:

- On May 2, 2016, Plaintiff filed an informal grievance requesting to be seen by dental staff for his dental treatment. *Id*. at 2: 18-19.

- Defendant Steward denied the grievance on June 7, 2016 noting Plaintiff needed fillings and he was on the appointment list to see dental. *Id*. at 2: 19-20

- On June 24, 2016, Plaintiff filed a first level grievance complaining about the amount of time it had taken to resolve his serious medical need. *Id*. at 2: 24-25.

- Defendant Buencamino denied the grievance on July 26, 2016 noting Plaintiff was seen by dental on June 16, 2016. *Id*. at 2: 25-26.

- On August 9, 2016, Plaintiff filed a second level grievance again requesting to be seen by dental and expressing that he was in pain due to the lack of treatment. *Id*. at 2: 27-28, 3:1.

- In September 2016, Plaintiff was seen by dental staff and they filled tooth #19. *Id*. at 3: 2-3.

- On November 16, 2016, Defendant Aranas denied Plaintiff's August 9, 2016 grievance, and noted that Plaintiff had two teeth filled. *Id*. at 3: 3-6.

- The state court complaint generally alleged that in early mid-2016 defendants refused to treat his dental conditions resulting

- in excessive pain, bleeding gums, and lack of sleep. *Id.* at 3: 7-9.

- On February 1, 2017 Plaintiff was seen by defendants Bitar and Bean, but was not treated. *Id.* at 3: 15-16.

- On April 21, 2017, Plaintiff filed a grievance (Grievances 2006-30-46164) alleging he was retaliated against at his February 1, 2017, dental appointment because he had filed a civil action against HDSP employees. *Id.* at 3: 17-19.

- On April 18, 2017, this grievance was denied for being untimely. *Id.* at 3: 19-20.

Based on these undisputed facts, the Court found "Plaintiff filed a grievance on April 21, 2017 alleging Defendants retaliated against him at his February 21, 2017 appointment" and "although the grievance was denied for being untimely…Defendants and HDSP was on notice of the nature of the wrong for which redress [was] sought." *Id.* at 9 n2. Based upon these findings, the Court also held Carter exhausted his administrative remedies with respect to the First Amendment claim against Dr. Bitar and Bean. *Id.*

## III.  LEGAL STANDARD

Motions for reconsideration are disfavored. Local Rule 59-1(b); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007)("Reconsideration is 'an extraordinary remedy, to be used sparingly.'")(*citing Kona Enterps., Inc. v. Estate of Bishop*, 229 F.2d 877, 890 (9th Cir. 2000)). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a); *see also Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). It is well established that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could have been raised earlier in the litigation." *Kona Enterps., Inc.*, 229 F.3d at 890.

/ / /

/ / /

## IV. LEGAL DISCUSSION

### A. The Court Erred in Finding Carter Exhausted his Administrative Remedies

The mandatory language of the PLRA means a court may not excuse a failure to exhaust, even to take special circumstances into account. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016)(*citing McNeil v. United States*, 508 U.S. 106, 111, 113 (1993)("We are not free to rewrite the statutory test'" when Congress has strictly 'bar[red] claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Proper exhaustion is the use of "'all steps that the [institution] holds out, and doing so properly (so the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Thus, exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91.

"The level of detail in an administrative grievance necessary to properly exhaust the claim is determined by the prison's applicable grievance procedures." *Jones v. Bock*, 549 U.S. 199, 218 (2007). However, "when a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

Here, The Court erred in finding Carter's untimely grievance (Grievances 2006-30-46164) exhausted his administrative remedies with respect to the First Amendment retaliation simply because "Defendants and HDSP w[ere] on notice of the nature of the wrong for which redress is sought." ECF No. 87 at 10 n 2. While placing NDOC on notice of the redress sought is part of the requirement as set forth in Griffin, supra at 1120, the notice itself is insufficient to exhaust a prisoner's administrative remedies. This is because the law requires the inmate to properly comply with NDOC's grievance scheme. *Woodford, supra* at 90-91.

NDOC's administrative scheme, laid out in AR 740, requires an inmate to grievance his complaint in sequential order – informal level, then first level, then second level to resolve his redressable claims. ECF No. 70-1 at 28-33. If an inmate fails to pursue a grievance to the second level, it will result in the dismissal of his claim. *McKinney*, 311 F.3d at 1200-1201, In addition, AR 740.05(4)(A) requires that to be timely – and therefore proper- an informal grievance must be filed "[w]ithin one (1) month if the issue involve[d]…medical claims or any other tort claims, including civil rights claims"; the first level within five days of the response to the informal grievance; and the second level grievance within five days of the response to the first level grievance. ECF No. 70-1 at 29-32.

