AARON D. FORD
  Attorney General
Amy A. Porray (Bar No. 9596)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3216 (phone)
(702) 486-3773 (fax)
Email: aporray@ag.nv.gov

*Attorneys for Defendants*
*Scherrie Bean, Paul Bitar,*
*Alberto Buencamino, James Dzurenda,*
*Jerry Howell, Jennifer Nash, and Brian Williams*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANNON CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>S. BEAN, BITAR, and J. NASH, *et al.*,<br><br>    Defendants. | Case No. 2:17-cv-01628-RFB-EJY<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 88)** |

Defendants, Scherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry Howell, Jennifer Nash, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Amy A. Porray, Deputy Attorney General, hereby submit this Reply to Plaintiff's Response in Opposition to Defendants' Motion For Partial Reconsideration Of Order Granting In Party, And Denying In Part, Defendants' Motion for Summary Judgment (ECF No. 88)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In Plaintiff, Shannon Carter's Response, he argues that Defendants' Motion should be denied because: (1) it is procedurally improper; and (2) the Court's Order was correct

regarding exhaustion under the PLRA. Response at 1-2. Both of Plaintiff's arguments fail, as Defendants have properly moved this Court for reconsideration as per Local Rule 59-1(a) and Carter did not exhaust his administrative remedies as required by the PLRA. Both will be discussed, *supra*. Accordingly, Defendants' Motion should be granted.

Defendants hereby incorporate, as fully set forth herein below, their Motion for Partial Reconsideration of Order Granting in Part, and Denying in Part, Defendants' Motion for Summary Judgment. Defendants' supplement as follows.

## II. LEGAL ARGUMENT

### A. Defendants' Motion is Procedurally Proper

Carter argues that Defendants' Motion is procedurally improper because Defendants' have "recycle[d] and repeat[ed] the same argument" made in their Motion for Summary Judgment. Response at 2. Under Local Rule 59-1(a), reconsideration is proper when a court "has overlooked or misunderstood" certain points of law or fact and/or the court has committed clear error in its decision. As Defendants detailed extensively in their Motion for Partial Reconsideration, this Court erred in deciding that Carter had failed to exhaust his administrative remedies. Further, Carter, himself, gave a detailed opposition to Defendants' substantive arguments regarding the same. *See* Response at 3-7. Carter's opposition is not merely "recycle[d] and [repeat[ed]" from his response to Defendants' arguments regarding exhaustion in their Motion for Summary Judgment. Accordingly, the instant Motion is not procedurally barred.[1]

///

---

[1] Confusingly, Carter also argues "[a]s a collateral matter", an issue surrounding Defendants' Notice of appeal regarding qualified immunity. Motion at 2-3. Although inarticulately stated and raised "collaterally", to the extent that Carter's argument is that Defendants' Motion is procedurally barred because the failure to exhaust should have been raised on appeal instead of reconsideration, Carter's argument fails. Defendants' argument on reconsideration asks this Court to reconsider its decision regarding exhaustion, and bases therefore, for which it has erred in rendering. This is properly the subject of reconsideration as distinguishable from the appellate review sought of this Court's decision regarding qualified immunity.

### B. Carter Failed to Exhaust His Administrative Remedies

Carter argues that his May 2, 2016, June 24, 2016 and August 9, 2016, grievances were sufficient to put Defendants on notice under the PLRA that HDSP staff was "refusing to treat his dental issues." Response at 3. The thrust of Carter's argument is that: (1) he was not required to file another information grievance after April 6, 2017, because it arose from the same facts as his "Eighth Amendment claim about which the Defendants were already on notice"; and (2) he was not required to fully exhaust his grievances because the "facts of the case" imply that administrative remedies were unavailable to him. Response at 3-4.

Here, this Court made no findings that the grievance process was unavailable to Carter. In fact, in finding that Carter has exhausted his administrative remedies, it is inherent in such finding that the administrative process was available to him. Carter does not dispute that he did not exhaust his remedies. Instead, he contends that "administrative remedies [were] effectively unavailable" to him. Response at 4. While he claims that he would have been punished, retaliated against, or further denied treatment had he exhausted his administrative remedies, such actions are already the foundation of the instant claim. He also relies on the grievances of May 2, 2016, June 24, 2016, and August 9, 2016, to provide proper notice. It is unclear how he can contend that the administrative process was available to him at certain times and for certain claims, but not at others.

Carter also improperly includes unsworn facts that are not properly before the Court for reconsideration. He states that "he knew if he kept complaining they would refuse to treat him, and he would suffer a longer delay in obtaining the help he needed." Response at 6. Such unsworn statements are not properly before this Court and should not be considered in the context of reconsideration.

Carter further claims that there is ambiguity regarding the Administrative Regulations. Response at 6. He argues that AR 740.04(2)(B), which states that it is an abuse for an inmate to file multiple grievances on the same "specific claim", is ambiguous with regard to "specific". Accordingly, he had no way to comply because he did not want to be

3

disciplined. However, as he conceded in the paragraph above, he had "filed his grievance protesting the delay in his receiving medical are (sic)". Response at 6. He was just untimely in his filing, therefore failing to properly exhaust his remedies. His argument fails, as he cannot simultaneously argue that he properly filed a grievance, but risked retaliation if he had filed a grievance because the AR is too ambiguous, he did not understand the AR and was scared to file a grievance.

### C.   Defendants Should Not be Sanctioned

Carter asks for sanctions, stating that Defendants have "merely "repeat[ed] arguments made in the underlying motion already rejected by the Court."[2] Carter refers this Court to LR 59-1(b), "A movant who repeats arguments will be subject to appropriate sanctions", as giving this Court the proper grounds for sanctions. As discussed in Defendants' Motion, and *infra*, Defendants have properly brought the instant Motion under LR 59-1(a)—clear error in a decision. Defendants have not "merely repeat[ed]" their arguments from their underlying motion. Accordingly, sanctions are not appropriate or warranted.

### III.   CONCLUSION

Defendants' Motion should be granted because this Court clearly erred in finding that Carter exhausted his administrative remedies regarding his First Amendment retaliation claims against Dr. Bitar and Bean. Defendants' Motion is procedurally proper and, substantively, Carter did not pursue his grievances to the second level as required by AR 740, nor was it timely submitted. Accordingly, reconsideration is appropriate.

DATED this 12th day of April, 2021.

AARON D. FORD
Attorney General

By: /s/ Amy A. Porray
Amy A. Porray (Bar No. 9596)
Deputy Attorney General
*Attorneys for Defendants*

---

[2] Carter asked that the "Plaintiffs" be sanctioned, but it will be presumed that this is an error and he meant the "Defendants". Response at 7.

4

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on April 12, 2021, I electronically filed the foregoing **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by mailing a copy to the following:

Luke A. Busby, Esq.
316 California Avenue
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com
Attorney for Plaintiff,
Shannon Carter

/s/ Amy A. Porray
Amy A. Porray, an employee of the
Office of the Nevada Attorney General