LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANNON CARTER, | Case No.: 2:17-cv-01628-RFB-EJY |
| | Appeal No. 20-17442 |
| Plaintiff, | |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS AND REQUEST TO PROCEED WITH TRIAL** |
| S. BEAN and DR. BITAR, *et al.*, | |
| Defendants. | |
| _____/ | |

COMES NOW, SHANNON CARTER ("Carter" or "Plaintiff"), by and through the undersigned counsel, and hereby petitions this Court to certify appeal filed by S. BEAN and DR. BITAR, *et al.* ("Defendants") in this matter as frivolous and requests that this matter proceed to trial.

This Petition is made and based upon all the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto, if any there be, as well as the points and authorities set forth directly hereinafter.

///

///

///

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background**

The Court issued its order denying the Plaintiff's motion and granting in part Defendants' motion for summary judgment on November 30, 2020 at ECF #89. On December 14, 2020, the Defendants filed a Motion for Reconsideration [ECF #88], seeking relief under Local Rule 59-1, and this Court denied the same at the hearing conducted on September 28, 2021. *See* ECF # 108.

On December 17, 2020, the Defendants filed a Notice of Appeal (ECF #89) of this matter but noted in the Notice of Appeal that because the Motion for Reconsideration does not address qualified immunity, it may not be a tolling motion under FRAP 4(a)(4).

The Clerk of the Court at the 9th Circuit Court of Appeals issued an order on January 7, 2021 holding appellate proceedings in abeyance pending the resolution of the Defendants' Motion.

**Standard of Review**

The filing of an interlocutory appeal confers jurisdiction on the court of appeals and divests the district court. *Rivera-Torres v. Ortiz Velez,* 341 F.3d 86, 93 (1st Cir. 2003). "However, Courts have carved out a few narrow exceptions to this rule, such as where the defendant frivolously appeals or takes an interlocutory appeal from a non-appealable order." *Id.* at 93, citing *United States v. DeFries*, 129 F.3d 1293, 1302-03 (D.C.Cir. 1997). A District Court is not divested of jurisdiction where an interlocutory appeal of qualified immunity ruling is baseless that does not invoke appellate jurisdiction' even when filed. *Rivera-Torres*, at 94.

Considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources, may serve to limit interlocutory appeals of 'qualified immunity' matters to

cases presenting issues of law, and not fact. *Johnson v. Jones*, 515 U.S. 304, 305 (1995) (limiting the application of *Mitchell v. Forsyth*, 472 U.S. 511 (1985)).

A district court has the authority to certify an appeal as frivolous. *Rivera-Torres*, at 94. In *Chuman v. Wright*, 960 F.2d 104 (9th Cir.1992) the Ninth Circuit ruled that: "The evidence in the record, viewed in a light most favorable to the party claiming injury, establishes at the very least that genuine issues of material fact remain as to whether those clearly established rights have in fact been violated," and that, "[A]n appeal on the issue would do nothing but unreasonably delay the time when [plaintiff] gets his day in Court." *Chuman*, 960 F.2d at 105. The Ninth Circuit approved of the type of certification sought here and adopted the rule that: "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id.* In *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996), the United States Supreme Court ruled that a district court's power to certify a defendant's interlocutory appeal of the denial of qualified immunity as frivolous or forfeited exists under law.

In the Ninth Circuit, defendants may be sanctioned for filing frivolous appeals that include a claim of qualified immunity. *Franz v. City of Tacoma*, 468 F.3d 1141, 1147 n.10 (9th Cir. 2006).

**The Court's Order denying Summary Judgment**

In its Order denying summary judgment in part at #ECF 87, the Court specifically concluded that there were two facts in dispute: (1) What occurred when Mr. Carter was brought to his appointment on February 1, 2017, i.e. whether he was denied treatment for his dental issues or was refused treatment by the Defendants; and (2) whether Carter had a serious medical

3

need that was disregarded by the Defendants. *Id.* at 3-4.  The Court concluded that genuine issues of material fact exist which could enable a jury to find that the Defendants were deliberately indifferent to Plaintiff's medical needs and retaliated against Carter for filing the collateral State Court matter.  It was on this basis that the Court denied summary judgment.

