AARON D. FORD
  Attorney General
CHRIS DAVIS (Bar No. 6616)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-9252 (phone)
(702) 486-3773 (fax)
Email: cwdavis@ag.nv.gov

*Attorneys for Defendants*
*Scherrie Bean, Paul Bitar,*
*Alberto Buencamino, James Dzurenda,*
*Jerry Howell, Jennifer Nash, and*
*Brian Williams*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER, | Case No. 2:17-cv-01628-RFB-EJY |
| Plaintiff, | |
| v. | **MOTION FOR ENTRY OF ORDER ON THE DOCKET OR, IN THE ALTERNATIVE, TO REOPEN THE TIME TO FILE AN APPEAL** |
| S. BEAN, BITAR, and J. NASH, *et al.*, | |
| Defendants. | |

Defendants Scherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry Howell, Jennifer Nash, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Chris Davis, Deputy Attorney General, pursuant to Fed R. App. P. 79(a) and Fed. R. App. P. 4(a)(7), move that this Court's order denying Defendants' motion for reconsideration (ECF No. 88) of the Court's order denying summary judgment (EFC No. 18) be entered on the docket as required by Fed. R. Civ. P. 79(a)(3), and that notice of entry be served as required by 77(d)(1). In the alternative, to the extent this Court deems that its order denying Defendants' motion for reconsideration has been entered on the docket prior to March 31, 2022, Defendants move, pursuant to Fed. R. App. P. 4(a)(6), to reopen the time to file an appeal.

**DECLARATION OF CHRIS DAVIS, ESQ.**

I, Chris Davis, declare under penalty of perjury that the following is true and correct of my own personal knowledge and if called to testify in this matter would testify as follows:

1. I am a Deputy Attorney assigned to represent the Defendants in this matter.

2. On December 15, 2021, this matter was assigned to me. I immediately began reviewing the file. I discovered that on September 28, 2021, this Court entered a minute order (ECF No. 108) indicating that Defendants' motion for reconsideration had been "DENIED." The minute order, however, indicated the "transcript of the hearing shall serve as the written opinion and order of the Court." Minute Order, ECF No. 108. I reviewed the docket and determined that the transcript had not yet been filed.

3. On January 3, 2022, I was forwarded a Notice of Electronic Filing email from the Court, dated December 31, 2021, attached as Exhibit A, which purported to be "Document Number: 113," the "Transcript of the Proceedings" with respect to "[108] Order on Motion to Reconsider, hearing held on 9/28/2021." When I clicked on the link for Document 108, the transcript was not downloaded. Instead, the following message, attached as Exhibit B, was downloaded:

> **You do not have access to this transcript.**
>
> TRANSCRIPT of Proceedings, 108 Order on Motion to Reconsider, Motion Hearing, held on 9/28/2021, before Judge Richard F. Boulware, II. Court Reporter: Patricia Ganci, PG@nvd.uscourts.gov. Any Redaction Request is due by 1/21/2022. Redacted Transcript Deadline is set for 1/31/2022. Release of the Transcript Restriction is set for 3/31/2022. Before release date, the transcript may be viewed at the court public terminal or purchased through the reporter. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (PG)

4. Because this notice indicated that the transcript was set for "release" on March 31st, I assumed that the transcript would be officially filed and entered on that date. In my 26+ years of practice as an attorney, which included a clerkship with the Nevada United States District Court and the Ninth Circuit Court of Appeals, I had never previously encountered a transcript as being deemed the order of the Court.

5.      On January 17, 2022, I conducted a meet and confer with opposing counsel to discuss the parties' position with respect to how the case should proceed. Opposing Counsel tentatively suggested filing the Proposed Joint Pretrial Order on March 30, 2022. I informed counsel that I intended to file a notice of appeal once the court transcript had been entered on the docket, which I expected on March 31st based on the Court's notice. I therefore requested that we schedule the Proposed Joint Pretrial Order until April 30, 2022, so as to provide time to file a notice of appeal once the transcript was entered on the docket. Opposing counsel agreed to the April 30th date, which was ultimately approved by the Court. *See* Order, ECF No. 115.

6.      Opposing counsel also indicated that he had a copy of the transcript. I conveyed my surprise because the transcript had not yet been entered on the docket. Opposing Counsel indicated that he would email me a copy of the transcript. I assumed, however, based on the Court's, notice that the official transcript would be entered on the Court's docket on March 31st.

7.      That same day, on January 17th, opposing counsel emailed me a copy of the transcript. Because I was under the impression that the transcript was merely a provisional transcript subject to further modification based on the Court's notice that the final transcript would be released on March 31st, I did not review the transcript until sometime shortly after January 31st. When I opened the transcript, I was shocked to discover that the transcript had a file stamp date of December 31, 2021. I immediately reviewed the docket and discovered that the transcript was still not available from the docket, but only the notice attached as Exhibit B was available. I therefore assumed that an official copy of the transcript would be entered on March 31st, bearing a file stamp on that date. I periodically checked the docket to determine whether the official transcript had been filed, but all that was available from the Court docket was the notice attached as Exhibit B.

