LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHANNON CARTER,<br><br>      Plaintiff,<br><br>vs.<br><br>S. BEAN and DR. BITAR, *et al*.;<br><br>     Defendants.<br>_____/ | Case No.: 2:17-cv-01628-RFB-EJY<br><br>**RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF ORDER ON THE DOCKET OR, IN THE ALTERNATIVE, TO REOPEN THE TIME TO FILE AN APPEAL** |

COMES NOW, SHANNON CARTER ("Carter" or "Plaintiff"), by and through the undersigned counsel, and hereby file the following Response in Opposition to the Motion for Entry of Order on the Docket or, in the Alternative, to Reopen the Time to File an Appeal [ECF #119] by S. BEAN and DR. BITAR, et al. ("Defendants") in this matter on April 12, 2022.

This Response is made and based upon all the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto, if any there be, as well as the points and authorities set forth directly hereinafter.

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background**

The Court issued its order denying the Plaintiff's motion and granting in part Defendants' motion for summary judgment on November 30, 2020 at ECF #87.  On December 14, 2020, the Defendants filed a Motion for Reconsideration [ECF #88], seeking relief under Local Rule 59-1, and this Court denied the same at the hearing conducted on September 28, 2021. ECF #108.

On December 17, 2020, the Defendants filed a Notice of Appeal in Docket No. 20-17442 (ECF #89) of this matter.  The Clerk of the Court at the 9th Circuit Court of Appeals issued an order on January 7, 2021 holding appellate proceedings in abeyance pending the resolution of the Defendants' Motion.  See Exhibit 2.

On October 9, 2021, the Plaintiff filed a Motion to Certify the appeal in Docket No. 20-17442 as frivolous. [ECF #109].

On November 2, 2021, the Defendants filed a Notice of Intent Not to Prosecute Appeal Following District Court Ruling in Appeal No. 20-17442, attached hereto as Exhibit 1.

On November 15, 2021, the 9th Circuit issued a Mandate in Docket No. 20-17442 [ECF #111] dismissing the appeal because it was withdrawn by the Defendants.  On January 17, 2022, the parties filed a stipulation establishing deadline for the filing of a proposed joint pretrial order of April 30, 2022, such that the parties could pursue potential resolution of this case, which was granted by the Court an ECF #115.

Despite their earlier position that they would not prosecute the appeal of the Court's Order on the motion for reconsideration, on April 8, 2022, the defendants filed a second Notice of Appeal, in which the Defendants appeal the Court's order [EFC #88] denying Defendants' motion for reconsideration of its ruling on the motions for summary judgment.   The second appeal in this matter was designated as 9th Circuit Docket No. 22-15541.

***The Court's Order on summary judgment and on the motion for
reconsideration are not appealable interlocutory orders***

In its Order denying summary judgment in part at ECF #87, the Court specifically concluded that there were two facts in dispute: (1) What occurred when Mr. Carter was brought to his appointment on February 1, 2017, i.e. whether he was denied treatment for his dental issues or was refused treatment by the Defendants; and (2) whether Carter had a serious medical need that was disregarded by the Defendants. *Id*. at 3-4. The Court concluded that genuine issues of material fact exist which could enable a jury to find that the Defendants were deliberately indifferent to Carter's medical needs and retaliated against Carter for filing the collateral State Court matter.  It was on this basis that the Court denied summary judgment.  The Court denied the Defendants qualified immunity on the specific grounds that issues of fact remained to be decided. *Id*. at 12 (citing *Sandoval v. Las Vegas Metropolitan Police Dept*., 756 F.3d 1154, 1160 (9th Cir. 2014)).

Further, the Defendants failed to move for summary judgment on the Plaintiff's 14th Amendment Due Process claim.  In the Screening Order at ECF #44, the Court permitted three claims to proceed against the Defendants: (1) an Eighth Amendment deliberate indifference claim against Defendants Bean, Bitar, Nash, and Williams; (2) a Fourteenth Amendment Substantive Due Process claim against Bean, Bitar, Nash, Williams, Aranas, Buencamino, Stewart, Howell and Dzurenda; and (3) a First Amendment retaliation claim against Defendants Bean and Bitar.  In Defendant's July 30, 2020 Motion for Summary Judgment (ECF #69), the Defendants only moved for judgment on claims 1 and 3 above and failed to move for judgment on Mr. Carter's Fourteenth Amendment Substantive Due Process claim.  On October 13, 2020, Carter filed his Response in Opposition to Defendant's Motion for Summary Judgment [ECF #79].  On December 20, 2020, the Defendants filed a Supplement [ECF #81] to their Motion for Summary Judgment, arguing that Carter is not entitled to summary judgment on his Fourteenth Amendment due process claims because his underlying Eighth

Amendment deliberate indifference to a serious medical condition claims fail as a matter of law. However, the Order from the Court at ECF #68, the deadline to file dispositive motions was set at July 31, 2020.  Any argument regarding summary judgment on Mr. Carter's Fourteenth Amendment Substantive Due Process claim was due on that date, and Defendant's "supplement" moving for judgment on that claim was untimely by half a year.

