AARON D. FORD
  Attorney General
CHRIS DAVIS (Bar No. 6616)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-9252 (phone)
(702) 486-3773 (fax)
Email: cwdavis@ag.nv.gov

*Attorneys for Defendants
Scherrie Bean, Paul Bitar,
Alberto Buencamino, James Dzurenda,
Jerry Howell, Jennifer Nash, and
Brian Williams*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER, | Case No. 2:17-cv-01628-RFB-EJY |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER ON THE DOCKET OR, IN THE ALTERNATIVE, TO REOPEN THE TIME TO FILE AN APPEAL** |
| S. BEAN, BITAR, and J. NASH, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff cannot point to any single entry on the Court's docket which would satisfy the requirements of Fed. R. Civ. P. 79(a) so as to commence the time for filing appeal pursuant to Fed. R. App. P. 4(a). Plaintiff cannot because this Court has yet to enter its order denying Defendants' motion for reconsideration on the docket by setting forth the substance of the transcript deemed to be this Court's order. This Court should therefore grant Defendants' motion to enter this Court's order, denying Defendants' motion for reconsideration (ECF No. 88) of the Court's Order denying summary judgment, on the docket as required by Fed. R. Civ. P. 79(a)(3), and that notice of entry be served as required by 77(d)(1).

In the alternative, to the extent this Court deems that its order denying Defendants' motion for reconsideration has been entered on the docket prior to March 31, 2022, this Court should grant Defendants' motion, pursuant to Fed. R. App. P. 4(a)(6), to reopen the time to file an appeal. Other than the bare assertion of prejudice, Plaintiff concedes that Defendants meet all of the requirements for reopening. The law is clear, however, that Plaintiffs' claim of delay in obtaining a conjectural monetary judgment is not prejudice.

Defendants, however, will be severely prejudiced if they are not permitted to pursue their appeal. In *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), the United States Supreme Court explained that "qualified immunity" is "effectively lost" if defendant is required to "stand trial or face the other burdens of litigation." Accordingly, Defendants will lose the qualified immunity to which they are entitled absent an appeal. Plaintiff therefore has no basis for opposing Defendants' motion. Defendant's motion should therefore be granted.

## II. POINTS AND AUTHORITY

### A. This Court Should Enter The "Substance" Of The Court's Transcript, Ruled To Be This Court's Order, On The Docket As Required By Fed. R. Civ. P. 79(a)(2)

Plaintiff admits that, under Rule 4(a), that the time for appeal commences only upon "entry" of an appealable order. *See* Op. at 6:15-16. Plaintiff also does not dispute that, pursuant Fed. R. App. P. 4(a)(7) an "order is entered for purposes of this Rule 4(a)," if a "separate document" is not required, when the "order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." Plaintiff wrongly contends that this Court's "order denying [defendants']motion for reconsideration was entered on the docket in one of two occasions, in the September 28, 2021 minute order at ECF #108, or at the docketing of the transcript on December 31, 2021 at ECF #113. *See* Op. at 6:17-19. The fact that Plaintiff cannot identify when this court's order as entered on the docket is telling. Plaintiff cannot identify the date because this Court has not yet entered its order denying the motion for reconsideration.

Plaintiff's do not seriously contend that the Court's September 28, 2021 minute order was entry of this court's order. Plaintiff does not dispute that the Minutes of Proceedings,

1 Docket Entry No. 108, cannot be deemed entry of this Court's order because the entry
2 expressly states that the "transcript of the hearing shall serve as the written Opinion and
3 Order of the Court." Plaintiff recognizes that in *Meyer v. Portfolio Recovery Associates,*
4 *LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012), the Ninth Circuit held that a "minute order was
5 not a final appealable order" because the minute order "did not clearly evidence the judge's
6 intention that it would be the court's final act on the matter," but "expressly stated" that
7 another document would serve as the court's order. *See* Op. at 6:232-26. The entry of the
8 minute order at Docket Entry No. 108, therefore, cannot be entry of this Court's order
9 because this Court expressly ruled that it was not this Court's final act, and that the
10 transcript would serve as the final order.

