AARON D. FORD
  Attorney General
CHRIS DAVIS (Bar No. 6616)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-9252 (phone)
(702) 486-3773 (fax)
Email: cwdavis@ag.nv.gov

*Attorneys for Defendants
Scherrie Bean, Paul Bitar,
Alberto Buencamino, James Dzurenda,
Jerry Howell, Jennifer Nash, and
Brian Williams*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANNON CARTER, | Case No. 2:17-cv-01628-RFB-EJY |
| Plaintiff, | |
| v. | **OPPOSITION TO PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** |
| S. BEAN, BITAR, and J. NASH, *et al.*, | |
| Defendants. | |

**I.  INTRODUCTION**

Plaintiff Shannon Carter wrongly petitions this Court to certify that Defendants' appeal is frivolous. Carter's petition, not Defendants' appeal, is frivolous. At best, Carter argues that Defendants' appeal lacks merit because this Court ruled that a question of fact is present. That is a far cry from establishing that Defendants' appeal is entirely baseless. Defendants appeal will establish that even under the facts this Court relied upon to deny qualified immunity, Defendants are entitled to qualified immunity as a matter of law. Both the United States Supreme Court and the Ninth Circuit have repeatedly reversed district court's denial of qualified immunity despite a finding of a disputed material issue of fact by the district court. Defendants intend to follow that trend.

Page **1** of **10**

Carter's claim that Defendants' appeal is untimely is equally without merit. Carter cannot point to any single entry on the Court's docket which would satisfy the requirements of Fed. R. Civ. P. 79(a) so as to commence the time for filing an appeal pursuant to Fed. R. App. P. 4(a). Carter cannot do so because this Court has yet to enter its order denying Defendants' motion for reconsideration on the docket by setting forth the substance of the transcript deemed to be this Court's order. Because the time for filing an appeal has not yet commenced, this Defendants appeal is timely, ***not*** frivolous.

Accordingly, Carter's petition has no merit and should be denied.

## II. POINTS AND AUTHORITY

In *Marks v. Clarke*, 102 F.3d 1012, 1018 n.8 (9th Cir. 1996), the Ninth Circuit, quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir.1989), explained that "a frivolous qualified immunity claim is one that is . . . 'so baseless that it does not invoke appellate jurisdiction." In *Apostol*, the Seventh Circuit held that the "power [to certify to the court of appeals that the appeal is frivolous] must be used with restraint . . . because it is frivolous [that] is anomalous." 870 F.2d at 1339. Carter does not even attempt to meet this standard.

### A. Defendants Appeal Is *NOT* Frivolous Because Defendants' Appeal Is Based on the Contours of the Rights at Issue, which Is a Question of Law, Even Though this Court Found a Material Dispute of Fact.

Carter principally, but wrongly, argues that Defendants appeal is frivolous because this Court's denial of summary judgment was "based on disputed issues of fact," and a denial of a claim of qualified immunity is only immediately appealable "to the extent it turns on a question of law." Mot. at 5:12-16. In *Behrens v. Pelletier*, 516 U.S. 299, 312, (1996), the United States Supreme Court expressly rejected the argument that the "appeal of denial of the summary-judgment motion is not available because the denial rested on the ground that 'material issues of fact remain.'" The court reasoned that the "[d]enial of summary judgment often includes a determination that there are controverted issues of material fact," but that "surely does not mean that every such denial of summary judgment is nonappealable." *Id*. at 312-13. The Court held that "summary judgment determinations are appealable when they resolve a dispute concerning an 'abstract issue of law' relating to

qualified immunity," such as "the issue whether the federal right allegedly infringed was 'clearly established,'" *Id.* at 313.

