LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANNON CARTER, | Case No.: 2:17-cv-01628-RFB-EJY |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO PLAINTIFF'S SECOND PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS AND REQUEST TO PROCEED WITH TRIAL** |
| vs. | |
| S. BEAN and DR. BITAR, *et al*.; | |
| Defendants. | |
| _____/ | |

COMES NOW, SHANNON CARTER ("Carter" or "Plaintiff"), by and through the undersigned counsel, and hereby files the following Reply to the Opposition to Motion to Certify Defendants' Appeal as Frivolous [ECF #127] filed by S. BEAN and DR. BITAR, et al. ("Defendants") on May 9, 2022.

This reply is made and based upon all the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto, if any there be, as well as the points and authorities set forth directly hereinafter.

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

On November 2, 2022, the Defendants filed a Notice of Intent Not to Prosecute Appeal Following District Court Ruling in Appeal No. 20-17442, attached to the Motion at ECF #122-1.  Based on this representation, on November 15, 2021, the 9th Circuit issued a Mandate in Docket No. 20-17442 [ECF #111] dismissing their appeal. The Mandate clearly applied to the Defendants' Motion for Reconsideration.  The Court should deem the second appeal of that order to be frivolous because the mandate reflects the final judgment of the 9th Circuit. Once the mandate was issued, the 9th Circuit lost jurisdiction over the merits of the appeal. *United States v. Arevalo*, 408 F.3d 1233, 1234 (9th Cir. 2005).  Yet, on April 8, 2022, the Defendants filed a second Notice of Appeal [ECF #117] of this same order, some **98 days** after the transcript of the proceeding at which the Court issued its order [ECF #113] was issued, and **192 days** after the hearing [ECF #108] at which the Court denied the motion at issue and entered as much in the record.  Trying to revive an appeal, by filing a grossly untimely Notice of Appeal, where a party represented to the court that it does not intend to prosecute an appeal following a district court's ruling on a motion for reconsideration, is self-evidently unreasonable and frivolous.

The Defendants do not acknowledge their representations to the 9th Circuit regarding the prior appeal in their Opposition to the Motion, but rather engage in a byzantine analysis of whether a "subjective" claim of dental pain is sufficient to overcome a qualified immunity defense.  *See* Opposition at pages 3-5.   This analysis is wholly irrelevant to the question before the Court and turns on the disputed issues of fact in the case.  The subject matter of an appeal is of no consequence where a party fails to comply with the jurisdictional requirements under FRAP 4(a)(4).

Further, the Court's Order [ECF # 87] denying the Defendnats' Motion for Summary Judgment was unambiguous in finding the following genuine issues of fact: (1) What occurred when Mr. Carter was brought to his appointment on February 1, 2017, i.e. whether he was denied treatment for his dental issues or was refused

treatment by the Defendants; and (2) whether Carter had a serious medical need that was disregarded by the Defendants. *Id.* at 3-4.   The law of the land on this point is also unambiguous, appeals of qualified immunity determinations are limited to cases presenting issues of law, and not fact.  "... [A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20, 115 S. Ct. 2151, 2159 (1995)

The Opposition also argues that the Defendants may appeal if a single claim is shielded by qualified immunity.  See Opposition at page 5.  Again, the Defendant's miss the point.  In Defendant's July 30, 2020 Motion for Summary Judgment [ECF #69], the Defendants failed to move for judgment on Mr. Carter's Fourteenth Amendment Substantive Due Process claim.  As such, this claim was not addressed in the Court's Order denying the Defendant's Motion for Summary Judgment [ECF #87]. There is no "judgment" on this claim that may be appealed - and filing such an appeal on a claim on which there is no judgment is frivolous.  Further, it's not clear what judgment is being appealed.

The Defendants arguments as to whether their second Notice of Appeal [ECF #117] is timely are extensively addresses in the Plaintiff's Response [ECF # 121]  to the the Defendant's Motion for Entry of Order on the Docket or, in the Alternative, to Reopen the Time to File an Appeal [ECF #119].  In sum, under FRAP 4(a)(4), an appeal may be taken as a matter of right within 30 days after entry of the tolling motion appealed from was entered into the docket - and this did not occur by any reasonable interpretation of the procedural record in this matter.

Under FRCP 79(a), the order denying the motion for reconsideration was entered into the docket on one of two occasions - in the September 28, 2021 minute order at ECF #108, and/or at the docketing of the transcript of that hearing on December 31, 2021 at ECF #113, at which time the transcript was made available to parties to purchase or to view at the Court's terminal.  In either case, the April 8, 2022 Notice of

Appeal was grossly untimely. Time limits on filing a notice of appeal are "mandatory and jurisdictional." *United States v. Arevalo*, 408 F.3d 1233, 1234 (9th Cir. 2005).

     BASED ON THE FOREGOING, the Court should certify the appeal filed by the Defendants in this matter as frivolous, award attorney's fees to the undersigned counsel for the time spent responding to the Defendant's second appeal, and order that this matter proceed to trial.

**DATED this  May 16, 2022 :**

By:   /s/ Luke Busby, Esq.
LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiffs

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing Document by:

_____          personally delivering;

_____          delivery via Reno/Carson Messenger Service;

_____          sending via Federal Express (or other overnight delivery service);

_____          depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_x\_\_\_          delivery via electronic means (fax, eflex, NEF, etc.) to:


Chris Davis, Esq.
Deputy Attorney General – Public Safety Division
Office of the Nevada Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
P: 702-486-9252
Attorneys for Defendants

DATED this  May 16, 2022 :


**By:**   /s/ Luke Busby, Esq.