1
2
3
4                    **UNITED STATES DISTRICT COURT**

5                          **DISTRICT OF NEVADA**

6                                 * * *

7    SHANNON CARTER,                        Case No. 2:17-cv-001628-RFB-EJY

8                              Plaintiff,              **ORDER**

9         v.

10   BEAN, et al.,

11                             Defendants.

12

13   **I.      INTRODUCTION**

14

15       Before the court are two pending motions or petitions: Defendants' Motion to for entry of

16   order on the docket, or, in the alternative, to reopen the time to file an appeal (ECF No. 119), and

17   Plaintiff's Second Petition to certify Defendants' appeal as frivolous and request to proceed with

18   trial (ECF No. 122).

19       For the following reasons, the Court grants Plaintiff's petition and denies Defendants'

20   motion.

21

22   **II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

23       On June 9, 2017, Plaintiff commenced this prisoner's civil rights case *pro se* by filing an

24   application to proceed in forma pauperis; attached to his application was a complaint alleging

25   defendants violated his rights under the First and Eighth Amendment when they denied Plaintiff

26   dental treatment in retaliation for filing a lawsuit against them.  ECF No. 1-1.  On September 28,

27   2018, Plaintiff filed an amended complaint.  ECF No. 14-1.  Defendants filed their answer on

28   October 18, 2019.  ECF No. 45.  On November 5, 2019, Plaintiff moved for partial summary

1    judgment.  ECF No. 49.  On July 30, 2020, Defendants moved for summary judgment.  ECF No.

2    69.  On October 28, 2020,  the Court heard arguments from the parties on these motions.  ECF No.

3    85.  The Court issued a written order on November 30, 2020, granting in part Defendants' motion

4    for summary judgment and denying Plaintiff's motion for summary judgment.  ECF No. 87.

5          Defendants filed a motion for reconsideration on December 14, 2020.  ECF No. 88.  Within

6    thirty days of the Court's November 30, 2020 order, on December 17, 2020, Defendants filed a

7    notice of appeal.  ECF No. 89.  The Ninth Circuit issued an order on January 7, 2021 holding

8    appellate  proceedings  in  abeyance  pending  the  resolution  of  Defendants'  motion  for

9    reconsideration, which Defendants had filed on December 14, 2021.  Docket 20-17442, No. 2.

10   The Ninth Circuit's order stated that Defendants had seven days from the date of entry of this

11   Court's  order  to  decide  whether  they  would  prosecute  the  appeal.      Id.   The Court denied

12   Defendants motion for reconsideration on September 28, 2021 by minute order.  ECF No. 108.

13   On November 2, 2021, Defendants notified the Ninth Circuit that they did not intend to prosecute

14   the appeal.  On November 15, 2021, the Ninth Circuit issued an order stating that the appeal was

15   voluntarily dismissed.  ECF No. 111.  On December 6, 2021, the parties filed a joint request for

16   status conference, "as a result of the November 15, 2021 dismissal of Appeal . . . ." ECF No. 112.

17   A transcript of the September 28, 2021 hearing was filed to the docket on December 31, 2021.

18         On April 9, 2022, Defendants filed a second notice of appeal.  ECF No. 117. On April 27,

19   2022, the Ninth Circuit issued an order concluding that "[a] review of the record suggests that [the

20   appeals court] may lack jurisdiction over this appeal" because the notice of appeal was untimely

21   because it was not filed within 30 days of either the Court's September 28, 2021 order denying the

22   motion for reconsideration or the entry of the transcript on the docket on December 31, 2021.

23   Docket 22-15541, No. 4.  On October 7, 2022, the Court heard arguments on the pending motions

24   and took them under submission.  ECF No. 132.  This decision follows.

25
26         III.     LEGAL STANDARD

27         "[A] frivolous or forfeited appeal does not automatically divest the district court of

28   jurisdiction.  Accordingly, a district court may certify in writing that the appeal is frivolous or

1   waived." <u>Chuman v. Wright</u>, 960 F.2d 104, 104 (9th Cir. 1992).  An appeal is frivolous "if the

2   results are obvious or the arguments of error are wholly without merit." <u>Amwest Mortg. Corp. v.</u>

3   <u>Grady</u>, 925 F.2d 1162, 1165 (9th Cir. 1991).

