LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

SHANNON CARTER,

                Plaintiff,

vs.

S. BEAN, BITAR, et al.,

                Defendants.

_____/

Case No.: 2:17-cv-01628-RFB-EJY

**<u>PRETRIAL ORDER</u>**

After pretrial proceedings in this case,

**IT IS ORDERED:**

**I.**    **This is an action for**

On September 28, 2018, Plaintiff SHANNON CARTER has filed an amended complaint alleging the following claims: (1) a violation of the Eighth Amendment's protection against cruel and unusual punishment against Defendants SHERRIE BEAN, a former Nevada Department of Corrections (NDOC) dental assistant (now an NDOC corrections officer), DR. PAUL BITAR, a former NDOC Dentist, NDOC Associate Warden JENNIFER NASH, and Former NDOC Warden BRIAN WILLIAMS (now an NDOC Deputy Director); (2) a Fourteenth Amendment Substantive Due Process claim against Officer SHERRIE BEAN, Dr. PAUL BITAR, Associate Warden JENNIFER NASH, Director BRIAN WILLIAMS, NDOC Nurse ALBERTO BUENCAMINO,  Former NDOC

1

Associate Warden JERRY HOWELL, and NDOC Director JAMES DZURENDA; and (3) a First Amendment retaliation claim against Officer SHERRIE BEAN and DR. PAUL BITAR.  Mr. Carter alleges that Defendants have failed to timely address his requests for dental treatment, the denial of which allegedly caused him extreme pain.

On September 26, 2019, the Court screened Carter's amended complaint (ECF No. 44) and allowed: (1) the Eighth Amendment claims to proceed against Defendants Officer Bean, Dr. Bitar, Associate Warden Nash, and Associate Director Williams; (2) the Substantive Due Process claims to proceed against Defendants Officer Bean, Dr. Bitar, Associate Warden Nash, Director Williams, Dr. Aranas, Nurse Buencaminio, Stewart, Mr. Howell, and Director Dzurenda; and (3) the First Amendment claim against Defendants Officer Bean and Dr. Bitar.   On October 8, 2019,  Defendants Director Dzurenda, Associate Warden Nash, Director Williams, Mr. Howell, Dr. Biter, Officer Bean and Nurse Buencamino answered (ECF No. 45) the amended complaint and denied all of Mr. Carter's material allegations as untrue.

Carter filed a motion for summary judgment on November 5, 2019 (ECF No. 49).  Answering Defendants filed a motion for summary judgment on July 30, 2020 (ECF No. 69).   In an order dated November 30, 2020 (ECF No. 87), the Court denied Carter's Motion for summary judgement. The Court granted Defendants' motion for summary judgment with respect to Plaintiff's Eighth Amendment claims against Defendants HOWELL, BUENCAMINO, STEWART, ARANAS, NASH, WILLIAMS, and DZURENDA. The Court denied Defendants' motion for summary with respect to the Eight Amendment and First Amendment claims against Defendants BEAN and BITAR.

Carter maintains that since Defendants' motion for summary judgment did not address the Fourteenth Amendment Substantive Due Process claim, that claim is alive.  Defendants maintain that even though motion for summary judgment did not expressly address Carter's Substantive Due Process claim, that claim is precluded against all Defendants, with the exception of Defendants Officer Bean and Bitar, based on this Court's grant of summary judgment on the Eighth Amendment claim. Defendants further maintain that this Court is obligated to sua sponte dismiss the substantive due process claims against all Defendants because such claims are encompassed by the Eighth Amendment and therefore are not actionable.

**II. Statement of jurisdiction**:

This action arises under 42 U.S.C. § 1983. This Court has jurisdiction of this action under federal law pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§1331 and 1343(3). The Court has personal jurisdiction over the Defendants, because the alleged incident described below occurred within this District. Venue is proper pursuant to 28 U.S.C. Section 1391 in the District of Nevada because the acts giving rise to the Plaintiff's claims occurred in this District.

**III. The following facts are admitted by the parties and require no proof:**

1.      At all relevant times, Plaintiff CARTER was incarcerated at the Nevada Department of Corrections (NDOC), High Desert State Prison (HDSP).

