AARON D. FORD
  Attorney General
CHRIS DAVIS (Bar No. 6616)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-9252 (phone)
(702) 486-3773 (fax)
Email: cwdavis@ag.nv.gov

*Attorneys for Defendants*
*Scherrie Bean, Paul Bitar,*
*Alberto Buencamino, James Dzurenda,*
*Jerry Howell, Jennifer Nash, and*
*Brian Williams*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANNON CARTER, | Case No. 2:17-cv-01628-RFB-EJY |
| Plaintiff, | |
| v. | **MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS** |
| S. BEAN, BITAR, and J. NASH, *et al.*, | |
| Defendants. | |

Defendants Scherrie Bean, Paul Bitar, Alberto Buencamino, James Dzurenda, Jerry Howell, Jennifer Nash, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Chris Davis, Senior Deputy Attorney General, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(c), move to dismiss Count 2 of Plaintiff Shannon Carter's Amended Complaint (ECF No. 14) alleging a denial of substantive due process, or in the alternative for judgment on the pleadings with respect to that claim.

## I.     INTRODUCTION

As a matter of law, Carter cannot pursue substantive due process claims under the Fourteenth Amendment based on the alleged lack of dental and/or medical care because

inmates may only pursue such claims under the Eighth Amendment. As Defendants did not and could have violated Carter's substantive due process rights based on the alleged lack of dental and/or medical care, Defendants are entitled to qualified immunity from Carter's substantive due process claim.

Because Carter fails to state a substantive due process claim and is proceeding *in forma pauperis*, this Court must dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(c). Accordingly, this Court should grant Defendants' motion to dismiss, or in the alternative, for judgment on the pleadings.

## II. BACKGROUND

On June 9, 2017, Carter filed a complaint (ECF No. 5) against Defendant Officer Bean, Dr. Bitar, and Associate Warden Nash alleging claims based on the supposed lack of dental care. In an order (ECF No. 10) dated January 27, 2018, this Court granted Carter's application to proceed *in forma pauperis*.

After Carter filed an amended complaint (ECF No. 14), the Court screened the amended complaint on September 26, 2019, and allowed: (1) an Eighth Amendment claims to proceed against Defendants Officer Bean, Dr. Bitar, Associate Warden Nash, and Associate Director Williams based on a lack of dental and/or medical care; (2) a Substantive Due Process claims to proceed against Defendants Officer Bean, Dr. Bitar, Associate Warden Nash, Director Williams, Dr. Aranas, Nurse Buencaminio, Stewart, Mr. Howell, and Director Dzurenda based on a lack of dental and/or medical care; and (3) the First Amendment claim against Defendants Officer Bean and Dr. Bitar. *See* ECF No. 44.

On October 8, 2019, Defendants Director Dzurenda, Associate Warden Nash, Director Williams, Mr. Howell, Dr. Biter, Officer Bean and Nurse Buencamino answered (ECF No. 45) the amended complaint and denied all of Mr. Carter's material allegations as untrue. Stewart was never identified and therefore was never served. *See* ECF No. 59. Dr. Aranas was never served with the summons and amended complaint. *See* ECF No. 60.

Carter filed a motion for summary judgment on November 5, 2019. *See* ECF No. 49. Answering Defendants filed a motion for summary judgment on July 30, 2020. *See* ECF

No. 69. In an order dated November 30, 2020 (ECF No. 87), the Court denied Carter's Motion for summary judgement. The Court granted Defendants' motion for summary judgment with respect to Plaintiff's Eighth Amendment claims against Defendants Howell, Buencamino, Stewart, Aranas, Nash, Williams, and Dzurenda. The Court denied Defendants' motion for summary with respect to the Eight Amendment and First Amendment claims against Defendants Officer Bean and Dr. Bitar. Answering Defendants now seek to dismiss Carter's Fourteenth Amendment substantive due process claim because Carter cannot assert such a claim based on the supposed lack of dental and/or medical care because Carter may only pursue such claims under the Eighth Amendment.

### III. ANALYSIS

#### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added), Congress has mandated, when a plaintiff proceeds an in forma pauperis, "the court ***shall*** dismiss the case at ***any time*** if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), the Ninth Circuit, *en banc*, explained that this section of the Prisoner Litigation Reform Act ("PLRA") "not only permits but requires a district court to dismiss an *in forma pauperis complaint* that fails to state a claim." In *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), the Ninth Circuit held that the "language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore courts employ the same "standard to review" for dismissal under § 1915(e)(2)(B)(ii) as employed for "dismissals pursuant to 12(b)(6)."