Only after an inmate properly pursues the Grievance to the second level may the Court next determine whether the grievance contains enough "factual specificity" to alert the prison to the nature of the wrong for which redress is sought. *Griffin*, 557 F.3d at 1120. Thus, an inmate cannot exhaust his administrative remedies unless he initially pursues the grievances to the second level, regardless of whether the grievance has sufficient factual detail to put the prison on notice of the redress sought.

In the instant matter, it is undisputed Grievances 2006-30-46164 was the only grievance in which Carter complained of being retaliated against by Dr. Bitar or Bean.[1] ECF No. 87 at 3:17-19. It is further undisputed the Grievance was submitted untimely, and it was never pursued beyond the informal level. *Id*. at 3: 19-20. Thus, it is undisputed Carter did not comply with AR 740 by timely pursuing the Grievance to the second level.[2]

---

[1] This Court also found Carter submitted Grievance 2006-30-23279 which requested medical treatment and asserted Carter was in pain. ECF No. 87 at 2:18-19, 2:27-28, 3:24-25. The relevant time period was May 2016 through August 2016. *Id*. This grievance, at most, put NDOC on notice that Carter requested dental care in mid-2016 and complained of the amount of time it took for him to receive care. It did not place NDOC on notice that Dr. Bitar and Bean allegedly refused to provide him care in retaliation for Carter filing a lawsuit.

[2] The Court did not find any facts that suggest Carter's administrative remedies were unavailable to him pursuant to *Ross v. Blake*, 136 S.Ct. 1850 (2006).

1         Pursuant to *Woodford* and *McKinney*, Grievance 2006-3046164 did not exhaust Carter's administrative remedies as it relates to the First Amendment retaliation claim because he did not first comply with AR 740. Proper exhaustion is required before the Court determines whether the factual specificity of the Grievance adequately placed NDOC on notice of the redress sought. Thus, the claim should be dismissed because Carter's administrative remedies were not exhausted. *Lira,* 427 F.3d at 1175-1176; *Odoms v. Skolnik*, No. 3:09-CV-00223-RCJ, 2011 WL 2161391, at *5 (D. Nev. Apr. 18, 2011), *report and recommendation adopted,* No. 3:09-CV-00223-RCJ, 2011 WL 2160282 (D. Nev. May 31, 2011), *aff'd,* 474 F. App'x 602 (9th Cir. 2012)(dismissing complaint after finding the inmate failed to exhaust administrative remedies where inmate filed suit despite not pursuing grievance to second level because AR 740 provides instruction, inmates must file a second level grievance even if the inmate does not receive a response to the first level grievance).

        If an inmate's untimely (or procedurally improper) grievance exhausts his administrative remedies simply because it places NDOC on notice of the complained of issue, then inmates have no incentive to comply with the procedural requirements of AR 740. This is exactly rationale the United State Supreme Court relied upon in finding proper exhaustion is necessary.

        In *Woodford*, 126 S.Ct. at 2388, the Court noted that proper exhaustion "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prison with a fair opportunity to correct their own errors." *Id*. The Court also noted that "[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction." *Id.*

        Thus, *Woodford* mandates a claim be dismissed if the inmate fails to properly comply with the prison's scheme, regardless of whether the prison is on notice of the redress sought. This Court's order denying Defendants' summary judgment on the retaliation claim against Dr. Bitar and Bean for failure to exhaust administrative remedies was in clear error. Accordingly, reconsideration is appropriate because otherwise, this Court's ruling will not

comply with *Woodford's* mandate that exhaustion requires an inmate to properly complete the grievance process. Carter's undisputed failure to timely file the grievance requires a finding, as a matter of law, that Carter did not exhaust his administrative remedies.

## V.     CONCLUSION

Defendants Motion should be granted because the Court clearly errored in finding Carter exhausted his administrative remedies as it relates to his First Amendment retaliation claims against Dr. Bitar and Bean. The undisputed facts demonstrate Carter did not pursue Grievances 2006-30-64164 to the second level as required by AR 740, and that the Grievance was untimely submitted. Thus, it is irrelevant as to whether the procedurally improper Grievance put NDOC on notice of the redress sought. As such, reconsideration is appropriate.

DATED this 14th day of December, 2020.

AARON D. FORD
Attorney General

By: /s/ Wade J. VanSickle
Wade J. VanSickle (Bar No. 13604)
Deputy Attorney General
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on December 14, 2020, I electronically filed the foregoing **DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically.

    Shannon Carter #70773
    Lovelock Correctional Center
    1200 Prison Rd
    Lovelock, NV 89419
    **lcclawlibrary@doc.nv.gov**
    *Plaintiff, Pro Se*

/s/ Sheri Regalado
Sheri Regalado, an employee of the
Office of the Nevada Attorney General