Further, the Court denied the Defendants qualified immunity on the specific grounds that issues of fact remained to be decided. *Id.* at 12 (*citing Sandoval v. Las Vegas Metropolitan Police Dept.*, 756 F.3d 1154, 1160 (9th Cir. 2014)).

**The Defendants failed to move for summary judgment on the Plaintiff's 14th Amendment Due Process claim**

In the Screening Order at ECF #44, the Court permitted three claims to proceed against the Defendants: (1) an Eighth Amendment deliberate indifference claim against Defendants Bean, Bitar, Nash, and Williams; (2) A Fourteenth Amendment Substantive Due Process claim against Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda; and (3) a First Amendment retaliation claim against Defendants Bean and Bitar.

However, in Defendant's July 30, 2020 Motion for Summary Judgment (ECF #69), the Defendants only moved for judgment on claims 1 and 3 above and failed to move for judgment on Mr. Carter's Fourteenth Amendment Substantive Due Process claim.  On October 13, 2020, Carter filed his Response in Opposition to Defendant's Motion for Summary Judgment (ECF #79). On December 20, 2020, the Defendants filed a Supplement (ECF #81) to their Motion for Summary Judgment, arguing that Carter is not entitled to summary judgment on his Fourteenth Amendment due process claims because his underlying Eighth Amendment deliberate indifference to a serious medical condition claims fail as a matter of law. However, per an Order from the Court at ECF #68, the deadline to file dispositive motions was set at July 31,

4

2020. As such, any argument regarding summary judgment on Mr. Carter's Fourteenth Amendment Substantive Due Process claim was due on that date, and Defendant's supplement moving for judgment on that claim was untimely by half a year.

**Argument**

In the Notice of Appeal filed by the Defendants (ECF# 89), the Defendants claim that the Court's Order is appealable under 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985), because they appeal the District Court's denial of qualified immunity in denying the motion for summary judgment. However, as explained above, a district court's denial of a claim of qualified immunity is an appealable final decision under 28 U.S.C. § 1291, "to the extent that it turns on an issue of law." *Mitchell*, at 530. Here, the Court's Order, and its denial of summary judgment, was unambiguously based on disputed issues of fact. Defendants' appeal based on issues of fact rather than an issue of law is unlikely to be successful and likely to be a waste of time and appellate resources. Defendants' Notice of Appeal is meritless and warrants a finding that it is frivolous.

Defendants state that they are appealing the Court's determination that Defendants Bean and Bitar are entitled to qualified immunity on the Plaintiff's claims under the First and the Eighth Amendments. There is no mention of Carter's Fourteenth Amendment Substantive Due Process claim. No Defendant has moved this Court for a stay or requested a continuance. On this basis alone, the Court could find that the appeal is frivolous, and order that this matter should proceed to trial.

Upon the district court taking the affirmative step of certifying an appeal as frivolous, the district court retains jurisdiction to proceed to trial. *Rivera-Torres v. Ortiz Velez*, 341 F.3d at 94,

5

*citing Stewart v. Donges*, 915 F.2d 572, 577-78 (10th Cir. 1990), *Chuman v. Wright*, 960 F.2d at 105, *Yates v City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991).

**Conclusion**

BASED ON THE FOREGOING, the Plaintiff petitions this Court to certify the appeal filed by the Defendants in this matter as frivolous and order that this matter proceed to trial.

**DATED** this October 9, 2021:

By: /s/ Luke Busby, Esq.
LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

6

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing Document by:

_____        personally delivering;

_____        delivery via Reno/Carson Messenger Service;

_____        sending via Federal Express (or other overnight delivery service);

_____        depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__X__        delivery via electronic means (fax, eflex, NEF, etc.) to:

> Amy A. Porray (Bar No. 9596)
> Deputy Attorney General
> State of Nevada
> Office of the Attorney General
> 555 E. Washington Ave., Ste. 3900
> Las Vegas, Nevada 89101
> (702) 486-3216 (phone)
> (702) 486-3773 (fax)
> Email: aporray@ag.nv.gov
> CKnight@ag.nv.gov

**DATED** this October 9, 2021:

By:       /s/ Luke Busby       .