8.      On Monday, April 4, 2022, I reviewed the docket and discovered that the transcript had not been entered on March 31, 2022, as indicted in the Notice. Instead, the

link for Document No. 113 no longer downloaded the notice attached as Exhibit B, but instead downloaded the transcript still bearing the file stamp date of December 31, 2021.

9. I therefore immediately began drafting a notice of appeal and this motion because the transcript, which this Court ruled was the order of the Court, has not been entered on the Court's docket as required by Fed. R. Civ. P. 79(a), which commences the time for filing a notice of appeal pursuant to Fed. R. App. P. 4(a).

Dated this 12th day of April, 2022.

AARON D. FORD
Attorney General

By: /s/ Chris Davis
CHRIS DAVIS

I. **POINTS AND AUTHORITY**

**A. This Court Should Enter The "Substance" Of The Court's Transcript, Ruled To Be This Court's Order, On The Docket As Required By Fed. R. Civ. P. 79(a)(2)**

Federal Rule of Civil Procedure 79(a)(2) mandates that "orders" "must be . . . entered chronologically in the docket." Rule 79(a)(3) also requires the "substance and date of entry of each order and judgment." Additionally, Fed. R. Civ. P. 77(d)(1) requires that: "immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." These rules governing entry are critical because "entry" of an order commences the time for filing an appeal. *See generally* Nev. R. App. 4(a); *see also* Nev. R. App. P. 4(a)(7) (indicating that an "order is entered for purposes of this Rule 4(a)," if a "separate document" is not required, when the "order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)").

In *Reynolds v. Wade*, 241 F.2d 208, 210, (9th Cir. 1957), the Ninth Circuit proclaimed: "'Substance' [required by Rule 79(a)] is mandatory in the docket." The Court held that a "docket entry that doesn't even say who won, surely cannot qualify" because the "substance . . . is not in [the] docket." In *Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 899 (10th Cir. 1986), the Tenth Circuit explained that "Entry" has a well defined

meaning under the rules" and "occurs only when the essentials of a judgment or order are set forth in a written document separate from the court's opinion and memorandum and when the substance of this separate document is reflected in an appropriate notation on the docket sheet assigned to the action in the district court." The Court held that even though a "summary judgment order was filed," it "was not entered on the docket" until eight days later because the "order must be recorded in the official court docket and the order is not final or appealable until so entered." *Id.*

The court has not yet entered its order denying Defendants motion for reconsideration on the civil docket. The Minutes of Proceedings, Docket Entry No. 108, cannot be deemed entry of this Court's order because the entry expressly states that the "transcript of the hearing shall serve as the written Opinion and Order of the Court." In *Meyer v. Portfolio Recovery Associates*, LLC, 707 F.3d 1036, 1041 (9th Cir. 2012), the Ninth Circuit held that a "minute order was not a final appealable order" because the minute order "did not clearly evidence the judge's intention that it would be the court's final act on the matter," but "expressly stated" that another document would serve as the court's order. As the Minutes of the Proceedings expressly state that the transcript shall serve as the Court's order, entry of those minutes cannot constitute entry of this Court's order.

Additionally, Docket Entry No. 113, which indicates entry of the transcript, cannot be deemed entry of this Court's order denying Defendants' motion for reconsideration. Docket Entry No. 113 states:

> TRANSCRIPT of Proceedings, 108 Order on Motion to Reconsider, Motion Hearing, held on 9/28/2021, before Judge Richard F. Boulware, II. Court Reporter: Patricia Ganci, PG@nvd.uscourts.gov. Any Redaction Request is due by 1/21/2022. Redacted Transcript Deadline is set for 1/31/2022. Release of the Transcript Restriction is set for 3/31/2022. Before release date, the transcript may be viewed at the court public terminal or purchased through the reporter. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (PG) (Entered: 12/31/2021).

Nowhere in this docket entry is the "substance" of this Court's order. This entry does not even indicate whether the Court granted or denied Defendants' motion, which would

be the bare minimum required by the Ninth Circuit to meet the "substance" requirement of Rule 79(a). *See Reynolds,* 241 F.2d at 210 (holding that a "docket entry that doesn't even say who won, surely cannot qualify" because the "substance . . . is not in [the] docket").

As explained in *Herrera*, the mere fact that the transcript was filed does not satisfy the entry requirement of Rule 79(a). 805 F.2d at 899. "Entry" of the transcript does not occur until "the substance of [the transcript] is reflected in an appropriate notation on the docket." *Id.* Without an appropriate entry in the docket, the time for filing an appeal does not commence. *Corrigan v. Bargala*, 140 F.3d 815, 818, (9th Cir. 1998) (holding that the "time for filing a notice of appeal does not begin to run until judgment [or order] is entered in compliance with Rule 58 and Rule 79(a)"); *Calhoun v. United States*, 647 F.2d 6, 10 (9th Cir. 1981) (explaining that "proper entry" of an order, in "compliance with the provisions of Fed. R. Civ. P. 58 and 79(a)" is required before the time to appeal commences), *abrogated on other grounds by Acosta v. Louisiana Dept. of Health & Human Res.*, 478 U.S. 251, 253-54 (1986). While Defendants have filed a notice of appeal out of an abundance of caution, this Court should correct the docket to reflect the substance of the transcript which would the commence the time for appeal.