In the second Notice of Appeal filed by the Defendants [ECF #117], the Defendants claim that the Court's Order is appealable under 28 U.S.C. § 1291, because they appeal the District Court's denial of qualified immunity in denying the motion for summary judgment.  However, a district court's denial of a claim of qualified immunity is an appealable final decision under 28 U.S.C. § 1291, "to the extent that it turns on an issue of law." *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985). Here, the Court's Order, and its denial of summary judgment, was unambiguously based on disputed issues of fact. Defendants' appeal based on issues of fact rather than an issue of law is unlikely to be successful and likely to be a waste of time and appellate resources.

 Upon the district court taking the affirmative step of certifying an appeal as frivolous, the district court retains jurisdiction to proceed to trial.  *Rivera-Torres v. Ortiz Velez*, 341 F.3d at 94, citing *Stewart v. Donges*, 915 F.2d 572, 577-78 (10th Cir. 1990), *Chuman v. Wright*, 960 F.2d at 105, *Yates v City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991).

***The Defendants withdrew their first appeal and expressly stated that an appeal of the Court's order at ECF #88 would not be pursued.***

In the Defendants first appeal of this matter Notice of Appeal (ECF #89), the Clerk of the Court at the 9th Circuit Court of Appeals issued an order on January 7, 2021 holding appellate proceedings in abeyance pending the resolution of the Defendants' Motion. See Exhibit 2.  In that Order, the 9th Circuit stated that:

///

The court's records reflect that the notice of appeal was filed during the pendency of a timely filed motion listed in Federal Rule of Appellate Procedure 4(a)(4).  The notice of appeal is therefore ineffective until entry of the order disposing of the last such motion outstanding.  See Fed. R. App. P. 4(a)(4).

On November 2, 2022, the Defendants filed a Notice of Intent Not to Prosecute Appeal Following District Court Ruling in Appeal No. 20-17442, attached hereto as Exhibit 1, in which the Defendants stated:

> Defendants Appellants do not intend to prosecute their appeal following the District Court's ruling on their Motion for Reconsideration (ECF No. 88). Accordingly, this matter should be remanded to the District Court so that Plaintiff-Appellee's outstanding claims may proceed to trial.

On November 15, 2021, the 9th Circuit issued a Mandate in Docket No. 20-17442 [ECF #111] dismissing the appeal because it was withdrawn by the Defendants.  Because the Mandate applied to the Defendants' Motion for Reconsideration, the court should deem the second appeal of that order to be frivolous.  FRAP 41(a) provides that the mandate shall issue 21 days following a circuit court's judgment, and a mandate reflects the final judgment of the Court of Appeals.  Once the Defendants' appeal was dismissed and a mandate issued, the appellate court no longer has jurisdiction over the merits of the appeal. *United States v. Arevalo*, 408 F.3d 1233, 1234 (9th Cir. 2005).

**The second Notice of Appeal was not timely filed**

In the second Notice of Appeal and in the Motion the Defendants claim that Defendants timely moved [ECF # 88] for reconsideration of the Court's Order denying summary judgment, which motion is listed in FRAP 4(a)(4), and the district court entered its order [ECF #113] denying the motion for reconsideration on March 31, 2022, when the transcript which the district court ruled "shall serve as the written Opinion and Order of the Court" was entered on the Court docket.  The Defendants argue that because the reporter's transcript was not entered into the docket in this matter until March 31, 2022, that the April 8, 2022 Notice of Appeal was timely.

The Defendants cite *Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 899 (10th Cir. 1986), and claim that "Entry" has a well defined meaning and occurs when the essentials of a judgment or order are set forth in a written document "separate from the court's opinion and memorandum and when the substance of this separate document is reflected in an appropriate notation on the docket sheet assigned to the action in the district court." However, the Court's record as to when the Defendants' motion for reconsideration was denied, i.e. at ECF #108, which are the Court's Minute Order from the September 28, 2021 hearing on the motion for reconsideration, the record clearly states: "For the reasons stated on the record at the hearing, IT IS ORDERED that 88 Motion for Reconsideration is DENIED." Further, the Court's record indicates that the transcript of the September 28, 2021 hearing was entered into the docket in this matter on December 31, 2021. See ECF #113. The Defendants' do not deny that they knew of the Court's ruling, or that they inexplicably failed to file a Notice of Appeal despite clearly being aware of the Court's ruling in September of 2021.

Under FRAP 4(a)(4), an appeal may be taken as a matter of right within 30 days after entry of the tolling motion appealed from was entered into the docket. Under FRCP 79(a), the order denying the motion for reconsideration was entered into the docket on one of two occasions, in the September 28, 2021 minute order at ECF #108, or at the docketing of the transcript of that hearing on December 31, 2021 at ECF #113, at which time the transcript was made available to parties to purchase or to view at the Court's terminal. In either case, the April 8, 2022 Notice of Appeal was grossly untimely.