11 Recognizing the futility of relying on Docket Entry No. 108, Plaintiff quickly pivots
12 and claims that this Court's order was actually entered on December 31, 2021, at ECF No.
13 113, even though the court did not serve the transcript at that time, but merely indicated
14 that a preliminary version would be made available at the court for public viewing, but that
15 the final version would be served sometime after March 31, 2022. *See* Op. at 6:23-7:1.
16 Plaintiff, however, ignores the express holding of *Reynolds v. Wade*, 241 F.2d 208, 210,
17 (9th Cir. 1957), Docket Entry No. 113 cannot be viewed as entry because that "docket entry"
18 "doesn't even say who won,"[1] which is a "mandatory' requirement under Rule 79(a).
19 Contrary to Plaintiff's claim, it is not the availability of the order which constitutes entry,

---

[1] Docket Entry No. 113 states:

> TRANSCRIPT of Proceedings, 108 Order on Motion to Reconsider, Motion Hearing, held on 9/28/2021, before Judge Richard F. Boulware, II. Court Reporter: Patricia Ganci, PG@nvd.uscourts.gov. Any Redaction Request is due by 1/21/2022. Redacted Transcript Deadline is set for 1/31/2022. Release of the Transcript Restriction is set for 3/31/2022. Before release date, the transcript may be viewed at the court public terminal or purchased through the reporter. Transcript Order form is available on court website. After that date it may be obtained through the court reporter or PACER. (PG) (Entered: 12/31/2021).

but entry consists of "an appropriate notation on the docket sheet assigned to the action in the district court." *Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 899 (10th Cir. 1986). For that reason, the Tenth Circuit held that even though a "summary judgment order was filed," it "was not entered on the docket" until eight days later because the "order must be recorded in the official court docket and the order is not final or appealable until so entered." *Id*. While this Court's order may have been filed on December 31, 2021, the order was not "entered" because Docket Entry No. 113 does not even include the bare minimum of saying who won. *See Reynolds*, 241 F.2d at 210 (holding that a "docket entry that doesn't even say who won, surely cannot qualify" because the "substance . . . is not in [the] docket").

Without an appropriate entry in the docket, the time for filing an appeal has not commenced.[2] *See Corrigan v. Bargala*, 140 F.3d 815, 818, (9th Cir. 1998) (holding that the "time for filing a notice of appeal does not begin to run until judgment [or order] is entered in compliance with Rule 58 and Rule 79(a)"); *Calhoun v. United States*, 647 F.2d 6, 10 (9th Cir. 1981) (explaining that "proper entry" of an order, in "compliance with the provisions of Fed. R. Civ. P. 58 and 79(a)" is required before the time to appeal commences), *abrogated on other grounds by Acosta v. Louisiana Dept. of Health & Human Res.*, 478 U.S. 251, 253-54 (1986). While Defendants have filed a notice of appeal out of an abundance of caution, this Court should correct the docket to reflect the substance of the transcript which would the commence the time for appeal.

---

[2] Plaintiff implies that notice of the content of the Court order may substitute for the notice provided by entry required by Fed. R. Civ. P. 79(a), such as when counsel for Plaintiff sent a copy of the transcript to counsel for Defendants. *See* Op. at 7:19 – 8:7. Such constructive notice, however, has been rejected as a substitute for entry require by Rule 79(a). *See United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958) (explaining that only [w]hen all of these elements clearly appear [including a notation showing the substance of the judgment as required by Ruled 79(a), then] final judgment has been both pronounced and entered, and the time to appeal starts to run under the provisions of Rule 73(a)").