     Indeed, the Ninth Circuit routinely reverses the denial of summary judgment on the issue of qualified immunity despite the district court's findings of a dispute of a material fact. For example, in *Rodriguez v. Maricopa Cnty. Cmty. Coll. Dist.*, 605 F.3d 703, 707 (9th Cir. 2010), the Ninth Circuit rejected the argument that the court "lack[ed] jurisdiction to review . . . the question of qualified immunity" because "a genuine issue of material fact exists as to whether the acts or omissions of Defendants were objectively reasonable." The court reasoned that it may "disregard material factual disputes identified by the district court" when reviewing the "contours of the right at issue, and the reasonableness of defendants' actions" which is "a question of law." *Id.* The Ninth Circuit held that: "we undoubtedly have jurisdiction to determine whether, taking the facts in the light most favorable to plaintiffs, defendants would have violated a constitutional right of which a reasonable government official would have been aware." *Id.* The court ultimately "reverse[d] the district court's denial of qualified immunity" because plaintiff could not "show a constitutional violation." *Id.* at 711.

     Similarly, this Court's denial of qualified immunity is equally appealable. In *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), the United States Supreme Court held that "[q]ualified immunity shields . . . state officials from money damages unless a plaintiff . . . show[s] (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Defendants appeal involves a pure issue of law because Defendants affirm that even when construing the facts in favor of Carter, Defendants did not violate Carter's rights under clearly established law.

     Specifically, Defendants maintain that Carter cannot establish the [1] "objective standard, which requires the plaintiff to show a serious medical need," or [2] the "subjective standard, which requires a showing of deliberate indifference." *Ocampo v. Corizon, LLC*, Case No. 20-35990, 2022 WL 229093, at *1 (9th Cir. Jan. 25, 2022). Carter cannot establish the object standard because Carter failed to show he "had an objectively serious medical

need." *Lemire v. California Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (emphasis added); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that a "prison official violates the Eighth Amendment only when . . . the deprivation [is] objectively sufficiently serious" so that "conditions pos[e] a substantial risk of serious harm"). While this Court disagreed and held Carter established a serious medical need due to "the existence of chronic and substantial pain" (*see* Order, ECF No. 87 at 9:6-9), Defendants maintain as a matter of law that subjective claims of pain cannot establish an objectively serious medical condition. The only objective evidence in the record was provided by Dr. Bitar, who affirmed under oath that Carter's cavity was minor, and he was not suffering from an oral infection, bleeding gums or had any other objective signs of pain. *See* Defendants MSJ (ECF No. 69), at 8:16-20. Courts have held that subject claims of dental pain alone do not establish an objectively serious medical condition. *See Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (holding that "tooth pain did not constitute a serious medical need" when Plaintiff failed to show either "outward signs of injury, such as bleeding and swelling, that a layperson would recognize or established a medical professional diagnosed the dental pain as requiring treatment"); *Weatherspoon v. Woods*, Case No. 16-1277, 2017 WL 3923335, at *5 (6th Cir. Feb. 24, 2017) (holding that inmates "assertion that he was in pain while he waited to be seen by a dentist does not establish that he suffered a sufficiently serious medical condition"); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)(explaining that "[m]ost . . . circuits hold that a medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). Due to the lack of objective evidence, Carter cannot show that he had an objectively substantial serious condition or that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists," or that Defendants "dr[ew] the inference," required to establish deliberate indifference.[1] *Farmer,* 511 U.S. at 837.

Carter cannot point a violation of a "right that was clearly established" so that "that every 'reasonable official would have understood that what he is doing violates that right, . . . not as a broad general proposition, but in a 'particularized sense so that the 'contours' of the right are clear to a reasonable official." *Reichle v. Howards*, 566 U.S. 658, 664-65 (2012). While this Court relied upon cases involving dental pain to rule that Carter had an objectively serious medical condition, these cases are distinguishable because they did not involve minor cavity, with no oral infection, bleeding gums or any other objective signs of pain. Without such a particularized showing, Defendants are entitled to qualified immunity as a matter of law and Defendants' appeal is far from frivolous.

### B. Although Defendants Are Entitled to Qualified Immunity on All Claims Asserted by Carter, Defendants' Need Only Establish One Claim that is Shielded by Qualified Immunity to Pursue an Immediate Appeal.