4        The timely filing of a notice of appeal is a strict jurisdictional requirement. <u>Bowles v.</u>

5   <u>Russell</u>, 551 U.S. 205, 214 (2007); <u>see</u> <u>also</u> <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S.

6   56, 61 (1982) (per curiam) (internal citations omitted); <u>Hohn v. United States</u>, 524 U.S. 236, 247

7   (1998).  In most cases, to commence an appeal of a federal court decision, an appellant must file a

8   notice of appeal with the district clerk within 30 days of entry of the judgment or order they seek

9   to appeal.  Fed. R. App. P. (4)(a)(1). Exceptions apply where the moving party is the United States,

10  a federal agency, a current employee of the United States being sued in their official capacity, and

11  in some instances, former employees of the United States; exceptions to this rule also apply to

12  incarcerated movants. <u>See</u> Fed. R. App. P. (4)(a)(2),(c).

13       If a party is unable to file a notice of appeal in time, they may move for an extension no

14  more than 60 days after entry of the underlying judgment or order, i.e., they are given a 30-day

15  grace period after their initial 30-day period to file a notice of appeal expires. Fed. R. App. P.

16  (4)(a)(5)(A)(i). If they move for an extension of time before the initial 30-day period to file the

17  notice of appeal, a prospective appellant may make their motion *ex parte*, unless the court requires

18  otherwise. (4)(a)(5)(B). Furthermore, requests for extension of time to file an appeal are only

19  granted for good cause or a finding of excusable neglect. Fed. R. App. P. (4)(a)(5)(A)(ii).

20       The Ninth Circuit strictly limits findings of excusable neglect under Rule 4(a) to

21  "extraordinary" instances where injustice would otherwise result. <u>Oregon v. Champion Int'l Corp.</u>,

22  680 F.2d 1300, 1301 (9th Cir. 1982) ("Extending the excusable neglect exception to clerical errors

23  of counsel or counsel's staff would be inconsistent with the Advisory Committee's intent to limit

24  the exception to extraordinary cases and would thwart the Rule's purpose of promoting finality of

25  judgments."). Upon a finding of no excusable neglect for a late filing, it is an abuse of discretion

26  for the district court to grant an extension of time. <u>Sprout v. Farmers Ins. Exchange</u>, 681 F.2d 587,

27  588 (9th Cir. 1982).

28       A district court may reopen the time to file an appeal for a period of 14 days after the date

when its order to reopen is entered, but only if all the following conditions are satisfied: first, the moving party must not have received notice of the entry of the judgment or order sought to be appealed within 21 days after entry; second, the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of entry, whichever is earlier; and third, no party would be prejudiced.  Fed. R. App. P. 4(a)(6).  "While Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt."  Nunly v. City of Los Angeles, 52 F.3d 792, 795 (9th Cir. 1995).  Thus, if the moving party denies receipt of a notice, "a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing."  Id. at 796

## IV.    DISCUSSION

### A.   The Operative Order for Appeals is the Court's September 30, 2021 Minute Order.

Defendants seize on the form language in the Court's September 30, 2021 order stating that the transcript of the September 28, 2021 hearing "shall represent the opinion and order of the court." The final transcript was entered on the docket on March 31, 2022. Defendants conclude that the 60-day timeline for filing a timely notice of appeal did not start until the transcript was entered on the docket.  The Ninth Circuit issued an order in the most recent appellate case filed by Defendants requiring Defendants to show cause why the appeal is not untimely, because it was filed well after the Court's September 30, 2021 order and the December 31, 2021 filing of the transcript.