2.      On February 20, 2016, Plaintiff CARTER submitted a medical kite to obtain dental care.

3.      In March and April 2016, Plaintiff CARTER submitted four medical request form requesting dental care, and staff responded to each request indicating that an appointment was scheduled.

4.      An appointment for Plaintiff CARTER was scheduled for April 14, 2016, but the appointment was cancelled due to a lockdown of the prison.

5.      On April 21, 2016, Plaintiff CARTER was examined by Dr. Mangapit, a member of the High Desert State Prison ("HDSP") dental staff, and Dr. Mangapit determined that teeth #18, #19, and #31 had occlusal caries (decay on top of teeth), and CARTER was scheduled for fillings, and was prescribed ibuprofen, 200 mg.

6.      On May 10, 2016, Plaintiff CARTER submitted an informal grievance requesting to be seen by dental staff for his dental treatment.

7.      On June 7, 2016, CARTER's grievance was denied finding that dental notes indicated that Plaintiff needed fillings, he was on the dental list, and would be seen at the next available appointment.

8.      On June 16, 2016, Plaintiff CARTER was examined by Dr. Mangapit, was given anesthetic, received a filling in tooth #31, had (4) x-rays taken, and was scheduled to have another filling.

9.      On June 26, 2016, Plaintiff CARTER appealed the denial of his May 10th informal grievance to the first level, complaining that it should not take 147 days to complete his dental treatment.

10.     On July 26, 2016, BUENCAMINO denied the first level grievance finding that, based on the medical records, Plaintiff CARTER was evaluated, examined, given

4

the necessary treatment by the dentist, and x-rays were performed.  Plaintiff was advised to submit a kite and then he would be scheduled accordingly.

11.     On August 17, 2016, Plaintiff CARTER appealed his grievance to the second level, again complaining that his dental treatment had not been completed.

12.     On September 1, 2016, Plaintiff CARTER was examined Dr. Mangapit, was given anesthetic, and received a filling in tooth #19.

13.     An appointment to have Plaintiff CARTER's third cavity filed was scheduled for October 6, 2016, but the appointment was canceled due to an emergency recall.

14.     On November 16, 2016, Plaintiff's August 17th appeal to a second level was denied, finding Plaintiff CARTER had received dental treatment.  Plaintiff was advised to submit a kite about his dental complaint and service would be rendered appropriately.

15.     On December 8, 2016, Plaintiff CARTER filed a complaint in the Eighth Judicial District Court, Clark County Nevada, Case No. A-16-747779-C ("State Court Action") alleging that defendants violated his Eighth Amendment rights with respect to the dental treatment he had received.

16.     On January 6, 2017, Plaintiff CARTER submitted an inmate request form to the medical director indicating that he was filling a civil complaint on the alleged constitutional violation made by dental, and requested the names of "SB" and "CM" who signed kites and the names of the dental assistant and the dentist to inform the court of those names.

17.     On February 1, 2017, Plaintiff CARTER presented himself to the HDSP dental department when Defendants Dr. BITAR and BEAN were present.

18.     On February 22, 2017, Plaintiff CARTER filed an amended complaint in the State Court action asserting an Eighth Amendment violation against Dr. Mangapit and Defendant BEAN based on the alleged delay dental treatment.

19.     On April 18, 2017, Plaintiff CARTER submitted an informal grievance alleging retaliation, on or about February 1, 2017, by refusing to treat his infected tooth.

20.     On April 18, 2017, the April 18, 2017 informal grievance was returned as an untimely submission.

21.     On August 28, 2019, Plaintiff CARTER voluntarily dismissed his State Court Action, and his amended complaint was dismissed with prejudice.

**IV.  The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

1.     On October 10, 2018, the Court held a hearing and ordered that counsel for the Defendants make the arrangements to have the plaintiff evaluated by a dental professional to address the dental issues that plaintiff has to be addressed within a two-week time frame.  Defendants contest the admissibility of this fact.

2.     On October 17, 2018, Carter's tooth #18 was extracted.  Defendants contest the admissibility of this fact.

**V. The following are the issues of fact to be tried and determined at trial:**

a.     **Plaintiff's Issues of Fact to be Tried and Determined Upon Trial**

1.     Whether the Defendants acted under color of state law.

6

2.      Whether CARTER faced a substantial risk of serious harm.

3.      Whether Defendants BITAR and BEAN were deliberately indifferent to CARTER'S risk of serious harm, that is, Defendants BITAR and BEAN knew of that risk of serious harm and failed to take reasonable measures to address it.