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleading." In *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011), the Ninth Circuit held that "Rule 12(c) is functionally identical to Rule 12(b)(6) and that the same standard of review applies to motions brought under either."

. . .

Dismissal is appropriate under Rule 12(b)(6), and therefore under § 1915(e)(2)(B)(ii) and Rule 12(c), where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Courts are not required "to credit a complaint's conclusory statements without reference to its factual context," because "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, 686.

**B.  Carter's Complaint Has Not and Cannot State a Substantive Due Process Claim Based on Medical Care Provided in Prison**

In *Irby v. Johnson*, Case No. 22-35033, 2022 WL 17102351, at *1 (9th Cir. Nov. 22, 2022), the Ninth Circuit held that "to the extent that [a prisoner] alleged due process claims challenging the lack of adequate medical care, these claims are encompassed by his Eighth Amendment claims" and therefore are "properly dismissed." The court reasoned that a "generalized notion of substantive due process is unavailing where another amendment provides explicit protection against a particular sort of government action." *Id*. *citing Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (holding "[w]here a particular amendment provides an explicit textual source of constitutional protection' against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claim), overruled in part on

other grounds as recognized by *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007); *see also Calhoun v. Hargrove*, 312 F.3d 730, 735 (5th Cir. 2002) (holding that Fourteenth Amendment claim that prison officials "denied [inmate] due process by failing to adhere to his medical and work restrictions" was "really a restatement of his Eighth Amendment claim" and "claims that are covered by such specific constitutional provisions must be analyzed under the standard appropriate to that specific provision and not under the rubric of substantive due process"); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (same).

Carter alleges that Defendants violated his "due process right to receive adequate medical treatment and recommended care." ECF No. 14 at 11 at ¶ 82. Just as in *Irby*, Carter's alleged due process claim challenging the lack of adequate medical care is encompassed by the Eighth Amendment and therefore must be dismissed. Carter cannot proceed on a substantive due process claim because the Eight Amendment provides explicit protection against the lack of medical care. Accordingly, pursuant to § 1915(e)(2)(B)(ii) and Rule 12(c), this Court should dismiss Count 2 in Carter's amended complaint alleging that he was deprived of his due process right to receive adequate medical care.

### C.     Defendants Are Entitled to Qualified Immunity

Carter cannot meet his burden of establishing that a violation of a clearly established right under the Due Process Clause, which would overcome Defendants entitlement to qualified immunity. In *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), the United States Supreme Court held that "[q]ualified immunity shields . . . state officials from money damages unless a plaintiff . . . show[s] (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id*. at 743. In *Reichle v. Howards*, 566 U.S. 658, 664, (2012), the United States Supreme Court explained that to "be clearly established, a right must be sufficiently clear "that every 'reasonable official would have understood that what he is doing violates that right.'" The "right allegedly violated must be established,

not as a broad general proposition, but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." *Id*. at 665. "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. at 664. "This 'clearly established' standard protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials can reasonably anticipate when their conduct may give rise to liability for damages." *Id*.

Carter cannot establish a substantive due process claim based on his medical care while in prison because the Due Process Clause does not protect inmates from an alleged lack of adequate medical care. Accordingly, Carter cannot show that any Defendants violated his substantive rights under the Due Process Clause, much less a right that was clearly established. *See J. K. J. v. City of San Diego*, 42 F.4th 990, 999 (9th Cir. 2021) (holding "[u]nder both prongs, the plaintiff bears the burden of proof"); *see also Simmons v. G. Arnett*, 47 F.4th 927, 934–35 (9th Cir. 2022) (holding that to overcome qualified immunity, the "plaintiff bears the burden of proving that the right allegedly violated was clearly established at the time of the violation"). Accordingly, Carter's substantive due process claim alleging a lack of medical care is barred by qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion and dismiss Count 2 of Plaintiff's amended complaint alleging a denial of substantive due process based on his medical care while in prison.

DATED this 23rd day of January 2023.

AARON D. FORD
Attorney General

By: /s/ Chris Davis
CHRIS DAVIS (Bar No. 6616)
Senior Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on January 23, 2023, I electronically filed the foregoing **MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

LUKE A. BUSBY, ESQ
316 California Ave.
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com
*Attorney for Plaintiff*

/s/ Cathy Mackerl
An employee of the Office of the
Nevada Attorney General