### B. In The Alternative, This Court Should Reopen The Time For Appeal Pursuant to Fed. R. App. P. 4(a)(6)

In the unlikely event that his Court deems the Docket Entry No. 113 meets the "substance" requirement of Fed. R. Civ. P. 79(a), this Court should reopen the time for appeal pursuant to Fed R. App. P. 4(a)(6). Rule 4(a)(6) provides that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

///

///

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

In *United States v. Withers*, 638 F.3d 1055, 1061–62 (9th Cir. 2011), the Ninth Circuit held: "Where a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment."

Here, Defendants meet all three requirements for reopening. Defendants have never received notice of entry of judgment under Rule 77(d). Rule 77(d) provides, in pertinent part:

> Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket.

The docket does not reflect that notice of entry of the transcript deemed to be the order of the Court was ever served on Defendants because it was never served. In fact, the transcript was never served on Defendants and was not even available for download for a fee from PACER until after March 31, 2022. *See* Docket Entry No. 103 ("Release of the Transcript Restriction is set for 3/31/2022. . . . After that date it may be obtained through the court reporter or PACER."). Because Defendants have never received formal written notice of entry of the transcript, then this motion is timely under Rule 4(a)(6)(A). *See* Fed. R. App. P. 4, Advisory Committee Notes, 2005 Amendment (amending to resolving circuit so that "[o]nly formal notice of the entry of a judgment or order under Civil Rule 77(d)" will trigger the time period for filing a Fed. R. Civ. App. 4(a)(6) motion).

This motion is also timely under Rule 4(a)(6)(B). Even if the transcript deemed to be the order was entered on December 31, 2021, the 180-day deadline would not expire

///

until June 29, 2022. Again, because the Court never provided formal written notice of entry of the transcript under Rule 77(d), the fourteen (14) day time period is not applicable.

Finally, no party would be prejudiced by reopening the time to file an appeal. Plaintiff has already acknowledged that he would not be prejudiced by delay. *See* ECF No. 100 at 1:19-20; EFC No. 114 at 2:1-2. Plaintiff has acknowledged that his dental treatment which is the subject of his complaint has been completed. *See* ECF No. 79, at 2:10. Accordingly, if successful at trial, Plaintiff at most would only be entitled to monetary damages. A delay in the possible recovery of monetary damages is not prejudice. *See McCarnes v. Dexter*, 549 F. Supp. 2d 1204, 1207 (C.D. Cal. 2008) (quoting the Advisory Committee Notes to Fed. R. App. P. 4(a)(6)(C) to hold that the "delay of the finality of a judgment is a "consequence present in every appeal," which, as the Advisory Committee Notes make clear, is insufficient to constitute prejudice within the meaning of Fed. R. App. P. 4(a)(6)(C)"); *White v. Staten*, Case No. 7:14-CV-117-H-TQL, 2015 WL 4255979, at *2 (M.D. Ga. July 14, 2015) (quoting the Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment to hold that "'prejudice'" requires "'some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal'" and instead requires "'some action in reliance on the expiration of the normal time period for filing a notice of appeal'"); *see also Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990) (holding delay in obtaining recovery would not prejudice Plaintiff); *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) (holding that a "delay in the trial [which] will delay . . . recovery" did not establish "prejudice").

Defendants, however, will be severely prejudiced if they are not permitted to pursue their appeal. In *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), the United States Supreme Court explained that "qualified immunity" is "effectively lost" if defendant is required to "stand trial or face the other burdens of litigation." Accordingly, Defendants will lose the qualified immunity to which they are entitled absent an appeal.

Accordingly, Defendants meet all three factors for reopening the time for appeal. This Court should therefore reopen the time for appeal for fourteen days.

## II. CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to enter this Court's order, denying Defendants' motion for reconsideration (ECF No. 88) of the Court's Order denying summary judgment, on the docket as required by Fed. R. Civ. P. 79(a)(3), and that notice of entry be served as required by 77(d)(1). In the alternative, to the extent this Court deems that the its order denying Defendants' motion for reconsideration has been entered on the docket prior to March 31, 2022, this Court should grant Defendants' motion, pursuant to Fed. R. App. P. 4(a)(6), to reopen the time to file an appeal.

DATED this 12th day of April, 2022.

AARON D. FORD
Attorney General

By: /s/ Chris Davis
CHRIS DAVIS (Bar No. 6616)
Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on April 12, 2022, I electronically filed the foregoing **MOTION FOR ENTRY OF ORDER ON THE DOCKET OR, IN THE ALTERNATIVE, TO REOPEN THE TIME TO FILE AN APPEAL** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

LUKE A. BUSBY, ESQ
316 California Ave.
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General