The Defendants cite *Meyer v. Portfolio Recovery Assocs., Ltd. Liab. Co*., 707 F.3d 1036, 1041 (9th Cir. 2012) for the argument that the Court's minute order at ECF #108 was not a final appealable order, where a Court expressly states that a final written order would follow. However, the final written order was recorded in the Court's docket on December 31, 2021 at ECF #113. The entry in the docket indicates that before the December 31, 2021 release date, the transcript could be viewed at the court public

terminal or purchased through the reporter.  Under FRCP 79(a), the Court's order was entered on December 31, 2021, not March 31, 2022.  No "separate document" was required under the rules for entering judgment under FRCP 58(a) because the order denying the motion for reconsideration was not one of the types of motions listed in FRCP 58(a).

A post-judgment motion is not final for purposes of appeal until district court has issued a separate document containing its judgment, which is then entered on docket pursuant to Rule 79(a).  *Fiore v. Washington County Community Mental Health Center*, 936 F.2d 51, 19 Fed. R. Serv. 3d (Callaghan) 1209, 1991 U.S. App. LEXIS 13183 (1st Cir. 1991).  Reliance on the unavailability of the transcript would not support a Party's position in a motion to reconsider, especially when the "movants have not represented to the Court that they have attempted unsuccessfully to access the Transcript" via "public terminals" or purchase in a state district court portal before the deadline for Release of Transcript.  *See In re Fin. Oversight & Mgmt. Bd.*, 612 B.R. 821, 823 (D.P.R. 2019).  *But see Fressadi v. Glover*, 2018 U.S. Dist. LEXIS 114630, at *14 (D. Ariz. July 9, 2018) (Even though the court recognized that an in forma pauperis Plaintiff could get access to the transcript through a public terminal before the Release of Transcript Restriction, the court granted a 14-day extension to file a motion to reconsider).

In this case, defense counsel recognized that there were multiple options available to obtain a transcript before the Release of Transcript Restriction, yet acted on a mistaken belief of a technical issue with the court's filing system.  However, the court filing system was clear to defense counsel that there were other opportunities to see the transcript.  *See* ECF #119, Exhibit B ("Before release date, the transcript may be viewed at the court public terminal or purchased through the reporter.  Transcript Order form is available or purchased through the reporter.").  Even plaintiff's counsel has provided defense counsel with a copy of the transcript during a meet and confer.  *See* ECF #119, Declaration of Chris Davis, para. 6 ("Opposing Counsel indicated that he would email me a copy of the transcript").  Plaintiff's counsel has never informed

opposing counsel of a plan to redact the transcript or filed a notice indicating that any redaction was necessary.  Moreover, unlike what in forma pauperis party may be mistaken, Defendants should understand that the "Release of the Transcript Restriction" date does not mean that the transcript is not available. Defense counsel's mistaken belief should not be this court's basis of reopening the filing time to appeal. Time limits on filing a notice of appeal are "mandatory and jurisdictional."  *United States v. Arevalo*, 408 F.3d 1233, 1234 (9th Cir. 2005).

**Reopening the time for the filing of an appeal under FRAP 4(a)(6) is not warranted under the circumstances in this case**

FRAP 4(a)(6) permits the Court to reopen the time for appeal under limited and extraordinary circumstances.  FRAP 4(a)(6) was, by its terms, meant to provide a remedy where a party was genuinely unaware of a ruling from a court and the time period for an appeal passed during that time frame, resulting in manifest injustice. The time limits in FRAP 4(a)(6) apply when a party would be unfairly deprived of appeal because of failure of the court clerk to provide notice of entry of an order. *Marcangelo v. Boardwalk Regency,* 47 F.3d 88 (3d Cir. 1995).

Under FRAP 4(a)(6)(A), as explained at length above, the Defendants received notice of the entry of the Court's order in September of 2021, and again when the Court's order was entered on December 31, 2021.  Under FRAP 4(a)(6)(B)  the Defendants' Motion was not filed within the required 14 days after the moving party receives notice that the order at issue was entered.  Under FRAP 4(a)(6)(C), Mr. Carter will certainly be prejudiced by allowing the government to drag out these proceedings ad nauseum.  This case is almost 5 years old, and despite the Plaintiff's diligent attempts to get the case on track, the Defendants have filed a second appeal of an order that they expressly claimed they would not seek appeal from. The Defendants are wasting the time and the resources of the Plaintiff and of the Court.

BASED ON THE FOREGOING, the Plaintiff requests that the Court deny the Defendants' Motion.

**DATED this** Apr 25, 2022 **:**

By: /s/ Luke Busby, Esq.
LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiffs

**Exhibit List**

1. Defendants' Notice of Intent Not to Prosecute Appeal

2. Jan 7, 2021 9th Cir. Order

**CERTIFICATE OF SERVICE**

        Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing Document by:

_____          personally delivering;

_____          delivery via Reno/Carson Messenger Service;

_____          sending via Federal Express (or other overnight delivery service);

_____          depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

_____          delivery via electronic means (fax, eflex, NEF, etc.) to:


                Chris Davis, Esq.
                Deputy Attorney General – Public Safety Division
                Office of the Nevada Attorney General
                555 East Washington Avenue, Suite 3900
                Las Vegas, Nevada 89101
                P: 702-486-9252
                Attorneys for Defendants

                        DATED this  Apr 25, 2022 :


                        **By:**    /s/ Luke Busby, Esq.