### B. In The Alternative, This Court Should Reopen The Time For Appeal Pursuant to Fed. R. App. P. 4(a)(6)

Plaintiff acknowledges that Fed. R. Civ. P. 4(a)(6) was designed to reopen the time for appeal "where a party was "genuinely unaware" that "the time period for an appeal had passed." Op. at 8:10-13. That is precisely the situation Defendants now face. Despite his long years of practice, counsel for Defendants had never encountered a transcript being used as the order for the court. Docket Entry No. 113 gave no indication that the entry would be final order of the Court, but appeared to indicate that the order would be entered on March 31, 2022. Counsel for Plaintiff does not dispute that counsel for Defendants' entire justification for requesting that the parties delay scheduling the Proposed Joint Pretrial Order until April 30, 2022, was to provide time to file a notice of appeal once the transcript was entered on the docket. Under Plaintiff's own reasoning, the Rule 4(a)(6) was designed to correct counsel for Defendants' understandable misunderstanding as to when entry would be deemed to have occurred.

More importantly, Plaintiffs do not challenge that this Court failed to provide notice of judgement required by Fed. R. Civ. P.77(d), which would cleared up any misunderstanding by counsel for Defendants. Nor do Plaintiffs dispute that, in *United States v. Withers*, 638 F.3d 1055, 1061–62 (9th Cir. 2011), the Ninth Circuit held: "Where a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment."

The only condition that Plaintiff even attempts to raise is prejudice. *See* Op. at 8:17-26. Other than claiming that this case is almost five years old, Plaintiff does not even attempt to establish prejudice. Plaintiff' ignores that Defendants were not even served until October 31, 2018, and because Plaintiff's Amended Complaint had to be screened, Defendants were not required to answer until October 8, 2019.

Plaintiff does not dispute that his dental treatment which is the subject of his complaint has been completed. *See* ECF No. 79, at 2:10. Accordingly, Plaintiff concedes

1  that if successful at trial, Plaintiff at most would only be entitled to monetary damages. Plaintiff, however, ignores court decisions and the Advisory Committee Notes which forcefully state that a delay in the possible recovery of monetary damages is not prejudice for purposed of Fed. R. App. P. 4(a)(6)(C). *See McCarnes v. Dexter*, 549 F. Supp. 2d 1204, 1207 (C.D. Cal. 2008) (quoting the Advisory Committee Notes to Fed. R. App. P. 4(a)(6)(C) to hold that the "delay of the finality of a judgment is a "consequence present in every appeal," which, as the Advisory Committee Notes make clear, is insufficient to constitute prejudice within the meaning of Fed. R. App. P. 4(a)(6)(C)"); *White v. Staten*, Case No. 7:14-CV-117-H-TQL, 2015 WL 4255979, at *2 (M.D. Ga. July 14, 2015) (quoting the Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment to hold that "'prejudice'" requires "'some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal'" and instead requires "'some action in reliance on the expiration of the normal time period for filing a notice of appeal'"); *see also Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990) (holding delay in obtaining recovery would not prejudice Plaintiff); *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) (holding that a "delay in the trial [which] will delay . . . recovery" did not establish "prejudice"). Plaintiff therefore concedes that Defendants meet all three factors for reopening the time for appeal, and that no issues are present which would foreclose reopening. Accordingly, this Court should reopen the time for appeal for fourteen days.

**III. CONCLUSION**

For the foregoing reasons, this Court should grant Defendants' motion to enter this Court's order, denying Defendants' motion for reconsideration (ECF No. 88) of the Court's Order denying summary judgment, on the docket as required by Fed. R. Civ. P. 79(a)(3), and that notice of entry be served as required by 77(d)(1). In the alternative, to the extent this Court deems that its order denying Defendants' motion for reconsideration has been

1  entered on the docket prior to March 31, 2022, this Court should grant Defendants' motion,
2  pursuant to Fed. R. App. P. 4(a)(6), to reopen the time to file an appeal.
3       DATED this 5th day of May, 2022.

AARON D. FORD
Attorney General

By: /s/ Chris Davis
CHRIS DAVIS (Bar No. 6616)
Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on May 5, 2022, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER ON THE DOCKET OR, IN THE ALTERNATIVE, TO REOPEN THE TIME TO FILE AN APPEAL** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

LUKE A. BUSBY, ESQ
316 California Ave.
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

/s/ Chris Davis
An employee of the Office of the
Nevada Attorney General