Carter appears to suggest that Defendants are not entitled to an immediate appeal on qualified immunity unless they are entitled to qualified immunity on all claims asserted by Carter. Mot at 4:17- 5:8. In *Behrens*, however, the United States also rejected the argument that an immediate appeal based on qualified immunity was unavailable if "the defendant [would] be required to endure discovery and trial on matters separate from the claims against which immunity was asserted." 516 U.S. at 311-12. The Court held that the "right to immunity is a right to immunity from certain claims, not from litigation in

---

[1] Carter's retaliation claim in violation of the First Amendment equally has no merit. The only adverse action found by the Court is the violation of Carter's "Eight Amendment Rights." Order, ECF No. 87, at 13:7-11. As Defendants did not violate Carter's Eighth Amendment Rights, Carter did not suffer the required adverse action necessary to establish the other elements of a retaliation claim. *See Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021), the Ninth Circuit explained that "a viable claim of First Amendment retaliation" requires the prisoner to establish "five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

general; when immunity with respect to those claims has been finally denied, appeal must be available, and cannot be foreclosed by the mere addition of other claims to the suit." *Id.* at 312. Only one claim need survive, although Defendants maintain that they are entitled to qualified immunity on all claims asserted by Carter. Again, Carter's presumption of frivolousness simply is without foundation.

### C. Defendants' Appeal Is Timely, and <u>*NOT*</u> Frivolous.

Carter also appears to imply that Defendants cannot pursue their appeal because they withdrew their premature appeal, and filed a second untimely notice of appeal. Motion at 5:25 - 9:2. Neither argument has any merit.

First, despite Carter's implied argument to the contrary, Defendants properly withdrew their premature notice of appeal. In *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1032 (9th Cir. 2020), the Ninth Circuit explained that there is "no penalty for filing a premature notice of appeal." While Defendants could have continued to wait for this Court to enter its order denying plaintiff's motion for reconsideration, the Ninth Circuit explained that the "prudent course of action is merely to file a fresh appeal after entry of final judgment." *In re Jack Raley Const., Inc.*, 17 F.3d 291, 294 (9th Cir. 1994). This is the course followed by Defendants.

More importantly, notwithstanding Carter's contrary claim, Defendants timely filed their notice of appeal. As extensively set forth in Defendants' prior motion papers, under Rule 4(a), the time for appeal commences only upon "entry" of an appealable order. Pursuant Fed. R. App. P. 4(a)(7) an "order is entered for purposes of this Rule 4(a)," if a "separate document" is not required, when the "order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." Carter wrongly contends that this Court's "order denying [defendants']motion for reconsideration was entered on the docket in one of two occasions, in the September 28, 2021 minute order at ECF #108, or at the docketing of the transcript on December 31, 2021, at ECF #113." *See* Mot. at 7:11-14. The fact that Carter cannot identify when this Court's order was entered on the docket is telling. Carter cannot

identify the date because this Court has not yet entered its order denying the motion for reconsideration.

Carter does not seriously contend that the Court's September 28, 2021 minute order was entry of this Court's order. Carter does not dispute that the Minutes of Proceedings, Docket Entry No. 108, cannot be deemed entry of this Court's order because the entry expressly states that the "transcript of the hearing shall serve as the written Opinion and Order of the Court." Carter recognizes that in *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012), the Ninth Circuit held that a "minute order was not a final appealable order" because the minute order "did not clearly evidence the judge's intention that it would be the court's final act on the matter," but "expressly stated" that another document would serve as the court's order. *See* Mot. at 7:18-21. The entry of the minute order at Docket Entry No. 108, therefore, cannot be entry of this Court's order because this Court expressly ruled that it was not this Court's final act, and that the transcript would serve as the final order.

Recognizing the futility of relying on Docket Entry No. 108, Carter quickly pivots and claims that this Court's order was actually entered on December 31, 2021, at ECF No. 113, even though the court did not serve the transcript at that time, but merely indicated that a preliminary version would be made available at the court for public viewing, but that the final version would be served sometime after March 31, 2022. *See* Mot. at 6:21-25. Carter, however, ignores the express holding of *Reynolds v. Wade*, 241 F.2d 208, 210, (9th Cir. 1957), Docket Entry No. 113 cannot be viewed as entry because that "docket entry" "doesn't even say who won,"[2] which is a "mandatory" requirement under Rule 79(a).