As a preliminary matter, minute orders are appealable final orders, as are docket entries that generally reflect a decision and order of a trial court.  In Beaudry Motor Co. v. Abko Properties, Inc., the Ninth Circuit copied an image of a docket entry into its order and found that the "docket sheet entry complies with the requirements of Fed. R. Civ. P. 79(a)."  780 F.2d 751, 755 (9th Cir. 1986).  The docket entry in Beaudry reads as follows: "For reasons set forth in Dft resp to Ptlf Mots for New Trial and to Amd Complt, ORD that Ptlf Mots are DENIED."  Id.  ("The

entry briefly states the substance of the minute order as being an order denying BMC's post-judgment motions, and it sufficiently demonstrates the date upon which entry was made.") (internal citation omitted).

The primary question before the Court is whether—and when—entry of an appealable order or judgment took place in this case, given the September 30, 2021 Order's reference to another document, i.e., the transcript of the hearing.  The Court finds the D.C. Circuit's analysis in Fadhel Hussein Saleh Hentif v. Obama illustrative of the issues at play in the present case. 733 F.3d 1243 (D.C. Cir. 2013).

Hentif involved an attempted appeal of a District Court denial of a motion to reconsider that also turned on the time of "entry" of the underlying order.  Appellees argued that entry occurred upon the filing of a notice to the docket stating that the district court had issued a classified order and that a redacted version would later be posted; appellant argued that entry occurred only when the redacted order itself was filed to the docket.

The D.C. Circuit found for the appellees, holding that the first posting qualified as an entry. Id. at 1245 ("Although classified decisions and orders present special considerations in determining whether a party has adequate information to make an intelligent decision whether to appeal . . .  that problem can be avoided by the filing of a protective notice of appeal.") (internal citation omitted).

The D.C. Circuit first concluded that the Rules Enabling Act gave the Supreme Court the authority to promulgate rules of procedure and evidence that have the force of law, provided they fall within the scope of authority granted by the Act.  Two requirements contained in those rules were central to its determination as to the timeliness of the appeal: first, the requirement that a party may appeal a district court judge's decision within 60 days of entry of order or judgment, pursuant to Federal Rule of Appellate Procedure 4, and second, the requirement under Federal Rule of Civil Procedure 79 that entry of an order occurs when it is filed on the docket, so long as a separate document is not required by Rule 58.  Id. at 1246. (internal citations and quotation marks omitted). Because the underlying order related to a motion for reconsideration, a separate document was not required for "entry" of an order.  Id. at 1246.

1    The notice in <u>Hentif</u> met the requirements of Rule 79(a)(3), which states that "[e]ach entry

2    must briefly show . . . the substance and date of entry of each order and judgment." The initial

3    docket filing (the "Notice") described the classified memorandum and order, stating that the

4    deciding court had denied the motion for reconsideration; it also contained the date of entry.  The

5    <u>Hentif</u> Court concluded that it could not "construe 'entry' so narrowly as to exclude a posting that

6    complied with the ordinary meaning of the word and Rule 79(a)(3)'s description of the content of

7    'entries.'"  <u>Id</u>. at 1248-49.

8    Defendants, who argue that the Court is yet to enter on the docket an order denying their

9    motion for reconsideration, are essentially arguing that the Court's minute order of September 30,

10   2021 was not an "entry" under rule 79(a)(3).  The Court disagrees, as the minute order meets the

11   requirements of the Rule. On September 30, 2021, the Court entered a minute order summarizing

12   the September 28, 2021 hearing attended by counsel for both parties noting that "for the reasons

13   stated on the record at the hearing, IT IS ORDERED that [88] Motion for Reconsideration is

14   DENIED."  ECF No. 108.  As the parties consented to electronic service, notice of entry was

15   electronically mailed to one email associated with counsel for Plaintiff and four emails associated

16   with counsel for Defendants on September 30, 2021.   <u>Id</u>.

17   Defendants further argue that the December 31, 2021, entry of the transcript to the docket

18   also does not "count" as an entry because it does not identify the winner or loser, in violation of

19   Ninth Circuit precedent. <u>See</u>, <u>e.g.</u>, <u>Reynolds v. Wade</u>, 241 F.2d 208 (9th Cir. 1957) (holding that

20   although the Court declined to define "how poor an entry can be and still be a judgment" it was

21   obvious that an entry that "doesn't even say who won[] surely cannot qualify").  This argument is

22   unavailing as the Court's minute order, not the transcript, is the operative entry that starts the

23   appeals clock; it clearly states that Plaintiff's motion was denied in full, and Defendant's motion

24   was granted in part.  ECF No. 108.  The Court's order captured the substance of its decision,

25   described who was meritorious and to what extent, and included a date of entry, satisfying the

26   requirements of Rule 79(a)(3).