4.      Whether Defendants' failure to act caused serious harm to CARTER.

5.      Whether BEAN, BITAR, NASH, WILLIAMS, BUENCAMINO, HOWELL, and DZURENDA made an intentional decision regarding the denial of needed dental care.

6.      Whether the denial of needed dental care by BEAN, BITAR, NASH, WILLIAMS, BUENCAMINO, HOWELL, and DZURENDA put CARTER at substantial risk of suffering serious harm.

7.      Whether BEAN, BITAR, NASH, WILLIAMS, BUENCAMINO, HOWELL, and DZURENDA did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequence of the Defendants' conduct obvious.

8.      Whether by not taking such measures, the BEAN, BITAR, NASH, WILLIAMS, BUENCAMINO, HOWELL, and DZURENDA caused Mr. Carter's injuries.

9.      Whether Defendants BITAR's and BEAN's actions in refusing dental treatment would chill a person of ordinary firmness from continuing to engage in the protected activity under the First Amendment.

10.     Whether Mr. Carter's protected activity was a substantial or motivating factor in the conduct of Defendants BITAR and BEAN.

**b.**     **Defendants' Issues of Fact to be Tried and Determined Upon Trial**

1.     Whether Plaintiff CARTER exhausted his administrative remedies with respect to his claims against Defendants.

2.     Whether Plaintiff CARTER informed Defendants Dr. BITAR and BEAN on February 1, 2017, that the only reason for his visit to the dental department was to secure names to be used in a lawsuit and that he did not have any current dental treatment needs.

3.     Whether Defendants Dr. BITAR or BEAN were aware on February 1, 2017, that Plaintiff Carter had filed a lawsuit concerning his dental care, or the parties to be named to the lawsuit.

4.     Whether Defendants Dr. BITAR and BEAN took an adverse action against Plaintiff CARTER on February 1, 2017.

5.     Whether the actions taken by Defendants Dr. BITAR and BEAN would chill an inmate's exercise of his First Amendment Rights.

6.     Whether the actions taken by Defendants Dr. BITAR and BEAN served a legitimate correctional goal.

7.     Whether Plaintiff Carter was required to submit a medical request for a new dental appointment when a previous appointment had been canceled, before a new appointment would be scheduled.

8.     Whether Plaintiff Carter objectively suffered a serious medical need with respect to his dental care on February 1, 2017.

9.     Whether Defendants subjectively knew of and disregarded an excessive risk to Plaintiff CARTER's health on February 1, 2017.

8

10.     Whether non-dentist Defendants had any ability to determine the dental treatment to be provided to Plaintiff CARTER.

11.     Whether Defendants had any involvement in Plaintiff Carter's dental treatment.

12,     Whether non-dentist Defendants had the ability to determine whether Plaintiff CARTER suffered from a serious medical need or what the best course of treatment for his dental needs would be.

13.     Whether non-dentist Defendants relied upon dentists to determine the appropriate dental care.

14.     Whether Plaintiff CARTER suffered any damages as a result of Defendants' actions.

**VI.  The following are the issues of law to be tried and determined at trial.**

**(a)  Plaintiff's Statement of Issue of Law to be tried and determined at trial:**

1.     Whether Defendants BEAN, BITAR, NASH, WILLIAMS, BUENCAMINO, HOWELL, and DZURENDA, as state officials in their individual capacities violated CARTER's Constitutional rights  by delaying and denying Mr. Carter's repeated requests for dental care.  42 U.S.C. § 1983 provides that any person or person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

2.     Whether Defendants BITAR and BEAN violated Mr. Carter's rights under the Eighth Amendment to medical care for a serious medical need by deliberate

indifference to his dental needs by unreasonable delay in treating CARTER's dental needs and when they refused to provide needed dental care at Mr. Carter's February 1, 2017 appointment.  Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments," including the right to timely dental care.  "Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  At the close of evidence the Plaintiff intends to move under Rule 50 for judgment as a matter of law.