---

[2] Docket Entry No. 113 states:

> TRANSCRIPT of Proceedings, 108 Order on Motion to Reconsider, Motion Hearing, held on 9/28/2021, before Judge Richard F. Boulware, II. Court Reporter: Patricia Ganci, PG@nvd.uscourts.gov. Any Redaction Request is due by 1/21/2022. Redacted Transcript Deadline is set for 1/31/2022. Release of the Transcript Restriction is set for 3/31/2022. Before release date, the transcript may be viewed at the court public terminal or purchased through the reporter. Transcript Order

1  Contrary to Carter's claim, it is not the availability of the order which constitutes entry,
2  but entry consists of "an appropriate notation on the docket sheet assigned to the action in
3  the district court." *Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 899 (10th Cir.
4  1986). For that reason, the Tenth Circuit held that even though a "summary judgment
5  order was filed," it "was not entered on the docket" until eight days later because the "order
6  must be recorded in the official court docket and the order is not final or appealable until
7  so entered." *Id*. While this Court's order may have been filed on December 31, 2021, the
8  order was not "entered" because Docket Entry No. 113 does not even include the bare
9  minimum of saying who won. *See Reynolds*, 241 F.2d at 210 (holding that a "docket entry
10 that doesn't even say who won, surely cannot qualify" because the "substance . . . is not in
11 [the] docket").

12  Without an appropriate entry in the docket, the time for filing an appeal has not
13 commenced.³ *See Corrigan v. Bargala*, 140 F.3d 815, 818, (9th Cir. 1998) (holding that the
14 "time for filing a notice of appeal does not begin to run until judgment [or order] is entered
15 in compliance with Rule 58 and Rule 79(a)"); *Calhoun v. United States*, 647 F.2d 6, 10 (9th
16 Cir. 1981) (explaining that "proper entry" of an order, in "compliance with the provisions of
17 Fed. R. Civ. P. 58 and 79(a)" is required before the time to appeal commences), *abrogated*
18 *on other grounds by Acosta v. Louisiana Dept. of Health & Human Res.*, 478 U.S. 251, 253-
19 54 (1986). While Defendants have filed a notice of appeal out of an abundance of caution,

---

form is available on court website. After that date it may be obtained through the court reporter or PACER. (PG) (Entered: 12/31/2021).

³ Carter implies that notice of the content of the Court order may substitute for the notice provided by entry required by Fed. R. Civ. P. 79(a), such as when counsel for Carter sent a copy of the transcript to counsel for Defendants. *See* Mot. at 8:14 –28. Such constructive notice, however, has been rejected as a substitute for entry required by Rule 79(a). *See United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958) (explaining that only [w]hen all of these elements clearly appear [including a notation showing the substance of the judgment as required by Ruled 79(a), then] final judgment has been both pronounced and entered, and the time to appeal starts to run under the provisions of Rule 73(a)").

the time for filing an appeal has not yet commenced.[4] Accordingly, Defendants' notice of appeal is timely, and Defendants' appeal is not frivolous.

## III. CONCLUSION

For the foregoing reasons, this Court should deny Carter's petition to certify Defendants' appeal as frivolous.

DATED this 9th day of May, 2022.

AARON D. FORD
Attorney General

By: /s/ Chris Davis
CHRIS DAVIS (Bar No. 6616)
Deputy Attorney General

*Attorneys for Defendants*

---

[4] In the unlikely even this Court deems that its order denying Defendants' motion for reconsideration has been entered on the docket prior to March 31, 2022, this Court should grant Defendants' motion, pursuant to Fed. R. App. P. 4(a)(6), to reopen the time to file an appeal. Because Carter has no basis for opposing this motion, Defendants' appeal should still be deemed timely.

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on May 9, 2022, I electronically filed the foregoing **OPPOSITION TO PETITION TO CERTIFY DEFENDANTS APPEAL AS FRIVOLOUS** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

LUKE A. BUSBY, ESQ
316 California Ave.
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

/s/ Chris Davis
An employee of the
Office of the Nevada Attorney General