27

28   **B.  Defendants Dismissed Their Timely Appeal and Filed A Subsequent Untimely Appeal**

The Court finds that the Defendants voluntarily dismissed their timely appeal of the September 30, 2021 Order and filed a subsequent untimely appeal.

Defendants were on notice of the Court's reasoning in denying the motion to reconsider as of September 28, 2021, the date of the Court's hearing. As of September 30, 2021, the date of the notice of entry of the order, Defendants could have notified the Ninth Circuit that this Court had issued a decision on the motion for reconsideration and that the appeal should no longer be held in abeyance. Instead, based on their understanding of the Court's reasoning in denying the motion for reconsideration, on November 2, 2021, Defendants affirmatively declined to prosecute their pending appeal. Specifically, Defendants stated they "[did] not intend to prosecute their appeal following the District Court's ruling on their Motion for Reconsideration (ECF No. 88). Accordingly, this matter should be remanded to the District Court so that Plaintiff-Appellee's outstanding claims may proceed to trial." Docket 20-17442, No. 11. Furthermore, on December 6, 2021, the parties filed a joint request for status conference, "as a result of the November 15, 2021 dismissal of Appeal . . . ." ECF No. 112.

Defendants' most recent arguments, which are now before the Court, attempt to elide this procedural history. Defendants now make the argument that the Court has *yet to enter* an order briefly showing the substance and date of entry of its decision regarding their motion for reconsideration. The Court finds this argument frivolous and disingenuous. Defense counsel was present at the September 28, 2021 hearing, where the Court issued its decision on the record denying the motion for reconsideration. Defendants received the notice of entry of the Court's minute order on September 30, 2021. Defendants decided not to pursue an appeal of the Court's decision. Defendants decided to voluntarily dismiss their timely appeal on November 2, 2021 and file a subsequent untimely appeal on April 13, 2022. The Court certifies that on these facts, it must find that instant appeal is frivolous, waived, and untimely. Chuman, 960 F.2d at 104.

## C.  The Court Cannot and Will Not Reopen Time to File an Appeal

Defendants request, in the alternative, that the Court reopen the time to file an appeal under Fed. R. App. P. 4(a)(6) must also be denied. "Rule 4(b)(6) was adopted to reduce the risk that the

1   right to appeal will be lost through a failure to receive notice." <u>Nunly</u>, 52 F.3d at 795. Here,

2   Defendants undisputedly received notice of the Court's September 30, 2021 Order.

3      Defendants' actions after September 30, 2021 establish that they were on notice of the

4   Court's decision. Against this factual background, Defendants argue that they were not on notice

5   because they were not served with the final transcript of the hearing, in the manner required by

6   Federal Rule of Procedure 77. As articulated in the prior subsections, this argument is unavailing

7   as the date triggering the appeals clock is September 30, 2021. Unlike the cases that Defendant

8   cites, involving minute orders that were deemed non-final, the Court's September 30, 2021 Order

9   does not state that the a subsequent order would follow or qualify its ruling in any way. <u>Compare</u>

10   <u>National Distribution Agency v. Nationwide Mut. Ins. Co.</u>, 117 F.3d 432, 433 (9th Cir. 1997)

11   (finding that an order was not final where it expressly stated that the district court may amend or

12   amplify its decision through a subsequent filing) and <u>Meyer v. Portfolio Recovery Associates,</u>

13   <u>LLC</u>, 707 F.3d 1036, 1041 (9th Cir. 2012) (applying Meyer to conclude that a minute order was

14   not final where the issuing judge stated that a written order would follow) <u>with</u> <u>Owens v. Dzurenda</u>,

15   2:19-cv-00126-RFB-BNW, 2022 U.S. Dist. LEXIS at *13 (Nev. Sep. 30, 2022) (finding that a

16   minute order summarizing the court's holding on the record at a hearing, when it contained no

17   qualifying language, was the underlying order subject to appeal rather than a hearing transcript).