3.    Whether Defendants BEAN, BITAR, NASH, WILLIAMS, BUENCAMINO, HOWELL, and DZURENDA violated Mr. Carter's substantive due process rights under the Fourteenth Amendment for failure to provide needed dental care despite his serious need for care in a manner that was objectively unreasonable.  At the close of evidence the Plaintiff intends to move under Rule 50 for judgment as a matter of law.

4.    Whether Defendants BITAR and BEAN violated Mr. Carter's rights under the First Amendment when they refused to treat Mr. Carter at his February 1, 2017 appointment in retaliation for Mr. Carter filing a lawsuit in state court.  At the close of evidence the Plaintiff intends to move under Rule 50 for judgment as a matter of law.

**(b) Defendants' Statement of Issues of Law to be tried and determined at trial:**

1.    Whether Plaintiff CARTER's substantive due process claims challenging the lack of adequate medical care should be dismissed because these claims are encompassed by the Eighth Amendment which provides explicit protection against inadequate medical care.

2.      Whether dismissal of the State Action with prejudice precludes claims for violation of the Eighth Amendment in this action which occurred before the filing of the amended Complaint in the state action.

3.      Whether Plaintiff CARTER's substantive due process claims are precluded against all Defendants, with the exception of Defendants Dr. BITAR and BEAN, based on this Court grant of summary judgment on the Eighth Amendment claims in favor of those Defendants.

4.      Whether Plaintiff CARTER has met his burden of proof on the each of the following elements, for each individual Defendant, required to establish a violation of Eighth Amendment: (1) that Plaintiff CARTER suffered from an objectively serious medical need: (2) that each individual Defendant subjectively knew of and disregarded an excessive risk to Plaintiff CARTER's health; and (3) that each individual defendant's actions were both the actual and proximate cause of Plaintiff CARTER'S injuries.

5.      Whether Plaintiff CARTER has met his burden of proof on the each of the following elements, for each individual Defendant, required to establish a claim of retaliation under the First Amendment: (1) that each individual Defendant took some adverse action against Plaintiff CARTER (2) because of (3) that his protected conduct, and that such action (4) chilled the Plaintiff CARTER'S exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

6.      Whether Plaintiff CARTER has met his burden of proof on the each of the following elements, for each individual Defendant, required to establish a substantive due process violation: (1) that Plaintiff CARTER suffered from an objectively serious medical need: (2) that each individual Defendant subjectively knew of and disregarded

11

an excessive risk to Plaintiff CARTER's health so as to shock the conscience; and (3) that each individual defendant's actions were both the actual and proximate cause of Plaintiff CARTER'S injuries.

7.    Whether Plaintiff CARTER has met his burden of proof on the each of the following elements, for each individual Defendant, required to overcome Defendants entitlement to qualified immunity: (1) that that Defendants violated Plaintiff Carter's constitutional right, and (2) that the right violated was 'clearly established' at the time of the challenged conduct,  in a particularized sense so that the contours of the right was  clear to a reasonable official.

**VII. Exhibits**

**a.    The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

**1.  Plaintiff's Exhibits**

1.    April 18, 2017, Nevada Department of Corrections Improper Grievance Memo.

2.    Dental Records of Shannon Carter.

**2.    Defendants' Exhibits**

1.    Inmate Request Form dated 1/6/17.

**b.    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

**i. Plaintiff's exhibits and objections to them:**

1.    Nevada Department of Corrections Human Resources Dental Assistant II Job Description.  Objection: Relevance.

2.      February 20, 2016, Medical kite submitted by Shannon Carter to Nevada Department of Corrections.   Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

3.      March 5, 2016, Inmate request form requesting dental treatment submitted by Shannon Carter. Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

4.      March 30, 2016, Inmate request form requesting dental treatment submitted by Shannon Carter.  Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

5.      April 8, 2016, Inmate request form requesting dental treatment submitted by Shannon Carter. Objection: Relevance; probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

6.      April 17, 2016, Inmate request form requesting dental treatment submitted by Shannon Carter.  Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