18      In <u>Owens</u>, this Court recently explained that the process for requesting and ordering

19   transcripts in this District pursuant to the Local Rules does not contemplate the automatic filing of

20   any transcript on the docket, following any hearing except evidentiary hearings in death penalty

21   cases. In <u>Owens</u>, the defendants argued that "the window to file an appeal of that order began

22   thirty days from the docketing of the hearing transcript rather than the order itself." <u>Id</u>. This Court

23   disagreed, and summarized the transcript ordering process as follows:

24

25        "There is a process for ordering transcripts after a hearing in this
           jurisdiction, referenced in the Local Rules and detailed on this Court's

26        website. The Defendants argument is premised on the assumption that all
           such orders will necessarily have transcripts completed and filed. However,

27        there is no such requirement in the Federal Rules of Civil Procedure or the
           Local Rules of this District. . . .  [T]he process [for ordering transcripts]

28        would be redundant if the Local Rules required the filing of transcripts.

1
2
3
4
5
6
7
8

Transcripts are not loaded to the docket as a matter of course. Transcripts are only loaded to the docket if a party orders a transcript and requests delivery in that manner, or if a presiding judge, at her discretion, orders the transcript be loaded. The Local Rules state that transcripts of court proceedings are only provided to the parties if they order and pay for the transcripts; these fees are non-taxable. LR 54-3. The only type of hearing where the Court itself must order a transcript is an Evidentiary Hearing in a Death Penalty case. LSR 5-3 (emphasis added). The Court website has a section explaining how a party or counsel may order a transcript of a court proceeding. Ordering Transcripts - District of Nevada, https://www.nvd.uscourts.gov/case-information/ordering-transcripts (last visited September 30, 2022)." Id. at *13-14.

9
10
11
12
13
14
15
16
17
18

This case is like Owens in many ways: both concern prisoner's civil rights cases where government defendants attempt to justify the untimely filing of an appeal by incorrectly interpreting the filing of a hearing transcript to be the relevant docket entry that starts the 30-day window for filing an appeal.  The Court notes that such arguments ultimately overlook the ways the Rules of Civil Procedure and Appellate Procedure contemplate many of the scenarios likely to arise during litigation.  Normally, the losing party may file a protective appeal within thirty days of an underlying decision or order; if they are waiting on a transcript of a hearing, they can request an extension of time. Here, Defendants affirmatively chose to not prosecute their appeal of the same decision about which they now argue they lacked notice.

19
20
21
22
23
24
25
26
27
28

Defendants were on notice of (1) the denial of their motion for reconsideration and (2) the reasons provided by the Court for its decision.  First, based on Defendants presence at the hearing where the Court issued its decision on the record, Defendants were on notice of the Court's decision on the same day it was issued.  Second, Defendants decided to voluntarily dismiss any appeal of the Court's denial of the motion to reconsider on November 2, 2021, over a month before any transcript was filed to the docket.  Defense counsel's argument that it is date of entry of the final transcript, rather than the minute order, that starts the clock for filing a notice of appeal is especially unavailing in light of this fact. Third, while it may be that the current deputy attorney general assigned to this matter was not a participant of the September 28, 2021 hearing, such a fact is immaterial. If courts were to allow for a party's notice to vary based upon the particular individual counsel that appeared at a respective hearing, the notice requirements would cease to

function. Defendants are represented by the Attorney General's office, the same office that declined to appeal the underlying order and that received full notice of the Court's decision at the hearing.

The Court may not therefore reopen the time to file this appeal under Federal Rule of Appellate Procedure 4(a)(6), because Defendants were on notice of the Court's decision within 21 days of entry of the Court's September 28, 2021 order.

## V.      CONCLUSION

For the foregoing reasons, IT IS SO ORDERED THAT Plaintiff's motion is GRANTED and Defendants' motion is DENIED. The parties are directed to submit a joint pretrial order by January 6, 2023.

DATED: November 30, 2022.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**