7.      April 30, 2016, Inmate request form requesting dental treatment submitted by Shannon Carter.  Objection: Relevance; Probative value outweighed by

prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

8.      May 2, 2016, Informal Grievance submitted by Shannon Carter alleging deliberate indifference to his serious medical need. Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

9.      June 10, 2016, Inmate Grievance Report denying informal grievance. Objection: Relevance.

10.     June 24, 2016, First Level Grievance submitted by Shannon Carter alleging Nevada Department of Corrections policy was deliberate and indifferent to his serious medical need.   Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

11.     July 27, 2016, Inmate Grievance Report denying first level grievance. Objection: Relevance. Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

12.     August 9, 2016, Second Level Grievance submitted by Shannon Carter requesting treatment for his serious medical needs. Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

13.     November 18, 2016, Inmate Grievance Report denying second level grievance.  Objection: Relevance.

14.     July 16, 2017, Inmate request form with respect to dental treatment submitted by Shannon Carter.  Objection: Relevance; Probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay, cannot be used to prove the truth of the matter asserted.

15.     Transcript of Proceedings from District Court, Clark County, NV, on July 11, 2017. Objection: Relevance; Hearsay.

16.     Medical Directive Number 434, Effective April 2015, Consent and Refusal of Treatment.  Objection: Relevance.

17.     Medical Directive Number 408: Procedures for Dental Services. Objection: Relevance.

18.     Blank Inmate Refusal Form.  Objection: Relevance.

19.     February 1, 2017 Affidavit of Service on Sherrie Bean in state Court matter Objection: Relevance; probative value outweighed by prejudicial effect under FRE 401 and 402; Hearsay.  .

**ii. Defendant's exhibits and objections to them.**

1.     Medical Kite dated 1/22/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

2.     Medical Kite dated 2/18/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

3.     Medical Kite dated 3/24/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

4.     Medical Kite dated 7/5/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

5.      Medical Kite dated 10/24/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

6.      Medical Kite dated 3/11/18.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

7.      Plaintiff CARTER's Grievance History. Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

8.      Inmate Request Form dated 1/12/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

9.      Inmate Request Form dated 1/22/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

10.     Inmate Request Form dated 2/22/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

11.     Inmate Request Form dated 3/14/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

12.     Inmate Request Form dated 3/30/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

13.     Inmate Request Form dated 4/1/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

14.     Inmate Request Form dated 4/13/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

15.     Inmate Request Form dated 6/4/17.   Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

16.     Inmate Request Form dated 6/14/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

17.     Inmate Request Form dated 6/15/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

18.     Inmate Request Form dated 7/25/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

19.     Inmate Request Form dated 7/26/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

20.     Inmate Request Form dated 7/29/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

21.     Inmate Request Form dated 8/6/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

22.     Inmate Request Form dated 8/9/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

23.     Inmate Request Form dated 9/1/18.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402.

24.     Plaintiff CARTER's Historical Bed Assignments. Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402,  not properly disclosed under FRCP 26.

25.     Plaintiff CARTER's Inmate Search report. Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26, inadmissible under FRE 609(b) and 404.

26. CARTER's Judgment of Conviction. Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26, inadmissible under FRE 609(b) and 404.

27. AR 631 – Dental Services.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26.

28. AR 740 – Inmate Grievance Procedure.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26.

29. AR 552 – Intra-Departmental Transfers. Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26.

30. State Court Complaint, Case No. A-16-747779-C.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26.

31. State Court Complaint, Case No. A-16-747779-C.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26.

32. State Court Notice of Entry of Order of Dismissal, Case No. A-16-747779-C.  Objection: Relevance, probative value outweighed by prejudicial effect under FRE 401 and 402, not properly disclosed under FRCP 26.

**(c) Electronic evidence:**

None.

**(d) Depositions:**

**i. Plaintiff will offer the following depositions:** Other than the potential use of deposition testimony for impeachment purposes, none.

**ii. Defendant will offer the following depositions:** Other than the potential use of deposition testimony for impeachment purposes, none

**(e) Objections to depositions:**

**i. Defendant objects to plaintiff's depositions as follows: None**

ii. **Plaintiff objects to defendant's depositions as follows: None**

**VIII. The following witnesses may be called by the parties at trial:**

**(a) Plaintiff's Lay Witnesses:**

1.      Shannon Carter – c/o Luke Andrew Busby, Ltd. 316 California Ave, Reno NV 89509 – Mr. Carter is the plaintiff in this matter and may testify as to his knowledge of the facts in this case, including but not limited to, the circumstances surrounding his requests for dental treatment, the refusal of NDOC and its employees and/or associates to provide that treatment and his pain, infected teeth, and bleeding gums as a result of the delay in medical treatment.

2.      Any witness named by the Defendants.

**Plaintiff's Expert Witnesses**

1.      None

**(b) Defendant's witnesses:**

1.      Officer Scherrie Bean – c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada

89101.  Officer Bean will testify as to her involvement in Plaintiff Carter's dental care as a former NDOC dental assistant and the practices and procedures for providing dental care to inmates

   2.      Dr. Paul Bitar – c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada 89101. Dr. Bean will testify as to his involvement in Plaintiff Carter's dental care and the practices and procedures for providing dental care to inmates.

   3.      NDOC Associate Warden Jennifer Nash, c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada 89101.  Associate Warden Nash will testify as to her lack of involvement in Plaintiff Carter's dental care and the practices and procedures for responding to grievances.

   4.      NDOC Deputy Director Brian Williams, c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada 89101.  Deputy Director Williams will testify as to his lack of involvement in Plaintiff Carter's dental care and the practices and procedures for responding to grievances.

   5.      Alberto Buencamino, c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada 89101. Nurse Buencamino  will testify as to his lack of involvement in Plaintiff Carter's dental care and the practices and procedures for responding to grievances

   6.      Former NDOC Warden Jerry Howell, c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900,

Las Vegas, Nevada 89101.  Mr. Howell will testify as to his lack of involvement in Plaintiff Carter's dental care and the practices and procedures for responding to grievances

7.      NDOC Director James Dzurenda, c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada 89101.  Mr. Howell will testify as to his lack of involvement in Plaintiff Carter's dental care and the practices and procedures for responding to grievances.

8.      Dr. Albert M. Castellan, DDS. c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada 89101.  Dr. Castellan, an NDOC Dentist, will testify as will testify as to his involvement in Plaintiff Carter's dental care and the practices and procedures for providing dental care to inmates.

9.      NDOC Custodian of Medical Records, c/o Chris Davis, Senior Deputy Attorney General, Office of the Attorney General, 555 E. Washington Ave, Ste 3900, Las Vegas, Nevada 89101.  The Custodian of Medical Records will testify as will testify with respect Plaintiff Carter's medical and dental records.

10.      Any witness named by Plaintiff.

**Defendants' Expert Witnesses**

1.      None

**IX. The attorneys or parties have met and jointly offer these three trial dates:**

*///*

1.      April 17-21, 2023;

2.      April 24-28, 2023;

3.      May 15-19, 2023.

**Plaintiff's Motions in Limine**

1. Motion to Exclude Shannon Carter's Criminal History

2. Motion to admit inmate request forms marked by the Plaintiff

3. Motion to admit medical kites marked by the Plaintiff.

**Defendants' Motions in Limine:**

1.      Motion to admit medical kites marked by Defendant.

2.      Motion to admit Inmate Request Forms marked by Defendants.

3.      Motion to admit Carter's  Inmate Search Report marked by Defendants.

4.      Motion to admit Carter's Judgment of Conviction marked by Defendants.

5.      Motion to admit State Court documents marked by Defendants.

6.      Motion to admit NDOC Administrative Regulations marked by Defendants.

///

///

///

///

///

///

///

///

**X.  It is estimated that the trial will take a total of 5 days:**

APPROVED AS TO FORM AND CONTENT:

**DATED** this: Friday, January 20, 2023

By_____/s/ Chris Davis_____
Chris Davis, Esq.
Deputy Attorney General – Public Safety Division
Office of the Nevada Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
P: 702-486-9252
*Attorneys for Defendants*

By:_____/s/ Luke Busby_____
Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

**XI. ACTION BY THE COURT**

This case is set for court/jury trial on the fixed/stacked calendar on

_____. Calendar call will be held

on_____.

DATED: _____

_____

UNITED STATES DISTRICT JUDGE or

UNITED STATES MAGISTRATE JUDGE